## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MATTHEW CONNER, individually and as Independent Administrator of the Estate of CAITLIN B. CONNER, a minor, AMANDA CONNER, individually and as mother and next friend of LILY A. LAWRENCE, a minor, and DEBRA J. CONNER, <br><br>    Plaintiffs, <br><br> vs. <br><br> GENERAL MOTORS, LLC, GENERAL MOTORS COMPANY, CONTINENTAL AG and CONTINENTAL AUTOMOTIVE SYSTEMS US, INC., individually and as successor to SIEMENS AG, and SIEMENS AG individually, <br><br>    Defendants, | Case No. 2:19-cv-02181 <br><br> **JURY TRIAL DEMANDED** |

## NOTICE OF REMOVAL

Defendant Continental Automotive Systems, Inc. (improperly named and sued as "Continental Automotive Systems US, Inc., individually and as successor to Siemens AG") (hereinafter, "Continental Automotive") files this Notice of Removal of Civil Action No. 2019-L-000068, which is pending in the Circuit Court for the Sixth Judicial Circuit, Champaign County, Illinois, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of this Notice of Removal, Continental Automotive states as follows:

1.  On June 4, 2019, Plaintiffs filed a Complaint in the Circuit Court for the Sixth Judicial Circuit, Champaign County, Illinois, against a number of defendants including Continental Automotive, captioned *Matthew Conner, individually and as Independent Administrator of the Estate of Caitlin B. Conner, a minor, Amanda Conner, individually and as mother and next friend*

*of Lily A. Lawrence, a minor, and Debra J. Conner v. General Motors, LLC, General Motors Company, Continental AG and Continental Automotive Systems US, Inc., individually and as successor to Siemens AG, and Siemens AG individually,* Case No. 2019-L-000068. General Motors, LLC, General Motors Company, Continental AG and Continental Automotive, and Siemens AG are collectively referred to herein as "Defendants."

2. Plaintiffs' Complaint arises out of a multi-vehicle crash on or about June 8, 2017, on Interstate 57 southbound at or near Milepost 237. *See* Pls.' Compl., Counts I-XX, ¶ 17, attached as part of Exhibit A. Plaintiffs' Complaint alleges Plaintiff Debra J. Conner was operating a 2008 Chevrolet Cobalt, Vehicle Identification Number 1G1AL58F487225759 ("Chevy Cobalt"), with minor, Lily A. Lawrence, seated in the front passenger seat, and minor, Caitlin Conner, seated in the backseat. *See id.* Counts I-XX, ¶¶ 1, 15, 16. Plaintiffs allege a 2000 Jeep Grand Cherokee Laredo rear ended the Chevy Cobalt and "forced" the Chevy Cobalt "to be pushed into the back of a semi tractor trailer truck" *See id.,* Counts I-XX, ¶¶ 17, 19. As a result of the crash, and one or more allegedly "unreasonably dangerous conditions" in the Chevy Cobalt, Plaintiffs' Complaint alleges that the rear seat occupant, Caitlin Conner, died and Plaintiff Debra J. Conner and Lily A. Lawrence "sustained injuries of a personal, permanent and pecuniary nature." *See* Pls.' Compl., Counts I-XX, ¶ 22.

3. Plaintiffs' wrongful death and survival and personal injury product liability lawsuit asserts causes of action against Defendants for (a) Strict Liability; (b) Negligence; and (c) Family Expense Act because, *inter alia,* "the airbag system and related component parts . . . failed to activate and/or deploy" at the time of the "impact between the front of the Chevy Cobalt and the semi tractor trailer truck." *See generally* Pls.' Compl. & Counts I-XX, ¶ 20.

4.     Continental Automotive was served with a copy of Plaintiffs' Complaint and Summons on or about June 10, 2019, through its designated agent for service of process, CT Corporation System.

5.     Upon information and belief, Defendant General Motors, LLC was served with a copy of Plaintiffs' Complaint and Summons on or about June 13, 2019. General Motors, LLC consents to this Notice of Removal.

6.     Accordingly, all defendants that have been properly served and joined consent to removal of this action. *See* 28 U.S.C. § 1446(b)(2).

7.     To date, upon information and belief, Defendants Continental AG, Siemens AG, and General Motors Company have not been properly joined and served and therefore their consent is not required for removal.[1] 28 U.S.C. § 1441(b)(2); *Northern Illinois Gas Co. v. Airco Indus. Gases, A Division of Airco, Inc.*, 676 F.2d 270, 272 (7th Cir. 1982) ("As a general rule, all defendants must join in a removal petition in order to effect removal…[n]ominal parties, however, are disregarded for removal purposes and need not join in the petition.") *see also Benson v. Unilever U.S., Inc.*, 884 F. Supp. 2d 708, 713 (S.D. Ill. 2012) ("Valid removal requires consent of all defendants, unless they were not properly served at the time of removal.")

---

[1] It is unclear whether Plaintiffs intended to join Rural King and Steven Kruse as defendants. Even assuming arguendo they had, upon information and belief, Rural King and Kruse have not been served, and thus, have not been properly joined and served as defendants in this action. The citizenship of defendants who have not been properly served should not be considered for diversity jurisdiction purposes. 28 U.S.C. § 1441(b)(2); *In re Pradaxa (Dabigatran Etexilate) Products Liab. Litig.*, 2013 WL 656822, *4 (S.D. Ill. Feb. 22, 2013) ("The vast majority of courts considering these statutory requirements have concluded that, where diversity jurisdiction exists, the presence of an unserved forum defendant does not bar removal.")

## I.     The Court Has Diversity Jurisdiction Over This Lawsuit

8.      The Court has jurisdiction over this civil lawsuit.  That is because there is diversity of citizenship between the Parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a).

### A.     The Parties are Citizens of Different States

9.      Upon information and belief based on publicly available information, and at all times relevant to this action, Plaintiff Debra J. Conner has been a resident of Illinois and a citizen of the State of Illinois for purposes of this Court's jurisdiction.[2]

10.     Upon information and belief based on publicly available information, and at all times relevant to this action, Plaintiff Matthew Conner, Individually and as Independent Administrator of the Estate of Caitlin Conner, has been a resident of Illinois and a citizen of the State of Illinois for purposes of this Court's jurisdiction.  The citizenship for diversity purposes of a person suing as the legal representative of a decedent is the citizenship of the decedent. *See* 28 U.S.C. § 1332(c)(2); *see also Gustafson v. zumBrunnen*, 546 F.3d 398, 400 (7th Cir. 2004) ("the federal diversity statute treats the 'legal representative' of a decedent's estate (or the estate of an infant or an incompetent) as a citizen of the same state as the decedent. . .")

11.     Upon information and belief based on publicly available information, and at all times relevant to this action, Plaintiff Amanda Conner, Individually and as Mother and Next Friend of Lily A. Lawrence, has been a resident of Illinois and a citizen of the State of Illinois for purposes of this Court's jurisdiction. The citizenship for diversity purposes of a person suing as the legal representative of an infant or incompetent is the citizenship of the infant or incompetent. *See id*.

---

[2] Plaintiffs' Complaint does not contain any jurisdictional allegations as it relates to any of the Plaintiffs or Defendants.

12. Continental Automotive was at the time of the filing of this lawsuit, and still is incorporated in the State of Delaware with its principal place of business located at One Continental Drive, Auburn Hills, Michigan 48326. *CCC Information Services, Inc. v. American Salvage Pool Ass'n*, 230 F.3d 342, 346 (7th Cir. 2000) (for purposes of diversity jurisdiction, "a corporation is deemed a citizen of the State which it was incorporated and of the State where it has its principal place of business.")  *See* Declaration of Tammy L. Fanning (hereafter, "Fanning Decl.") ¶ 3, attached hereto as Exhibit B.

13. Continental AG was at the time of filing of this Action and still is a German stock company with its principal place of business in Hannover, Germany.  *See* Fanning Decl. ¶ 4.

14. Defendant General Motors, LLC was at the time of filing of the lawsuit and still is a limited liability company organized under the laws of the State of Delaware with its principal place of business in the State of Michigan. Accordingly, for purposes of the Court's diversity jurisdiction, General Motors LLC's citizenship is that of each of its members. *See Hukic v. Aurora Loan Services,* 588 F.3d 420, 427 (7th Cir. 2009). The only member of General Motors LLC is General Motors Holdings LLC. General Motors Holdings, LLC, also a Delaware limited liability company with its principal place of business in Michigan, owns 100% of General Motors LLC. The only member of General Motors Holdings LLC is General Motors Company. General Motors Company, a Delaware corporation with its principal place of business in Michigan, owns 100% of General Motors Holdings LLC.

15. Upon information and belief, Defendant Siemens AG was at the time of filing of this Action and still is, a German stock company and its principal place of business in Berlin, Germany.

16.     Because Plaintiffs are of different citizenship than all Defendants, there is diversity of citizenship in this action proper for removal pursuant to 28 U.S.C. § 1332(a)(1), (3)(diversity jurisdiction exists between "citizens of different States and in which citizens or subjects of a foreign state are additional parties").

      **B.**    **The Amount in Controversy Exceeds $75,000, Exclusive of Interests and Costs**

17.     The amount in controversy requirement under 28 U.S.C. § 1332(a) requires the matter in controversy to exceed the sum or value of $75,000, exclusive of interest and costs.

18.     In this case, Plaintiffs are seeking damages for the wrongful death and survival of as well as "sustained injuries of a personal and pecuniary nature" for the other Plaintiffs. *See generally* Pl.'s Compl. Courts routinely hold that when plaintiffs allege serious, permanent injuries and significant medical expenses, including wrongful death, it is obvious from the face of the complaint that the plaintiffs' damages exceed the jurisdictional amount. *McCoy by Webb v. General Motors Corp.*, 226 F. Supp. 2d 939, 931 (N.D. Ill. 2002); *see also In re Yasmin and Yaz (Drospirenone) Mktg, Sales Practices and Products Liab. Litig.*, 2012 WL 2135281, at *10 (S.D. Ill. June 12, 2012) ("Here, the damages are related to the product defect and product liability which lead to the decedent's alleged wrongful death. The Court is well satisfied that the alleged damages in this case are more than sufficient to meet the requisite amount for diversity jurisdiction.")

19.     In short, the amount in controversy requirement has been met in this case.

**II.     All Procedural Requirements for Removal are Met**

20.     The United States District Court for the Central District of Illinois is the appropriate venue for removal of Plaintiffs' state court action pursuant to 28 U.S.C. § 1441, which permits any civil action brought in any state court in which the district courts of the United States have original jurisdiction to be removed to the district court of the United States for the district and division embracing the place where the state court action is pending.

21.     Continental Automotive was served with a Summons and a copy of Plaintiff's Complaint on June 10, 2019. Copies of the Summons, Plaintiffs' Complaint, and all other process, pleadings and orders served on Continental are attached as part of Exhibit A.

22.     This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), as it was filed within thirty days after Continental was served with a copy of the initial pleading. *See Save-A-Life Foundation, Inc. v. Heimlich,* 601 F. Supp.2d 1005, 1010 (N.D. Ill. 2009).

23.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Continental Automotive in this action are attached as part of Exhibit A.

24.     Pursuant to 28 U.S.C. § 1446(d), prompt written notice of this Notice of Removal is being sent to Plaintiffs through their counsel and to the Clerk of Court for the Circuit Court of the Sixth Judicial Circuit of Champaign County, State of Illinois. A copy of the notice is attached hereto as Exhibit C.

25.     Continental Automotive submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiffs, without conceding that Plaintiffs have pled claims upon which relief can be granted, and without admitting that Plaintiffs are entitled to any monetary relief whatsoever (or that the damages he seeks may be properly sought.)

26.     Continental Automotive reserves the right to amend or supplement this Notice of Removal.

27.     WHEREFORE, Defendant Continental Automotive Systems, Inc. (improperly named and sued as "Continental Automotive Systems US, Inc., individually and as successor to Siemens AG") respectfully removes this action now pending in Illinois Circuit Court, Sixth Judicial Circuit, Champaign County, to the United States District Court for the Central District of Illinois.

Date: July 10, 2019

Respectfully submitted,

HUSCH BLACKWELL LLP

By: /s/ *Melissa Merlin*
Melissa M. Merlin, #6302227
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
Phone:  (314) 480-1500
Fax:  (314) 480-1505
E-mail:  melissa.merlin@huschblackwell.com

*Attorney for Defendant Continental Automotive Systems, Inc. (improperly named and sued as "Continental Automotive Systems US, Inc., individually and as successor to Siemens AG")*

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 10, 2019, the foregoing was served via regular mail, postage prepaid and a courtesy copy via e-mail upon the following:

Richard F. Burke, Jr.
Kristofer S. Riddle
Clifford Law Offices, P.C.
120 North LaSalle Street
Suite 3100
Chicago, IL 60602
rfb@cliffordlaw.com

*Attorneys for Plaintiffs*

                                                /s/ *Melissa Merlin*