E-FILED
Wednesday, 10 July, 2019  03:10:05 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT A

FILED
SIXTH JUDICIAL CIRCUIT
6/4/2019 3:58 PM
By: JH

*Katie M. Blackman*
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

CIRCUIT COURT OF ILLINOIS
SIXTH JUDICIAL CIRCUIT, CHAMPAIGN COUNTY

MATTHEW CONNER, individually )
and as Independent Administrator of )
the Estate of CAITLIN B. CONNER, )
a minor, AMANDA CONNER, individually )
and as mother and next friend of LILY )
A. LAWRENCE, a minor, and DEBRA J. )
CONNER, )
     )
         Plaintiffs, )
     )
v. )
     )   No. 2019L 000068
GENERAL MOTORS, LLC, GENERAL )
MOTORS COMPANY, CONTINENTAL AG and )
CONTINENTAL AUTOMOTIVE SYSTEMS US, )
INC., individually and as successor to SIEMENS )
AG, and SIEMENS AG individually, )
     )
     )
         Defendants. )   **Plaintiff Demands Trial by Jury**

## COMPLAINT AT LAW

### COUNT I

### DEBRA J. CONNER

### STRICT LIABILITY

### GENERAL MOTORS

Plaintiff, DEBRA J. CONNER, by and through her attorneys, CLIFFORD LAW

OFFICES, P.C., complaining of Defendant, GENERAL MOTORS, LLC and GENERAL

MOTORS COMPANY, (hereinafter collectively "GENERAL MOTORS"), states as follows:

1.     On and before June 8, 2017, Defendant, GENERAL MOTORS, was engaged in the

business of designing, manufacturing, engineering, testing, marketing, distributing and selling

motor vehicles, including a 2008 Chevrolet Cobalt, and its component parts, owned by Plaintiff,

DEBRA J. CONNER and bearing vehicle identification number 1G1AL58F487225759.

2.      On and before June 8, 2017, Defendant, GENERAL MOTORS, engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling motor vehicles in and throughout Champaign County and Cook County, Illinois.

3.      Prior to June 8, 2017, the aforesaid 2008 Chevrolet Cobalt, and its component parts, including its airbag system and crash sensing devices, were designed, manufactured, engineered, tested, marketed, distributed and sold by Defendant, GENERAL MOTORS.

4.      On and before June 8, 2017, Defendant, GENERAL MOTORS, had a duty to ensure that the aforesaid 2008 Chevrolet Cobalt, and its component parts, were not designed, manufactured, engineered, tested, marketed, distributed and sold so as to be in an unreasonably dangerous condition.

5.      On and before June 8, 2017, Interstate 57 generally ran in north and south directions through Champaign County Illinois.

6.      On and before June 8, 2017, Defendant RURAL KING was a retail farm and home supply business and regularly conducted business in and throughout Champaign County, Illinois.

7.      On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee and/or agent of RURAL KING.

8.      One June 8, 2017, Defendant KRUSE owned, operated, managed, maintained and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

9.      On and before June 8, 2017, Defendant RURAL KING had provided an electronic

2

communication device, commonly known as a cellphone to its employee and/or agent, Defendant
STEVEN R. KRUSE.

10.     On June 8, 2017, Defendant KRUSE had his RURAL KING provided cellphone
with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of
Milepost 237.

11.     On June 8, 2017, another employee and/or agent of RURAL KING contacted
Defendant KRUSE by sending him a cellphone text message concerning the business of RURAL
KING.

12.     On June 8, 2017, the incoming text message from a RURAL KING employee
and/or agent caused Defendant KRUSE to divert his attention from the roadway and traffic in
front of him as he obtained his cellphone to determine the identity of the sender and to read the
text message.

13.     On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and
vehicles in front of him so as to obtain his cellphone and read the text message communication
from another RURAL KING employee, Defendant KRUSE continued to drive his motor vehicle
in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

14.     On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008
Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles
north of Milepost 237.

15.     On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a
passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER
on southbound Interstate 57 at the aforesaid location.

3

16.     On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

17.     On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA CONNER, as both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

18.     On June 8, 2017, at the aforesaid location, while using his RURAL KING provided cellphone to read an incoming text message communication sent by a RURAL KING employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

19.     On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

20.     At the time and place aforesaid, the airbag and related component parts, in the aforementioned 2008 Chevrolet Cobalt, failed to activate and/or deploy at the time of the aforesaid impact between the front of the Chevrolet Cobalt and the semi tractor trailer truck.

21.     On June 8, 2017, and at the time the aforementioned 2008 Chevrolet Cobalt left the control of Defendant, GENERAL MOTORS, this vehicle and its related component parts were in an unreasonably dangerous condition in one or more of the following respects since Defendant:

        a.     designed, manufactured, distributed, sold and provided the 2008 Chevrolet Cobalt with an airbag and related crash protection system that were unsafe, unsuitable and dangerous for use on said Cobalt;

4

b.  designed, manufactured, distributed and sold the 2008 Chevrolet Cobalt with inadequate and unsafe standards of crash-worthiness, and without taking proper and sufficient precautions to ensure sufficient and accurate deployment of airbags;

c.  failed to provide purchasers with adequate, sufficient, accurate and proper warnings and information concerning the unsafe and dangerous conditions of the 2008 Chevrolet Cobalt;

d.  failed to properly test, monitor and inspect the condition of the 2008 Chevrolet Cobalt airbag and/or crash protection system to ensure that it was safe, suitable, and appropriate for use on the roadway;

e.  failed to equip the Chevrolet Cobalt with a safe passenger compartment;

f.  designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt without complying with Defendant, GENERAL MOTOR's own internal guidelines and standards for design and testing of vehicles, airbags, and crash protection systems;

g.  Defendant, GENERAL MOTORS, failed to implement design changes that GENERAL MOTOR'S own engineers knew were necessary to render the 2008 Chevrolet Cobalt safe for use during foreseeable operating conditions;

h.  Defendant failed to modify the design of the airbag and crash protection system in the 2008 Chevrolet Cobalt after Defendants knew or should have known of the dangerous conditions inherent in the design;

i.  Defendant failed to issue proper warnings, reminders and instructions for owners and passengers of 2008 Chevrolet Cobalt vehicles as to the operation of the airbag and crash protection system, after Defendants knew or should have known of the dangerous and unsafe design of their airbag and crash protection system;

j.  Defendant failed to properly notify, warn and instruct occupants of the 2008 Chevrolet Cobalt vehicle on the inadequate airbag protection provided to drivers during foreseeable vehicle maneuvers, including front end collisions;

k.  Defendant equipped the 2008 Chevrolet Cobalt with an airbag and crash protection system that had a design, including activation and deployment sensors and devices, that provided completely inadequate crash protection to an occupant;

l.    Defendant failed to properly test the airbag and crash protection system under foreseeable operating conditions, including front and rear end collisions;

m.   Failed to equip its vehicle with a proper, safe and functioning crash sensing system;

n.    Equipped its Chevrolet Cobalt with a faulty ignition system that caused loss of power to crash sensing devices during foreseeable collision events;

o.    Failed to ensure that its frontal airbags would activate and deploy even after the Chevrolet Cobalt experienced a rear end collision event;

p.    Equipped its vehicle with a crash sensing system that did not function properly after the Chevrolet Cobalt experienced a rear end collision event;

q.    Failed to ensure that the crash sensing device and airbag system in its Chevrolet Cobalt would function properly under all foreseeable crash scenarios;

r.    Failed to equip its Chevrolet Cobalt with a proper restraint system, seat belts and seat belt pretensioners so as to protect all vehicle occupants;

s.    Failed to equip its Chevrolet Cobalt with a restraint system, seat belts and seat belt pretensioners that would function properly during all foreseeable crash scenarios, and in the event of a loss of vehicle power during a crash; and,

t.    was otherwise unreasonably dangerous.

22.   As a proximate result of one or more of the aforementioned unreasonably dangerous conditions, DEBRA J. CONNER, sustained injuries of a personal, permanent and pecuniary nature.

WHEREFORE, Plaintiff, DEBRA J. CONNER, demands judgment against Defendant, GENERAL MOTORS, LLC and GENERAL MOTORS COMPANY, and each of them, in an amount in excess of the jurisdictional limits of the Circuit Court of Champaign County.

6

## COUNT II

## DEBRA J. CONNER

## NEGLIGENCE

## GENERAL MOTORS

Plaintiff, DEBRA J. CONNER, complaining of Defendant, GENERAL MOTORS, LLC and GENERAL MOTORS COMPANY, (hereinafter collectively, "GENERAL MOTORS"), states as follows:

1.    On and before June 8, 2017, Defendant, GENERAL MOTORS, was engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling motor vehicles, including a 2008 Chevrolet Cobalt, and its component parts, owned by Plaintiff, DEBRA J. CONNER and bearing vehicle identification number 1G1AL58F487225759.

2.    On and before June 8, 2017, Defendant, GENERAL MOTORS, engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling motor vehicles in and throughout Champaign County and Cook County, Illinois.

3.    Prior to June 8, 2017, the aforesaid 2008 Chevrolet Cobalt, and its component parts, including its airbag system and crash sensing devices, were designed, manufactured, engineered, tested, marketed, distributed and sold by Defendant, GENERAL MOTORS.

4.    On and before June 8, 2017, Defendant, GENERAL MOTORS, had a duty to to exercise ordinary care to ensure that the aforesaid 2008 Chevrolet Cobalt, and its component parts, were not designed, manufactured, engineered, tested, marketed, distributed and sold so as to be in an unsafe condition.

7

5.     On and before June 8, 2017, Interstate 57 generally ran in north and south directions through Champaign County Illinois.

6.     On and before June 8, 2017, Defendant RURAL KING was a retail farm and home supply business and regularly conducted business in and throughout Champaign County, Illinois.

7.     On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee and/or agent of RURAL KING.

8.      One June 8, 2017, Defendant KRUSE owned, operated, managed, maintained and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

9.     On and before June 8, 2017, Defendant RURAL KING had provided an electronic communication device, commonly known as a cellphone to its employee and/or agent, Defendant STEVEN R. KRUSE.

10.    On June 8, 2017, Defendant KRUSE had his RURAL KING provided cellphone with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of Milepost 237.

11.    On June 8, 2017, another employee and/or agent of RURAL KING contacted Defendant KRUSE by sending him a cellphone text message concerning the business of RURAL KING.

12.    On June 8, 2017, the incoming text message from a RURAL KING employee and/or agent caused Defendant KRUSE to divert his attention from the roadway and traffic in front of him as he obtained his cellphone to determine the identity of the sender and to read the

8

text message.

13.    On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and vehicles in front of him so as to obtain his cellphone and read the text message communication from another RURAL KING employee, Defendant KRUSE continued to drive his motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

14.    On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008 Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

15.    On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

16.    On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

17.    On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA CONNER, as both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

18.    On June 8, 2017, at the aforesaid location, while using his RURAL KING provided cellphone to read an incoming text message communication sent by a RURAL KING employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

19.     On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff

DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's

Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

20.     At the time and place aforesaid, the airbag and related component parts, in the

aforementioned 2008 Chevrolet Cobalt, failed to activate and/or deploy.

21.     On and before June 8, 2017, Defendant General Motors was negligent in one or

more of the following respects since General Motors:

        a.     designed, manufactured, distributed, sold and provided the 2008 Chevrolet
Cobalt with an airbag and related crash protection system that were unsafe,
unsuitable and dangerous for use on said Cobalt;

        b.     designed, manufactured, distributed and sold the 2008 Chevrolet Cobalt
with inadequate and unsafe standards of crash-worthiness, and without
taking proper and sufficient precautions to ensure sufficient and accurate
deployment of airbags;

        c.     failed to provide purchasers with adequate, sufficient, accurate and proper
warnings and information concerning the unsafe, unstable, and dangerous
conditions of the 2008 Chevrolet Cobalt;

        d.     failed to properly test, monitor and inspect the condition of the 2008
Chevrolet Cobalt airbag and/or crash protection system to ensure that it was
safe, suitable, and appropriate for use on the roadway;

        e.     designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt
without conducting limits testing;

        f.     designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt
without complying with Defendant, GENERAL MOTOR's own internal
guidelines and standards for design and testing of vehicles, airbags, and
crash protection systems;

        g.     Defendant, GENERAL MOTORS, failed to implement design changes that
GENERAL MOTOR'S own engineers knew were necessary to render the
2008 Chevrolet Cobalt safe for use during foreseeable operating conditions;

        h.     Defendant failed to modify the design of the airbag and crash protection

system in the 2008 Chevrolet Cobalt after Defendants knew or should have
known of the dangerous conditions inherent in the design;

i.    Defendant failed to issue proper warnings, reminders and instructions for
      owners and passengers of 2008 Chevrolet Cobalt vehicles as to the
      operation of the airbag and crash protection system, after Defendants knew
      or should have known of the dangerous and unsafe design of their airbag
      and crash protection system;

j.    Defendant failed to properly notify, warn and instruct occupants of the 2008
      Chevrolet Cobalt vehicle on the inadequate airbag protection provided to
      drivers during foreseeable vehicle maneuvers, including front end
      collisions;

k.    Defendant equipped the 2008 Chevrolet Cobalt with an airbag and crash
      protection system that had a design, including activation and deployment
      sensors and devices, that provided completely inadequate crash protection
      to an occupant;

l.    Defendant failed to properly test the airbag and crash protection system
      under foreseeable operating conditions, including front end collisions;

m.    Failed to equip its vehicle with a proper, safe and functioning crash
      sensing system;

n.    Equipped its Chevrolet Cobalt with a faulty ignition system that caused loss
      of power to crash sensing devices during foreseeable collision events;

o.    Failed to ensure that its frontal airbags would activate and deploy even after
      the Chevrolet Cobalt experienced a rear end collision event;

p.    Equipped its vehicle with a crash sensing system that did not function
      properly after the Chevrolet Cobalt experienced a rear end collision
      event;

q.    Failed to ensure that the crash sensing device and airbag system in its
      Chevrolet would function properly under all foreseeable crash scenarios;

r.    Failed to equip its Chevrolet Cobalt with a proper restraint system, seat
      belts and seat belt pretensioners so as to protect all vehicle occupant;

s.    Failed to equip its Chevrolet Cobalt with a restraint system, seat belts and
      seat belt pretensioners that would function properly during all foreseeable
      crash scenarios, and in the event of a loss of vehicle power during a crash;

11

and,

t.      was otherwise negligent.

22.     As a proximate result of one or more of the aforesaid negligent acts and/or omissions, Plaintiff Debra J. Conner sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, DEBRA J. CONNER, demands judgment against Defendant, GENERAL MOTORS, LLC and GENERAL MOTORS COMPANY, in an amount in excess of the jurisdictional limits of the Circuit Court of Champaign County.

**COUNT III**

**LILY A. LAWRENCE, a minor**

**STRICT LIABILITY**

**GENERAL MOTORS**

Plaintiff, AMANDA CONNER, mother and next friend of LILY A. LAWRENCE, a minor, by and through her attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendant GENERAL MOTORS, LLC and GENERAL MOTORS COMPANY, (hereinafter collectively, "GENERAL MOTORS"), states as follows:

1.      On and before June 8, 2017, Defendant, GENERAL MOTORS, was engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling motor vehicles, including a 2008 Chevrolet Cobalt, and its component parts, owned by Plaintiff, DEBRA J. CONNER and bearing vehicle identification number 1G1AL58F487225759.

2.      On and before June 8, 2017, Defendant, GENERAL MOTORS, engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling motor vehicles in and throughout Champaign County and Cook County, Illinois.

3.      Prior to June 8, 2017, the aforesaid 2008 Chevrolet Cobalt, and its component parts, including its airbag system and crash sensing devices, were designed, manufactured, engineered, tested, marketed, distributed and sold by Defendant, GENERAL MOTORS.

4.      On and before June 8, 2017, Defendant, GENERAL MOTORS, had a duty to ensure that the aforesaid 2008 Chevrolet Cobalt, and its component parts, were not designed, manufactured, engineered, tested, marketed, distributed and sold so as to be in an unreasonably dangerous condition.

5.      On and before June 8, 2017, Interstate 57 generally ran in north and south directions through Champaign County Illinois.

6.      On and before June 8, 2017, Defendant RURAL KING was a retail farm and home supply business and regularly conducted business in and throughout Champaign County, Illinois.

7.      On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee and/or agent of RURAL KING.

8.      One June 8, 2017, Defendant KRUSE owned, operated, managed, maintained and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

9.      On and before June 8, 2017, Defendant RURAL KING had provided an electronic communication device, commonly known as a cellphone to its employee and/or agent, Defendant STEVEN R. KRUSE.

10.     On June 8, 2017, Defendant KRUSE had his RURAL KING provided cellphone with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of

13

Milepost 237.

11.     On June 8, 2017, another employee and/or agent of RURAL KING contacted

Defendant KRUSE by sending him a cellphone text message concerning the business of RURAL

KING.

12.     On June 8, 2017, the incoming text message from a RURAL KING employee

and/or agent caused Defendant KRUSE to divert his attention from the roadway and traffic in

front of him as he obtained his cellphone to determine the identity of the sender and to read the

text message.

13.     On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and

vehicles in front of him so as to obtain his cellphone and read the text message communication

from another RURAL KING employee, Defendant KRUSE continued to drive his motor vehicle

in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

14.     On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008

Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles

north of Milepost 237.

15.     On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a

passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER

on southbound Interstate 57 at the aforesaid location.

16.     On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the

front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on

southbound Interstate 57 at the aforesaid location.

17.     On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo

motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA CONNER, as both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

18.     On June 8, 2017, at the aforesaid location, while using his RURAL KING provided cellphone to read an incoming text message communication sent by a RURAL KING employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

19.     On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

20.     At the time and place aforesaid, the airbag and related component parts, in the aforementioned 2008 Chevrolet Cobalt, failed to activate and/or deploy.

21.     On June 8, 2017, and at the time the aforementioned 2008 Chevrolet Cobalt left the control of Defendant, GENERAL MOTORS, this vehicle and its related component parts were in an unreasonably dangerous condition in one or more of the following respects since Defendant:

    a.    designed, manufactured, distributed, sold and provided the 2008 Chevrolet Cobalt with an airbag and related crash protection system that were unsafe, unsuitable and dangerous for use on said Cobalt;

    b.    designed, manufactured, distributed and sold the 2008 Chevrolet Cobalt with inadequate and unsafe standards of crash-worthiness, and without taking proper and sufficient precautions to ensure sufficient and accurate deployment of airbags;

    c.    failed to provide purchasers with adequate, sufficient, accurate and proper warnings and information concerning the unsafe, unstable, and dangerous conditions of the 2008 Chevrolet Cobalt;

    d.    failed to properly test, monitor and inspect the condition of the 2008

15

Chevrolet Cobalt airbag and/or crash protection system to ensure that it was safe, suitable, and appropriate for use on the roadway;

e.  designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt without conducting limits testing;

f.  designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt without complying with Defendant, GENERAL MOTOR's own internal guidelines and standards for design and testing of vehicles, airbags, and crash protection systems;

g.  Defendant, GENERAL MOTORS, failed to implement design changes that GENERAL MOTOR'S own engineers knew were necessary to render the 2008 Chevrolet Cobalt safe for use during foreseeable operating conditions;

h.  Defendant failed to modify the design of the airbag and crash protection system in the 2008 Chevrolet Cobalt after Defendants knew or should have known of the dangerous conditions inherent in the design;

i.  Defendant failed to issue proper warnings, reminders and instructions for owners and passengers of 2008 Chevrolet Cobalt vehicles as to the operation of the airbag and crash protection system, after Defendants knew or should have known of the dangerous and unsafe design of their airbag and crash protection system;

j.  Defendant failed to properly notify, warn and instruct occupants of the 2008 Chevrolet Cobalt vehicle on the inadequate airbag protection provided to drivers during foreseeable vehicle maneuvers, including front end collisions;

k.  Defendant equipped the 2008 Chevrolet Cobalt with an airbag and crash protection system that had a design, including activation and deployment sensors and devices, that provided completely inadequate crash protection to an occupant;

l.  Defendant failed to properly test the airbag and crash protection system under foreseeable operating conditions, including front end collisions;

m.  Failed to equip its vehicle with a proper, safe and functioning crash sensing system;

n.  Equipped its Chevrolet Cobalt with a faulty ignition system that caused loss of power to crash sensing devices during foreseeable collision events;

16

o.    Failed to ensure that its frontal airbags would activate and deploy even after the Chevrolet Cobalt experienced a rear end collision event;

p.    Equipped its vehicle with a crash sensing system that did not function properly after the Chevrolet Cobalt experienced a rear end collision event;

q.    Failed to ensure that the crash sensing device and airbag system in its Chevrolet would function properly under all foreseeable crash scenarios;

r.    Failed to equip its Chevrolet Cobalt with a proper restraint system, seat belts and seat belt pretensioners so as to protect all vehicle occupant;

s.    Failed to equip its Chevrolet Cobalt with a restraint system, seat belts and seat belt pretensioners that would function properly during all foreseeable crash scenarios, and in the event of a loss of vehicle power during a crash; and,

t.    was otherwise unreasonably dangerous.

22.    As a proximate result of one or more of the aforementioned unreasonably dangerous conditions, LILY A. LAWRENCE, a minor, sustained injuries of a personal, permanent and pecuniary nature.

WHEREFORE, Plaintiff, AMANDA CONNER, mother and next friend of LILY A. LAWRENCE, a minor, demands judgment against Defendant, GENERAL MOTORS, LLC and GENERAL MOTORS COMPANY, in an amount in excess of the jurisdictional limits of the Circuit Court of Champaign County, Illinois.


**COUNT IV**

**LILY A. LAWRENCE**

**NEGLIGENCE**

**GENERAL MOTORS**

17

Plaintiff, AMANDA CONNER, as mother and next friend of LILY A. LAWRENCE, a minor, by and through her attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendant, GENERAL MOTORS, LLC and GENERAL MOTORS COMPANY, (hereinafter collectively, "GENERAL MOTORS"), states as follows:

1.     On and before June 8, 2017, Defendant, GENERAL MOTORS, was engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling motor vehicles, including a 2008 Chevrolet Cobalt, and its component parts, owned by Plaintiff, DEBRA J. CONNER and bearing vehicle identification number 1G1AL58F487225759.

2.     On and before June 8, 2017, Defendant, GENERAL MOTORS, engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling motor vehicles in and throughout Champaign County and Cook County, Illinois.

3.     Prior to June 8, 2017, the aforesaid 2008 Chevrolet Cobalt, and its component parts, including its airbag system and crash sensing devices, were designed, manufactured, engineered, tested, marketed, distributed and sold by Defendant, GENERAL MOTORS.

4.     On and before June 8, 2017, Defendant, GENERAL MOTORS, had a duty to exercise ordinary care to ensure that the aforesaid 2008 Chevrolet Cobalt, and its component parts, were not designed, manufactured, engineered, tested, marketed, distributed and sold so as to be in an unsafe condition.

5.     On and before June 8, 2017, Interstate 57 generally ran in north and south directions through Champaign County Illinois.

6.     On and before June 8, 2017, Defendant RURAL KING was a retail farm and home supply business and regularly conducted business in and throughout Champaign County,

18

Illinois.

7.    On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee and/or agent of RURAL KING.

8.    One June 8, 2017, Defendant KRUSE owned, operated, managed, maintained and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

9.    On and before June 8, 2017, Defendant RURAL KING had provided an electronic communication device, commonly known as a cellphone to its employee and/or agent, Defendant STEVEN R. KRUSE.

10.    On June 8, 2017, Defendant KRUSE had his RURAL KING provided cellphone with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of Milepost 237.

11.    On June 8, 2017, another employee and/or agent of RURAL KING contacted Defendant KRUSE by sending him a cellphone text message concerning the business of RURAL KING.

12.    On June 8, 2017, the incoming text message from a RURAL KING employee and/or agent caused Defendant KRUSE to divert his attention from the roadway and traffic in front of him as he obtained his cellphone to determine the identity of the sender and to read the text message.

13.    On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and vehicles in front of him so as to obtain his cellphone and read the text message communication from another RURAL KING employee, Defendant KRUSE continued to drive his motor vehicle

19

in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

14.     On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008 Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

15.     On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

16.     On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

17.     On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA CONNER, as both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

18.     On June 8, 2017, at the aforesaid location, while using his RURAL KING provided cellphone to read an incoming text message communication sent by a RURAL KING employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

19.     On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

20.     At the time and place aforesaid, the airbag and related component parts, in the

20

aforementioned 2008 Chevrolet Cobalt, failed to activate and/or deploy.

21.     On and before June 8, 2017, Defendant General Motors was negligent in one or

more of the following respects since General Motors:

     a.     designed, manufactured, distributed, sold and provided the 2008 Chevrolet Cobalt with an airbag and related crash protection system that were unsafe, unsuitable and dangerous for use on said Cobalt;

     b.     designed, manufactured, distributed and sold the 2008 Chevrolet Cobalt with inadequate and unsafe standards of crash-worthiness, and without taking proper and sufficient precautions to ensure sufficient and accurate deployment of airbags;

     c.     failed to provide purchasers with adequate, sufficient, accurate and proper warnings and information concerning the unsafe, unstable, and dangerous conditions of the 2008 Chevrolet Cobalt;

     d.     failed to properly test, monitor and inspect the condition of the 2008 Chevrolet Cobalt airbag and/or crash protection system to ensure that it was safe, suitable, and appropriate for use on the roadway;

     e.     designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt without conducting limits testing;

     f.     designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt without complying with Defendant, GENERAL MOTOR's own internal guidelines and standards for design and testing of vehicles, airbags, and crash protection systems;

     g.     Defendant, GENERAL MOTORS, failed to implement design changes that GENERAL MOTOR'S own engineers knew were necessary to render the 2008 Chevrolet Cobalt safe for use during foreseeable operating conditions;

     h.     Defendant failed to modify the design of the airbag and crash protection system in the 2008 Chevrolet Cobalt after Defendants knew or should have known of the dangerous conditions inherent in the design;

     i.     Defendant failed to issue proper warnings, reminders and instructions for owners and passengers of 2008 Chevrolet Cobalt vehicles as to the operation of the airbag and crash protection system, after Defendants knew or should have known of the dangerous and unsafe design of their airbag and crash protection system;

21

j.    Defendant failed to properly notify, warn and instruct occupants of the 2008 Chevrolet Cobalt vehicle on the inadequate airbag protection provided to drivers during foreseeable vehicle maneuvers, including front end collisions;

k.    Defendant equipped the 2008 Chevrolet Cobalt with an airbag and crash protection system that had a design, including activation and deployment sensors and devices, that provided completely inadequate crash protection to an occupant;

l.    Defendant failed to properly test the airbag and crash protection system under foreseeable operating conditions, including front end collisions;

m.    Failed to equip its vehicle with a proper, safe and functioning crash sensing system;

n.    Equipped its Chevrolet Cobalt with a faulty ignition system that caused loss of power to crash sensing devices during foreseeable collision events;

o.    Failed to ensure that its frontal airbags would activate and deploy even after the Chevrolet Cobalt experienced a rear end collision event;

p.    Equipped its vehicle with a crash sensing system that did not function properly after the Chevrolet Cobalt experienced a rear end collision event;

q.    Failed to ensure that the crash sensing device and airbag system in its Chevrolet would function properly under all foreseeable crash scenarios;

r.    Failed to equip its Chevrolet Cobalt with a proper restraint system, seat belts and seat belt pretensioners so as to protect all vehicle occupant;

s.    Failed to equip its Chevrolet Cobalt with a restraint system, seat belts and seat belt pretensioners that would function properly during all foreseeable crash scenarios, and in the event of a loss of vehicle power during a crash; and,

t.    was otherwise negligent.

22.    As a proximate result of one or more of the aforesaid negligent acts and/or omissions, Plaintiff, LILY A. CONNER, sustained injuries of a personal and pecuniary nature.

22

WHEREFORE, Plaintiff, AMANDA CONNER, mother and next friend of LILY A. LAWRENCE, a minor, demands judgment against Defendant, GENERAL MOTORS, LLC and GENERAL MOTORS COMPANY, in an amount in excess of the jurisdictional limits of the Circuit Court of Champaign County, Illinois.

**COUNT V**

**CAITLIN B. CONNER, deceased.**

**STRICT LIABILITY – WRONGFUL DEATH**

**GENERAL MOTORS**

Plaintiff, MATTHEW CONNER, individually and as Independent Administrator of the Estate of CAITLIN B. CONNER, a deceased minor, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants GENERAL MOTORS, LLC and GENERAL MOTORS COMPANY, (hereinafter collectively, "GENERAL MOTORS") states as follows:

1.     On and before June 8, 2017, Defendant, GENERAL MOTORS, was engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling motor vehicles, including a 2008 Chevrolet Cobalt, and its component parts, owned by Plaintiff, DEBRA J. CONNER and bearing vehicle identification number 1G1AL58F487225759.

2.     On and before June 8, 2017, Defendant, GENERAL MOTORS, engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling motor vehicles in and throughout Champaign County and Cook County, Illinois.

3.     Prior to June 28, 2017, the aforesaid 2008 Chevrolet Cobalt, and its component

parts, including its airbag system and crash sensing devices, were designed, manufactured, engineered, tested, marketed, distributed and sold by Defendant, GENERAL MOTORS.

4.     On and before June 8, 2017, Defendant, GENERAL MOTORS, had a duty to ensure that the aforesaid 2008 Chevrolet Cobalt, and its component parts, were not designed, manufactured, engineered, tested, marketed, distributed and sold so as to be in an unreasonably dangerous condition.

5.     On and before June 8, 2017, Interstate 57 generally ran in north and south directions through Champaign County Illinois.

6.     On and before June 8, 2017, Defendant RURAL KING was a retail farm and home supply business and regularly conducted business in and throughout Champaign County, Illinois.

7.     On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee and/or agent of RURAL KING.

8.     One June 8, 2017, Defendant KRUSE owned, operated, managed, maintained and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

9.     On and before June 8, 2017, Defendant RURAL KING had provided an electronic communication device, commonly known as a cellphone to its employee and/or agent, Defendant STEVEN R. KRUSE.

10.     On June 8, 2017, Defendant KRUSE had his RURAL KING provided cellphone with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of Milepost 237.

11.     On June 8, 2017, another employee and/or agent of RURAL KING contacted Defendant KRUSE by sending him a cellphone text message concerning the business of RURAL KING.

12.     On June 8, 2017, the incoming text message from a RURAL KING employee and/or agent caused Defendant KRUSE to divert his attention from the roadway and traffic in front of him as he obtained his cellphone to determine the identity of the sender and to read the text message.

13.     On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and vehicles in front of him so as to obtain his cellphone and read the text message communication from another RURAL KING employee, Defendant KRUSE continued to drive his motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

14.     On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008 Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

15.     On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

16.     On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

17.     On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA CONNER, as

25

both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

18.     On June 8, 2017, at the aforesaid location, while using his RURAL KING provided cellphone to read an incoming text message communication sent by a RURAL KING employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

19.     On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

20.     At the time and place aforesaid, the airbag and related component parts, in the aforementioned 2008 Chevrolet Cobalt, failed to activate and/or deploy.

21.     On June 8, 2017, and at the time the aforementioned 2008 Chevrolet Cobalt left the control of Defendant, GENERAL MOTORS, this vehicle and its related component parts were in an unreasonably dangerous condition in one or more of the following respects:

> a.     designed, manufactured, distributed, sold and provided the 2008 Chevrolet Cobalt with an airbag and related crash protection system that were unsafe, unsuitable and dangerous for use on said Cobalt;
>
> b.     designed, manufactured, distributed and sold the 2008 Chevrolet Cobalt with inadequate and unsafe standards of crash-worthiness, and without taking proper and sufficient precautions to ensure sufficient and accurate deployment of airbags;
>
> c.     failed to provide purchasers with adequate, sufficient, accurate and proper warnings and information concerning the unsafe, unstable, and dangerous conditions of the 2008 Chevrolet Cobalt;
>
> d.     failed to properly test, monitor and inspect the condition of the 2008 Chevrolet Cobalt airbag and/or crash protection system to ensure that it was safe, suitable, and appropriate for use on the roadway;

26

e.  designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt
without conducting limits testing;

f.  designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt
without complying with Defendant, GENERAL MOTOR's own internal
guidelines and standards for design and testing of vehicles, airbags, and
crash protection systems;

g.  Defendant, GENERAL MOTORS, failed to implement design changes that
GENERAL MOTOR'S own engineers knew were necessary to render the
2008 Chevrolet Cobalt safe for use during foreseeable operating conditions;

h.  Defendant failed to modify the design of the airbag and crash protection
system in the 2008 Chevrolet Cobalt after Defendants knew or should have
known of the dangerous conditions inherent in the design;

i.  Defendant failed to issue proper warnings, reminders and instructions for
owners and passengers of 2008 Chevrolet Cobalt vehicles as to the
operation of the airbag and crash protection system, after Defendants knew
or should have known of the dangerous and unsafe design of their airbag
and crash protection system;

j.  Defendant failed to properly notify, warn and instruct occupants of the 2008
Chevrolet Cobalt vehicle on the inadequate airbag protection provided to
drivers during foreseeable vehicle maneuvers, including front end
collisions;

k.  Defendant equipped the 2008 Chevrolet Cobalt with an airbag and crash
protection system that had a design, including activation and deployment
sensors and devices, that provided completely inadequate crash protection
to an occupant;

l.  Defendant failed to properly test the airbag and crash protection system
under foreseeable operating conditions, including front end collisions;

m.  Failed to equip its vehicle with a proper, safe and functioning crash
sensing system;

n.  Equipped its Chevrolet Cobalt with a faulty ignition system that caused loss
of power to crash sensing devices during foreseeable collision events;

o.  Failed to ensure that its frontal airbags would activate and deploy even after
the Chevrolet Cobalt experienced a rear end collision event;

p.   Equipped its vehicle with a crash sensing system that did not function properly after the Chevrolet Cobalt experienced a rear end collision event;

q.   Failed to ensure that the crash sensing device and airbag system in its Chevrolet would function properly under all foreseeable crash scenarios;

r.   Failed to equip its Chevrolet Cobalt with a proper restraint system, seat belts and seat belt pretensioners so as to protect all vehicle occupant;

s.   Failed to equip its Chevrolet Cobalt with a restraint system, seat belts and seat belt pretensioners that would function properly during all foreseeable crash scenarios, and in the event of a loss of vehicle power during a crash; and,

t.   was otherwise unreasonably dangerous.

22.   As a proximate result of one or more of the aforementioned unreasonably dangerous conditions, CAITLIN B. CONNER, a minor, sustained injuries of a personal, permanent and pecuniary nature that resulted in her death on June 8, 2017.

23.   Decedent, CAITLIN B. CONNER, a minor, left surviving her as her lawful heirs, her father MATTHEW CONNER, her mother AMANDA CONNER, and her siblings LILY A. LAWRENCE, a minor, and COBY CONNER, a minor, all of whom have sustained personal, pecuniary and emotional injuries as a result of the death of CAITLIN B. CONNER, a minor.

24.   Plaintiff MATTHEW CONNER has been appointed Independent Administrator of the Estate of CAITLIN B. CONNER pursuant to order of the Circuit Court of the Sixth Judicial District in Douglas County, Illinois.

25.   Plaintiff MATTHEW CONNER, as Independent Administrator of the Estate of CAITLIN B. CONNER, Deceased, brings this action pursuant to the Wrongful Death Act 740

ILCS 108/1 *et seq.*

WHEREFORE, Plaintiff, MATTHEW CONNER, individually and as Independent Administrator of the Estate of CAITLIN B. CONNER, a deceased minor, demands judgment against Defendant, GENERAL MOTORS, LLC and GENERAL MOTORS COMPANY, in an amount in excess of the jurisdictional limits of the Circuit Court of Champaign County.

## COUNT VI

### CAITLIN B. CONNER, deceased

### STRICT LIABILITY – SURVIVAL

### GENERAL MOTORS

Plaintiff, MATTHEW CONNER, individually and as Independent Administrator of the Estate of CAITLIN B. CONNER, a deceased minor, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendant GENERAL MOTORS, LLC and GENERAL MOTORS COMPANY, (hereinafter collectively, "GENERAL MOTORS") states as follows:

1.      On and before June 8, 2017, Defendant, GENERAL MOTORS, was engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling motor vehicles, including a 2008 Chevrolet Cobalt, and its component parts, owned by Plaintiff, DEBRA J. CONNER and bearing vehicle identification number 1G1AL58F487225759.

2.      On and before June 8, 2017, Defendant, GENERAL MOTORS, engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling motor vehicles in and throughout Champaign County and Cook County, Illinois.

3.      Prior to June 8, 2017, the aforesaid 2008 Chevrolet Cobalt, and its component parts,

29

including its airbag system and crash sensing devices, were designed, manufactured, engineered, tested, marketed, distributed and sold by Defendant, GENERAL MOTORS.

4.    On and before June 8, 2017, Defendant, GENERAL MOTORS, had a duty to ensure that the aforesaid 2008 Chevrolet Cobalt, and its component parts, were not designed, manufactured, engineered, tested, marketed, distributed and sold so as to be in an unreasonably dangerous condition.

5.    On and before June 8, 2017, Interstate 57 generally ran in north and south directions through Champaign County Illinois.

6.    On and before June 8, 2017, Defendant RURAL KING was a retail farm and home supply business and regularly conducted business in and throughout Champaign County, Illinois.

7.    On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee and/or agent of RURAL KING.

8.    One June 8, 2017, Defendant KRUSE owned, operated, managed, maintained and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

9.    On and before June 8, 2017, Defendant RURAL KING had provided an electronic communication device, commonly known as a cellphone to its employee and/or agent, Defendant STEVEN R. KRUSE.

10.    On June 8, 2017, Defendant KRUSE had his RURAL KING provided cellphone with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of Milepost 237.

30

11.     On June 8, 2017, another employee and/or agent of RURAL KING contacted
Defendant KRUSE by sending him a cellphone text message concerning the business of RURAL
KING.

12.     On June 8, 2017, the incoming text message from a RURAL KING employee
and/or agent caused Defendant KRUSE to divert his attention from the roadway and traffic in
front of him as he obtained his cellphone to determine the identity of the sender and to read the
text message.

13.     On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and
vehicles in front of him so as to obtain his cellphone and read the text message communication
from another RURAL KING employee, Defendant KRUSE continued to drive his motor vehicle
in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

14.     On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008
Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles
north of Milepost 237.

15.     On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a
passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER
on southbound Interstate 57 at the aforesaid location.

16.     On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the
front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on
southbound Interstate 57 at the aforesaid location.

17.     On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo
motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA CONNER, as

31

both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

18.     On June 8, 2017, at the aforesaid location, while using his RURAL KING
provided cellphone to read an incoming text message communication sent by a RURAL KING
employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway
and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the
Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

19.     On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff
DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's
Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

20.     At the time and place aforesaid, the airbag and related component parts, in the
aforementioned 2008 Chevrolet Cobalt, failed to activate and/or deploy.

21.     On June 8, 2017, and at the time the aforementioned 2008 Chevrolet Cobalt left the
control of Defendant, GENERAL MOTORS, this vehicle and its related component parts were in
an unreasonably dangerous condition in one or more of the following respects:

      a.     designed, manufactured, distributed, sold and provided the 2008 Chevrolet
            Cobalt with an airbag and related crash protection system that were unsafe,
            unsuitable and dangerous for use on said Cobalt;

      b.     designed, manufactured, distributed and sold the 2008 Chevrolet Cobalt
            with inadequate and unsafe standards of crash-worthiness, and without
            taking proper and sufficient precautions to ensure sufficient and accurate
            deployment of airbags;

      c.     failed to provide purchasers with adequate, sufficient, accurate and proper
            warnings and information concerning the unsafe, unstable, and dangerous
            conditions of the 2008 Chevrolet Cobalt;

      d.     failed to properly test, monitor and inspect the condition of the 2008
            Chevrolet Cobalt airbag and/or crash protection system to ensure that it was
            safe, suitable, and appropriate for use on the roadway;

e.   designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt without conducting limits testing;

f.   designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt without complying with Defendant, GENERAL MOTOR's own internal guidelines and standards for design and testing of vehicles, airbags, and crash protection systems;

g.   Defendant, GENERAL MOTORS, failed to implement design changes that GENERAL MOTOR'S own engineers knew were necessary to render the 2008 Chevrolet Cobalt safe for use during foreseeable operating conditions;

h.   Defendant failed to modify the design of the airbag and crash protection system in the 2008 Chevrolet Cobalt after Defendants knew or should have known of the dangerous conditions inherent in the design;

i.   Defendant failed to issue proper warnings, reminders and instructions for owners and passengers of 2008 Chevrolet Cobalt vehicles as to the operation of the airbag and crash protection system, after Defendants knew or should have known of the dangerous and unsafe design of their airbag and crash protection system;

j.   Defendant failed to properly notify, warn and instruct occupants of the 2008 Chevrolet Cobalt vehicle on the inadequate airbag protection provided to drivers during foreseeable vehicle maneuvers, including front end collisions;

k.   Defendant equipped the 2008 Chevrolet Cobalt with an airbag and crash protection system that had a design, including activation and deployment sensors and devices, that provided completely inadequate crash protection to an occupant;

l.   Defendant failed to properly test the airbag and crash protection system under foreseeable operating conditions, including front end collisions;

m.   Failed to equip its vehicle with a proper, safe and functioning crash sensing system;

n.   Equipped its Chevrolet Cobalt with a faulty ignition system that caused loss of power to crash sensing devices during foreseeable collision events;

o.   Failed to ensure that its frontal airbags would activate and deploy even after the Chevrolet Cobalt experienced a rear end collision event;

33

p.   Equipped its vehicle with a crash sensing system that did not function properly after the Chevrolet Cobalt experienced a rear end collision event;

q.   Failed to ensure that the crash sensing device and airbag system in its Chevrolet would function properly under all foreseeable crash scenarios;

r.   Failed to equip its Chevrolet Cobalt with a proper restraint system, seat belts and seat belt pretensioners so as to protect all vehicle occupant;

s.   Failed to equip its Chevrolet Cobalt with a restraint system, seat belts and seat belt pretensioners that would function properly during all foreseeable crash scenarios, and in the event of a loss of vehicle power during a crash; and,

t.   was otherwise unreasonably dangerous.

22.   As a proximate result of one or more of the aforementioned unreasonably dangerous conditions, CAITLIN B. CONNER, a minor, sustained injuries of a personal, permanent and pecuniary nature, including conscious pain and suffering, that resulted in her death on June 8, 2017.

23.   Had CAITLIN B. CONNER, a minor, survived, she would have been able to bring an action for the injuries that she suffered, and this action has survived her pursuant to 735 ILCS 5/27-6, commonly referred to as the Illinois Survival Act.

24.   Plaintiff MATTHEW CONNER has been appointed Independent Administrator of the Estate of CAITLIN B. CONNER pursuant to order of the Circuit Court of the Sixth Judicial District in Douglas County, Illinois.

25.   Plaintiff MATTHEW CONNER, as Independent Administrator of the Estate of CAITLIN B. CONNER, Deceased, brings this action pursuant to the provisions of the Survival Act, 735 ILCS 5/27-6.

34

WHEREFORE, Plaintiff, MATTHEW CONNER, individually and as Independent Administrator of the Estate of CAITLIN B. CONNER, a deceased minor, demands judgment against Defendant, GENERAL MOTORS, LLC and GENERAL MOTORS COMPANY, in an amount in excess of the jurisdictional limits of the Circuit Court of Champaign County.

**COUNT VII**

**CAITLIN B. CONNER, deceased;**

**NEGLIGENCE – WRONGFUL DEATH**

**GENERAL MOTORS**

Plaintiff, MATTHEW CONNER, individually and as Independent Administrator of the Estate of CAITLIN B. CONNER, a deceased minor, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants GENERAL MOTORS, LLC and GENERAL MOTORS COMPANY, collectively, (hereinafter "GENERAL MOTORS"), states as follows:

1.      On and before June 8, 2017, Defendant, GENERAL MOTORS, was engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling motor vehicles, including a 2008 Chevrolet Cobalt, and its component parts, owned by Plaintiff, DEBRA J. CONNER and bearing vehicle identification number 1G1AL58F487225759.

2.      On and before June 8, 2017, Defendant, GENERAL MOTORS, engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling motor vehicles in and throughout Champaign County and Cook County, Illinois.

3.      Prior to June 8, 2017, the aforesaid 2008 Chevrolet Cobalt, and its component parts,

35

including its airbag system and crash sensing devices, were designed, manufactured, engineered, tested, marketed, distributed and sold by Defendant, GENERAL MOTORS.

4.      On and before June 8, 2017, Defendant, GENERAL MOTORS, had a duty to exercise ordinary care to ensure that the aforesaid 2008 Chevrolet Cobalt, and its component parts, were not designed, manufactured, engineered, tested, marketed, distributed and sold so as to be in an unsafe condition.

5.      On and before June 8, 2017, Interstate 57 generally ran in north and south directions through Champaign County Illinois.

6.      On and before June 8, 2017, Defendant RURAL KING was a retail farm and home supply business and regularly conducted business in and throughout Champaign County, Illinois.

7.      On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee and/or agent of RURAL KING.

8.      One June 8, 2017, Defendant KRUSE owned, operated, managed, maintained and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

9.      On and before June 8, 2017, Defendant RURAL KING had provided an electronic communication device, commonly known as a cellphone to its employee and/or agent, Defendant STEVEN R. KRUSE.

10.     On June 8, 2017, Defendant KRUSE had his RURAL KING provided cellphone with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of Milepost 237.

36

11.     On June 8, 2017, another employee and/or agent of RURAL KING contacted Defendant KRUSE by sending him a cellphone text message concerning the business of RURAL KING.

12.     On June 8, 2017, the incoming text message from a RURAL KING employee and/or agent caused Defendant KRUSE to divert his attention from the roadway and traffic in front of him as he obtained his cellphone to determine the identity of the sender and to read the text message.

13.     On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and vehicles in front of him so as to obtain his cellphone and read the text message communication from another RURAL KING employee, Defendant KRUSE continued to drive his motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

14.     On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008 Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

15.     On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

16.     On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

17.     On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA CONNER, as

37

both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

18.     On June 8, 2017, at the aforesaid location, while using his RURAL KING

provided cellphone to read an incoming text message communication sent by a RURAL KING

employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway

and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the

Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

19.     On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff

DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's

Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

20.     At the time and place aforesaid, the airbag and related component parts, in the

aforementioned 2008 Chevrolet Cobalt, failed to activate and/or deploy.

21.     On and before June 8, 2017, GENERAL MOTORS, was negligent in one or more

of the following respects since General Motors:

     a.     designed, manufactured, distributed, sold and provided the 2008 Chevrolet Cobalt with an airbag and related crash protection system that were unsafe, unsuitable and dangerous for use on said Cobalt;

     b.     designed, manufactured, distributed and sold the 2008 Chevrolet Cobalt with inadequate and unsafe standards of crash-worthiness, and without taking proper and sufficient precautions to ensure sufficient and accurate deployment of airbags;

     c.     failed to provide purchasers with adequate, sufficient, accurate and proper warnings and information concerning the unsafe, unstable, and dangerous conditions of the 2008 Chevrolet Cobalt;

     d.     failed to properly test, monitor and inspect the condition of the 2008 Chevrolet Cobalt airbag and/or crash protection system to ensure that it was safe, suitable, and appropriate for use on the roadway;

     e.     designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt

38

without conducting limits testing;

f.  designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt without complying with Defendant, GENERAL MOTOR's own internal guidelines and standards for design and testing of vehicles, airbags, and crash protection systems;

g.  Defendant, GENERAL MOTORS, failed to implement design changes that GENERAL MOTOR'S own engineers knew were necessary to render the 2008 Chevrolet Cobalt safe for use during foreseeable operating conditions;

h.  Defendant failed to modify the design of the airbag and crash protection system in the 2008 Chevrolet Cobalt after Defendants knew or should have known of the dangerous conditions inherent in the design;

i.  Defendant failed to issue proper warnings, reminders and instructions for owners and passengers of 2008 Chevrolet Cobalt vehicles as to the operation of the airbag and crash protection system, after Defendants knew or should have known of the dangerous and unsafe design of their airbag and crash protection system;

j.  Defendant failed to properly notify, warn and instruct occupants of the 2008 Chevrolet Cobalt vehicle on the inadequate airbag protection provided to drivers during foreseeable vehicle maneuvers, including front end collisions;

k.  Defendant equipped the 2008 Chevrolet Cobalt with an airbag and crash protection system that had a design, including activation and deployment sensors and devices, that provided completely inadequate crash protection to an occupant;

l.  Defendant failed to properly test the airbag and crash protection system under foreseeable operating conditions, including front end collisions;

m.  Failed to equip its vehicle with a proper, safe and functioning crash sensing system;

n.  Equipped its Chevrolet Cobalt with a faulty ignition system that caused loss of power to crash sensing devices during foreseeable collision events;

o.  Failed to ensure that its frontal airbags would activate and deploy even after the Chevrolet Cobalt experienced a rear end collision event;

p.  Equipped its vehicle with a crash sensing system that did not function

39

properly after the Chevrolet Cobalt experienced a rear end collision
event;

q.  Failed to ensure that the crash sensing device and airbag system in its
Chevrolet would function properly under all foreseeable crash scenarios;

r.  Failed to equip its Chevrolet Cobalt with a proper restraint system, seat
belts and seat belt pretensioners so as to protect all vehicle occupant;

s.  Failed to equip its Chevrolet Cobalt with a restraint system, seat belts and
seat belt pretensioners that would function properly during all foreseeable
crash scenarios, and in the event of a loss of vehicle power during a crash;
and,

t.  was otherwise negligent.

22.  As a proximate result of one or more of the aforementioned negligent acts and/or

omissions, CAITLIN B. CONNER, a minor, sustained injuries of a personal, permanent and

pecuniary nature that resulted in her death on June 8, 2017.

23.  Decedent, CAITLIN B. CONNER, a minor, left surviving her as her lawful

heirs, her father MATTHEW CONNER, her mother AMANDA CONNER, and her siblings

LILY A. LAWRENCE, a minor, and COBY CONNER, a minor, all of whom have sustained

personal, pecuniary and emotional injuries as a result of the death of CAITLIN B. CONNER, a

minor.

24.  Plaintiff MATTHEW CONNER has been appointed Independent Administrator

of the Estate of CAITLIN B. CONNER pursuant to order of the Circuit Court of the Sixth

Judicial District in Douglas County, Illinois.

25.  Plaintiff MATTHEW CONNER, as Independent Administrator of the Estate of

CAITLIN B. CONNER, Deceased, brings this action pursuant to the Wrongful Death Act 740

ILCS 108/1 *et seq.*

WHEREFORE, Plaintiff, MATTHEW CONNER, individually and as Independent Administrator of the Estate of CAITLIN B. CONNER, a deceased minor, demands judgment against Defendant, GENERAL MOTORS, LLC and GENERAL MOTORS COMPANY, in an amount in excess of the jurisdictional limits of the Circuit Court of Champaign County.

**COUNT VIII**

**CAITLIN B. CONNER, deceased**

**NEGLIGENCE – SURVIVAL**

**GENERAL MOTORS**

Plaintiff, MATTHEW CONNER, individually and as Independent Administrator of the Estate of CAITLIN B. CONNER, a deceased minor, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendant GENERAL MOTORS, LLC and GENERAL MOTORS COMPANY, collectively, (hereinafter "GENERAL MOTORS") states as follows:

1.      On and before June 8, 2017, Defendant, GENERAL MOTORS, was engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling motor vehicles, including a 2008 Chevrolet Cobalt, and its component parts, owned by Plaintiff, DEBRA J. CONNER and bearing vehicle identification number 1G1AL58F487225759.

2.      On and before June 8, 2017, Defendant, GENERAL MOTORS, engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling motor vehicles in and throughout Champaign County and Cook County, Illinois.

3.      Prior to June 8, 2017, the aforesaid 2008 Chevrolet Cobalt, and its component parts, including its airbag system and crash sensing devices, were designed, manufactured, engineered,

tested, marketed, distributed and sold by Defendant, GENERAL MOTORS.

4.      On and before June 8, 2017, Defendant, GENERAL MOTORS, had a duty to exercise ordinary care to ensure that the aforesaid 2008 Chevrolet Cobalt, and its component parts, were not designed, manufactured, engineered, tested, marketed, distributed and sold so as to be in an unsafe condition.

5.      On and before June 8, 2017, Interstate 57 generally ran in north and south directions through Champaign County Illinois.

6.      On and before June 8, 2017, Defendant RURAL KING was a retail farm and home supply business and regularly conducted business in and throughout Champaign County, Illinois.

7.      On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee and/or agent of RURAL KING.

8.      One June 8, 2017, Defendant KRUSE owned, operated, managed, maintained and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

9.      On and before June 8, 2017, Defendant RURAL KING had provided an electronic communication device, commonly known as a cellphone to its employee and/or agent, Defendant STEVEN R. KRUSE.

10.      On June 8, 2017, Defendant KRUSE had his RURAL KING provided cellphone with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of Milepost 237.

11.      On June 8, 2017, another employee and/or agent of RURAL KING contacted

42

Defendant KRUSE by sending him a cellphone text message concerning the business of RURAL KING.

12.     On June 8, 2017, the incoming text message from a RURAL KING employee and/or agent caused Defendant KRUSE to divert his attention from the roadway and traffic in front of him as he obtained his cellphone to determine the identity of the sender and to read the text message.

13.     On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and vehicles in front of him so as to obtain his cellphone and read the text message communication from another RURAL KING employee, Defendant KRUSE continued to drive his motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

14.     On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008 Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

15.     On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

16.     On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

17.     On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA CONNER, as both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

43

18.     On June 8, 2017, at the aforesaid location, while using his RURAL KING

provided cellphone to read an incoming text message communication sent by a RURAL KING

employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway

and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the

Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

19.     On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff

DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's

Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

20.     At the time and place aforesaid, the airbag and related component parts, in the

aforementioned 2008 Chevrolet Cobalt, failed to activate and/or deploy.

21.     On  and before June 8, 2017, Defendant, GENERAL MOTORS, was negligent   in

one or more of the following respects since General Motors:

    a.      designed, manufactured, distributed, sold and provided the 2008 Chevrolet
            Cobalt with an airbag and related crash protection system that were unsafe,
            unsuitable and dangerous for use on said Cobalt;

    b.      designed, manufactured, distributed and sold the 2008 Chevrolet Cobalt
            with inadequate and unsafe standards of crash-worthiness, and without
            taking proper and sufficient precautions to ensure sufficient and accurate
            deployment of airbags;

    c.      failed to provide purchasers with adequate, sufficient, accurate and proper
            warnings and information concerning the unsafe, unstable, and dangerous
            conditions of the 2008 Chevrolet Cobalt;

    d.      failed to properly test, monitor and inspect the condition of the 2008
            Chevrolet Cobalt airbag and/or crash protection system to ensure that it was
            safe, suitable, and appropriate for use on the roadway;

    e.      designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt
            without conducting limits testing;

44

f.   designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt without complying with Defendant, GENERAL MOTOR's own internal guidelines and standards for design and testing of vehicles, airbags, and crash protection systems;

g.   Defendant, GENERAL MOTORS, failed to implement design changes that GENERAL MOTOR'S own engineers knew were necessary to render the 2008 Chevrolet Cobalt safe for use during foreseeable operating conditions;

h.   Defendant failed to modify the design of the airbag and crash protection system in the 2008 Chevrolet Cobalt after Defendants knew or should have known of the dangerous conditions inherent in the design;

i.   Defendant failed to issue proper warnings, reminders and instructions for owners and passengers of 2008 Chevrolet Cobalt vehicles as to the operation of the airbag and crash protection system, after Defendants knew or should have known of the dangerous and unsafe design of their airbag and crash protection system;

j.   Defendant failed to properly notify, warn and instruct occupants of the 2008 Chevrolet Cobalt vehicle on the inadequate airbag protection provided to drivers during foreseeable vehicle maneuvers, including front end collisions;

k.   Defendant equipped the 2008 Chevrolet Cobalt with an airbag and crash protection system that had a design, including activation and deployment sensors and devices, that provided completely inadequate crash protection to an occupant;

l.   Defendant failed to properly test the airbag and crash protection system under foreseeable operating conditions, including front end collisions;

m.   Failed to equip its vehicle with a proper, safe and functioning crash sensing system;

n.   Equipped its Chevrolet Cobalt with a faulty ignition system that caused loss of power to crash sensing devices during foreseeable collision events;

o.   Failed to ensure that its frontal airbags would activate and deploy even after the Chevrolet Cobalt experienced a rear end collision event;

p.   Equipped its vehicle with a crash sensing system that did not function properly after the Chevrolet Cobalt experienced a rear end collision event;

45

q.   Failed to ensure that the crash sensing device and airbag system in its Chevrolet would function properly under all foreseeable crash scenarios;

r.   Failed to equip its Chevrolet Cobalt with a proper restraint system, seat belts and seat belt pretensioners so as to protect all vehicle occupant;

s.   Failed to equip its Chevrolet Cobalt with a restraint system, seat belts and seat belt pretensioners that would function properly during all foreseeable crash scenarios, and in the event of a loss of vehicle power during a crash; and,

t.   was otherwise negligent.

22.   As a proximate result of one or more of the aforementioned negligent acts and/or omissions, CAITLIN B. CONNER, a minor, sustained injuries of a personal, permanent and pecuniary nature that resulted in her death on June 8, 2017.

23.   Had CAITLIN B. CONNER, a minor, survived, she would have been able to bring an action for the injuries that she suffered, and this action has survived her pursuant to 735 ILCS 5/27-6, commonly referred to as the Illinois Survival Act.

24.   Plaintiff MATTHEW CONNER has been appointed Independent Administrator of the Estate of CAITLIN B. CONNER pursuant to order of the Circuit Court of the Sixth Judicial District in Douglas County, Illinois.

25.   Plaintiff MATTHEW CONNER, as Independent Administrator of the Estate of CAITLIN B. CONNER, Deceased, brings this action pursuant to the provisions of the Survival Act, 735 ILCS 5/27-6.

WHEREFORE, Plaintiff, MATTHEW CONNER, individually and as Independent Administrator of the Estate of CAITLIN B. CONNER, a deceased minor, demands judgment against Defendant, GENERAL MOTORS, LLC and GENERAL MOTORS COMPANY, in an

46

amount in excess of the jurisdictional limits of Champaign County.

## COUNT IX

### DEBRA J. CONNER

### STRICT LIABILITY

### CONTINENTAL/SIEMENS

Plaintiff, DEBRA J. CONNER, by and through her attorneys, CLIFFORD LAW

OFFICES, P.C., complaining of Defendant, CONTINENTAL AG AND CONTINENTAL

AUTOMOTIVE SYSTEMS US, INC., individually and as successor to SIEMENS AG, and

SIEMENS AG, individually, (hereinafter collectively referred to as

CONTINENTAL/SIEMENS,) states as follows:

1.     On and before June 8, 2017, Defendant, CONTINENTAL/SIEMENS, was engaged
in the business of designing, manufacturing, engineering, testing, marketing, distributing and
selling airbag restraint systems, airbag control modules, crash sensing devices and event data
recorders for the 2008 Chevrolet Cobalt, owned by Plaintiff, DEBRA J. CONNER and bearing
vehicle identification number 1G1AL58F487225759.

2.     On and before June 8, 2017, Defendant, CONTINENTAL/SIEMENS, engaged in
the business of designing, manufacturing, engineering, testing, marketing, distributing and selling
airbag restraint systems, airbag control modules, crash sensing devices and event data recorders in
and throughout Champaign County and Cook County, Illinois.

3.     On and before June 8, 2017, the aforesaid airbag restraint systems, airbag control
modules, crash sensing devices and event data recorders for the 2008 Chevrolet Cobalt, and its

47

component parts, were designed, manufactured, engineered, tested, marketed, distributed and sold by Defendant, CONTINENTAL/SIEMENS.

4.     On and before June 8, 2017, Defendant, CONTINENTAL/SIEMENS, had a duty to ensure that the aforesaid airbag restraint systems, airbag control modules, crash sensing devices and event data recorders for the 2008 Chevrolet Cobalt, and its component parts, were not designed, manufactured, engineered, tested, marketed, distributed and sold so as to be in an unreasonably dangerous condition.

5.     On and before June 8, 2017, Interstate 57 generally ran in north and south directions through Champaign County Illinois.

6.     On and before June 8, 2017, Defendant RURAL KING was a retail farm and home supply business and regularly conducted business in and throughout Champaign County, Illinois.

7.     On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee and/or agent of RURAL KING.

8.     One June 8, 2017, Defendant KRUSE owned, operated, managed, maintained and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

9.     On and before June 8, 2017, Defendant RURAL KING had provided an electronic communication device, commonly known as a cellphone to its employee and/or agent, Defendant STEVEN R. KRUSE.

10.     On June 8, 2017, Defendant KRUSE had his RURAL KING provided cellphone with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of

48

Milepost 237.

11.    On June 8, 2017, another employee and/or agent of RURAL KING contacted Defendant KRUSE by sending him a cellphone text message concerning the business of RURAL KING.

12.    On June 8, 2017, the incoming text message from a RURAL KING employee and/or agent caused Defendant KRUSE to divert his attention from the roadway and traffic in front of him as he obtained his cellphone to determine the identity of the sender and to read the text message.

13.    On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and vehicles in front of him so as to obtain his cellphone and read the text message communication from another RURAL KING employee, Defendant KRUSE continued to drive his motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

14.    On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008 Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

15.    On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

16.    On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

17.    On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo

49

motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA CONNER, as

both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

18.     On June 8, 2017, at the aforesaid location, while using his RURAL KING

provided cellphone to read an incoming text message communication sent by a RURAL KING

employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway

and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the

Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

19.     On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff

DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's

Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

20.     At the time and place aforesaid, the airbag and related component parts, in the

aforementioned 2008 Chevrolet Cobalt, failed to activate and/or deploy at the time of the aforesaid

impact between the front of the Chevrolet Cobalt and the semi tractor trailer truck.

21.     On June 8, 2017, and at the time the aforementioned 2008 Chevrolet Cobalt left the

control of Defendant, CONTINENTAL/SIEMENS, this vehicle and its airbag restraint systems,

airbag control modules, crash sensing devices and event data recorders were in an unreasonably

dangerous condition in one or more of the following respects since Defendant:

        a.     designed, manufactured, distributed, sold and provided the 2008 Chevrolet Cobalt with airbag restraint systems, airbag control modules, crash sensing devices and event data recorders that were unsafe, unsuitable and dangerous for use on said Cobalt;

        b.     designed, manufactured, distributed and sold the 2008 Chevrolet Cobalt with inadequate and unsafe standards of crash-worthiness, and without taking proper and sufficient precautions to ensure sufficient and accurate deployment of airbags;

c. failed to provide purchasers with adequate, sufficient, accurate and proper warnings and information concerning the unsafe and dangerous conditions of the 2008 Chevrolet Cobalt airbag restraint systems, airbag control modules, crash sensing devices and event data recorders;

d. failed to properly test, monitor and inspect the condition of the 2008 Chevrolet Cobalt airbag restraint systems, airbag control modules, crash sensing devices and event data recorders to ensure that it was safe, suitable, and appropriate for use on the roadway;

e. failed to equip the Chevrolet Cobalt with a safe passenger compartment;

f. designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt without complying with Defendant, GENERAL MOTOR's own internal guidelines and standards for design and testing of vehicles, airbags, and crash protection systems;

g. Defendant, CONTINENTAL/SIEMENS, failed to implement design changes that CONTINENTAL SIEMENS' own engineers knew were necessary to render the 2008 Chevrolet Cobalt safe for use during foreseeable operating conditions;

h. Defendant failed to modify the design of the airbag restraint systems, airbag control modules, crash sensing devices and event data recorders in the 2008 Chevrolet Cobalt after Defendants knew or should have known of the dangerous conditions inherent in the design;

i. Defendant failed to issue proper warnings, reminders and instructions for owners and passengers of 2008 Chevrolet Cobalt vehicles as to the operation of the airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, after Defendants knew or should have known of the dangerous and unsafe design of their airbag and crash protection system;

j. Defendant failed to properly notify, warn and instruct occupants of the 2008 Chevrolet Cobalt vehicle on the inadequate airbag protection provided to drivers during foreseeable vehicle maneuvers, including front end collisions;

k. Defendant equipped the 2008 Chevrolet Cobalt with airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, that had a design, including activation and deployment sensors and devices, that provided completely inadequate crash protection to an occupant;

51

l.　　Defendant failed to properly test the airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, under foreseeable operating conditions, including front and rear end collisions;

m.　　Failed to equip its vehicle with a proper, safe and functioning crash sensing system;

n.　　Failed to ensure that its airbag restraint systems, airbag control modules, crash sensing devices and event data recorders were compatible for use in the Chevrolet Cobalt with a faulty ignition system that caused loss of power to crash sensing devices during foreseeable collision events;

o.　　Failed to ensure that frontal airbags would activate and deploy even after the Chevrolet Cobalt experienced a rear end collision event;

p.　　Provided a crash sensing system that did not function properly after the Chevrolet Cobalt experienced a rear end collision event;

q.　　Failed to ensure that the crash sensing device and airbag system in the Chevrolet Cobalt would function properly under all foreseeable crash scenarios;

r.　　Failed to equip the Chevrolet Cobalt with a proper restraint system, seat belts and seat belt pretensioners so as to protect all vehicle occupants;

s.　　Failed to equip the Chevrolet Cobalt with a restraint system, seat belts and seat belt pretensioners that would function properly during all foreseeable crash scenarios, and in the event of a loss of vehicle power during a crash; and,

t.　　was otherwise unreasonably dangerous.

22.　　As a proximate result of one or more of the aforementioned unreasonably dangerous conditions, DEBRA J. CONNER, sustained injuries of a personal, permanent and pecuniary nature.

WHEREFORE, Plaintiff, DEBRA J. CONNER, demands judgment against Defendants, CONTINENTAL AG AND CONTINENTAL AUTOMOTIVE SYSTEMS US, INC.,

individually and as successor to SIEMENS AG and SIEMEN AG, individually and each of them, in an amount in excess of the jurisdictional limits of the Circuit Court of Champaign County, Illinois.

## COUNT X

### DEBRA J. CONNER

### NEGLIGENCE

### CONTINENTAL/SIEMENS

Plaintiff, DEBRA J. CONNER, by and through her attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendant, CONTINENTAL AG AND CONTINENTAL AUTOMOTIVE SYSTEMS US, INC., individually and as successor to SIEMENS AG, and SIEMEN AG individually, (hereinafter collectively CONTINENTAL/SIEMENS,) states as follows:

1.      On and before June 8, 2017, Defendant, CONTINENTAL/SIEMENS, was engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling airbag restraint systems, airbag control modules, crash sensing devices and event data recorders for the 2008 Chevrolet Cobalt, owned by Plaintiff, DEBRA J. CONNER and bearing vehicle identification number 1G1AL58F487225759.

2.      On and before June 8, 2017, Defendant, CONTINENTAL/SIEMENS, engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling airbag restraint systems, airbag control modules, crash sensing devices and event data recorders in and throughout Champaign County and Cook County, Illinois.

3. On and before June 8, 2017, the aforesaid airbag restraint systems, airbag control modules, crash sensing devices and event data recorders for the 2008 Chevrolet Cobalt, and its component parts, were designed, manufactured, engineered, tested, marketed, distributed and sold by Defendant, CONTINENTAL/SIEMENS.

4. On and before June 8, 2017, Defendant, CONTINENTAL/SIEMENS, had a duty to ensure that the aforesaid airbag restraint systems, airbag control modules, crash sensing devices and event data recorders for the 2008 Chevrolet Cobalt, and its component parts, were not designed, manufactured, engineered, tested, marketed, distributed and sold so as to be in an unsafe condition.

5. On and before June 8, 2017, Interstate 57 generally ran in north and south directions through Champaign County Illinois.

6. On and before June 8, 2017, Defendant RURAL KING was a retail farm and home supply business and regularly conducted business in and throughout Champaign County, Illinois.

7. On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee and/or agent of RURAL KING.

8. One June 8, 2017, Defendant KRUSE owned, operated, managed, maintained and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

9. On and before June 8, 2017, Defendant RURAL KING had provided an electronic communication device, commonly known as a cellphone to its employee and/or agent, Defendant STEVEN R. KRUSE.

54

10.     On June 8, 2017, Defendant KRUSE had his RURAL KING provided cellphone with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of Milepost 237.

11.     On June 8, 2017, another employee and/or agent of RURAL KING contacted Defendant KRUSE by sending him a cellphone text message concerning the business of RURAL KING.

12.     On June 8, 2017, the incoming text message from a RURAL KING employee and/or agent caused Defendant KRUSE to divert his attention from the roadway and traffic in front of him as he obtained his cellphone to determine the identity of the sender and to read the text message.

13.     On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and vehicles in front of him so as to obtain his cellphone and read the text message communication from another RURAL KING employee, Defendant KRUSE continued to drive his motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

14.     On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008 Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

15.     On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

16.     On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on

55

southbound Interstate 57 at the aforesaid location.

17.     On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA CONNER, as both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

18.     On June 8, 2017, at the aforesaid location, while using his RURAL KING provided cellphone to read an incoming text message communication sent by a RURAL KING employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

19.     On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

20.     At the time and place aforesaid, the airbag and related component parts, in the aforementioned 2008 Chevrolet Cobalt, failed to activate and/or deploy at the time of the aforesaid impact between the front of the Chevrolet Cobalt and the semi tractor trailer truck.

21.     On and before June 8, 2017, Defendant, CONTINENTAL/SIEMENS, was negligent in one or more of the following respects since CONTINENTAL/SIEMENS:

       a.     designed, manufactured, distributed, sold and provided the 2008 Chevrolet Cobalt with airbag restraint systems, airbag control modules, crash sensing devices and event data recorders that were unsafe, unsuitable and dangerous for use on said Cobalt;

       b.     designed, manufactured, distributed and sold the 2008 Chevrolet Cobalt with inadequate and unsafe standards of crash-worthiness, and without taking proper and sufficient precautions to ensure sufficient and accurate deployment of airbags;

c.      failed to provide purchasers with adequate, sufficient, accurate and proper warnings and information concerning the unsafe and dangerous conditions of the 2008 Chevrolet Cobalt airbag restraint systems, airbag control modules, crash sensing devices and event data recorders;

d.      failed to properly test, monitor and inspect the condition of the 2008 Chevrolet Cobalt airbag restraint systems, airbag control modules, crash sensing devices and event data recorders to ensure that it was safe, suitable, and appropriate for use on the roadway;

e.      failed to equip the Chevrolet Cobalt with a safe passenger compartment;

f.      designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt without complying with Defendant, GENERAL MOTOR's own internal guidelines and standards for design and testing of vehicles, airbags, and crash protection systems;

g.      Defendant, CONTINENTAL/SIEMENS, failed to implement design changes that CONTINENTAL SIEMENS' own engineers knew were necessary to render the 2008 Chevrolet Cobalt safe for use during foreseeable operating conditions;

h.      Defendant failed to modify the design of the airbag restraint systems, airbag control modules, crash sensing devices and event data recorders in the 2008 Chevrolet Cobalt after Defendants knew or should have known of the dangerous conditions inherent in the design;

i.      Defendant failed to issue proper warnings, reminders and instructions for owners and passengers of 2008 Chevrolet Cobalt vehicles as to the operation of the airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, after Defendants knew or should have known of the dangerous and unsafe design of their airbag and crash protection system;

j.      Defendant failed to properly notify, warn and instruct occupants of the 2008 Chevrolet Cobalt vehicle on the inadequate airbag protection provided to drivers during foreseeable vehicle maneuvers, including front end collisions;

k.      Defendant equipped the 2008 Chevrolet Cobalt with airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, that had a design, including activation and deployment sensors and devices, that provided completely inadequate crash protection to an occupant;

57

l.    Defendant failed to properly test the airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, under foreseeable operating conditions, including front and rear end collisions;

m.   Failed to equip its vehicle with a proper, safe and functioning crash sensing system;

n.   Failed to ensure that its airbag restraint systems, airbag control modules, crash sensing devices and event data recorders were compatible for use in the Chevrolet Cobalt with a faulty ignition system that caused loss of power to crash sensing devices during foreseeable collision events;

o.   Failed to ensure that frontal airbags would activate and deploy even after the Chevrolet Cobalt experienced a rear end collision event;

p.   Provided a crash sensing system that did not function properly after the Chevrolet Cobalt experienced a rear end collision event;

q.   Failed to ensure that the crash sensing device and airbag system in the Chevrolet Cobalt would function properly under all foreseeable crash scenarios;

r.   Failed to equip the Chevrolet Cobalt with a proper restraint system, seat belts and seat belt pretensioners so as to protect all vehicle occupants;

s.   Failed to equip the Chevrolet Cobalt with a restraint system, seat belts and seat belt pretensioners that would function properly during all foreseeable crash scenarios, and in the event of a loss of vehicle power during a crash; and,

t.   was otherwise negligent.

22.    As a proximate result of one or more of the aforementioned negligent acts and/or omissions, DEBRA J. CONNER, sustained injuries of a personal, permanent and pecuniary nature.

WHEREFORE, Plaintiff, DEBRA J. CONNER, demands judgment against Defendants, CONTINENTAL AG AND CONTINENTAL AUTOMOTIVE SYSTEMS US, INC., individually and as successor to SIEMENS AG, and SIEMEN AG individually, and each of

58

them, in an amount in excess of the jurisdictional limits of the Circuit Court of Champaign

County.

**COUNT XI**

**LILY A. LAWRENCE, a minor**

**STRICT LIABILITY**

**CONTINENTAL/SIEMENS**

Plaintiff, AMANDA CONNER, mother and next friend of LILY A. LAWRENCE, a

minor, by and through her attorneys, CLIFFORD LAW OFFICES, P.C., complaining of

Defendant, CONTINENTAL AG AND CONTINENTAL AUTOMOTIVE SYSTEMS US,

INC., Individually and as successor to SIEMENS AG, and SIEMENS AG Individually, states as

follows:

1.      On and before June 8, 2017, Defendant, CONTINENTAL/SIEMENS, was engaged

in the business of designing, manufacturing, engineering, testing, marketing, distributing and

selling airbag restraint systems, airbag control modules, crash sensing devices and event data

recorders, including for the 2008 Chevrolet Cobalt, and its component parts, owned by Plaintiff,

DEBRA J. CONNER and bearing vehicle identification number 1G1AL58F487225759.

2.      On and before June 8, 2017, Defendant, CONTINENTAL/SIEMENS, engaged in

the business of designing, manufacturing, engineering, testing, marketing, distributing and selling

airbag restraint systems, airbag control modules, crash sensing devices and event data recorders,

in and throughout Champaign County and Cook County, Illinois.

3.      On and before June 8, 2017, the aforesaid airbag restraint systems, airbag control

modules, crash sensing devices and event data recorders for the 2008 Chevrolet Cobalt, and its

59

component parts, were designed, manufactured, engineered, tested, marketed, distributed and sold by Defendant, CONTINENTAL/SIEMENS.

4.    On and before June 8, 2017, Defendant, CONTINENTAL/SIEMENS, had a duty to ensure that the aforesaid airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, for the 2008 Chevrolet Cobalt, and its component parts, were not designed, manufactured, engineered, tested, marketed, distributed and sold so as to be in an unreasonably dangerous condition.

5.    On and before June 8, 2017, Interstate 57 generally ran in north and south directions through Champaign County Illinois.

6.    On and before June 8, 2017, Defendant RURAL KING was a retail farm and home supply business and regularly conducted business in and throughout Champaign County, Illinois.

7.    On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee and/or agent of RURAL KING.

8.    One June 8, 2017, Defendant KRUSE owned, operated, managed, maintained and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

9.    On and before June 8, 2017, Defendant RURAL KING had provided an electronic communication device, commonly known as a cellphone to its employee and/or agent, Defendant STEVEN R. KRUSE.

10.    On June 8, 2017, Defendant KRUSE had his RURAL KING provided cellphone with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of

Milepost 237.

11.     On June 8, 2017, another employee and/or agent of RURAL KING contacted

Defendant KRUSE by sending him a cellphone text message concerning the business of RURAL

KING.

12.     On June 8, 2017, the incoming text message from a RURAL KING employee

and/or agent caused Defendant KRUSE to divert his attention from the roadway and traffic in

front of him as he obtained his cellphone to determine the identity of the sender and to read the

text message.

13.     On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and

vehicles in front of him so as to obtain his cellphone and read the text message communication

from another RURAL KING employee, Defendant KRUSE continued to drive his motor vehicle

in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

14.     On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008

Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles

north of Milepost 237.

15.     On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a

passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER

on southbound Interstate 57 at the aforesaid location.

16.     On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the

front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on

southbound Interstate 57 at the aforesaid location.

17.     On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo

61

motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA CONNER, as both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

18. On June 8, 2017, at the aforesaid location, while using his RURAL KING provided cellphone to read an incoming text message communication sent by a RURAL KING employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

19. On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

20. At the time and place aforesaid, the airbag and related component parts, in the aforementioned 2008 Chevrolet Cobalt, failed to activate and/or deploy.

21. On June 8, 2017, and at the time the aforementioned 2008 Chevrolet Cobalt left the control of Defendant, CONTINENTAL/SIEMENS, this vehicle and its airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, were in an unreasonably dangerous condition in one or more of the following respects:

      a.      designed, manufactured, distributed, sold and provided the 2008 Chevrolet Cobalt with airbag restraint systems, airbag control modules, crash sensing devices and event data recorders that were unsafe, unsuitable and dangerous for use on said Cobalt;

      b.      designed, manufactured, distributed and sold the 2008 Chevrolet Cobalt with inadequate and unsafe standards of crash-worthiness, and without taking proper and sufficient precautions to ensure sufficient and accurate deployment of airbags;

      c.      failed to provide purchasers with adequate, sufficient, accurate and proper warnings and information concerning the unsafe and dangerous conditions

of the 2008 Chevrolet Cobalt airbag restraint systems, airbag control modules, crash sensing devices and event data recorders;

d.  failed to properly test, monitor and inspect the condition of the 2008 Chevrolet Cobalt airbag restraint systems, airbag control modules, crash sensing devices and event data recorders to ensure that it was safe, suitable, and appropriate for use on the roadway;

e.  failed to equip the Chevrolet Cobalt with a safe passenger compartment;

f.  designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt without complying with Defendant, GENERAL MOTOR's own internal guidelines and standards for design and testing of vehicles, airbags, and crash protection systems;

g.  Defendant, CONTINENTAL/SIEMENS, failed to implement design changes that CONTINENTAL SIEMENS own engineers knew were necessary to render the 2008 Chevrolet Cobalt safe for use during foreseeable operating conditions;

h.  Defendant failed to modify the design of the airbag restraint systems, airbag control modules, crash sensing devices and event data recorders in the 2008 Chevrolet Cobalt after Defendants knew or should have known of the dangerous conditions inherent in the design;

i.  Defendant failed to issue proper warnings, reminders and instructions for owners and passengers of 2008 Chevrolet Cobalt vehicles as to the operation of the airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, after Defendants knew or should have known of the dangerous and unsafe design of their airbag and crash protection system;

j.  Defendant failed to properly notify, warn and instruct occupants of the 2008 Chevrolet Cobalt vehicle on the inadequate airbag protection provided to drivers during foreseeable vehicle maneuvers, including front end collisions;

k.  Defendant equipped the 2008 Chevrolet Cobalt with airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, that had a design, including activation and deployment sensors and devices, that provided completely inadequate crash protection to an occupant;

l.  Defendant failed to properly test the airbag restraint systems, airbag control

63

modules, crash sensing devices and event data recorders, under foreseeable operating conditions, including front and rear end collisions;

m.   Failed to equip its vehicle with a proper, safe and functioning crash sensing system;

n.   Failed to ensure that its airbag restraint systems, airbag control modules, crash sensing devices and event data recorders were compatible for use in the Chevrolet Cobalt with a faulty ignition system that caused loss of power to crash sensing devices during foreseeable collision events;

o.   Failed to ensure that frontal airbags would activate and deploy even after the Chevrolet Cobalt experienced a rear end collision event;

p.   Provided a crash sensing system that did not function properly after the Chevrolet Cobalt experienced a rear end collision event;

q.   Failed to ensure that the crash sensing device and airbag system in the Chevrolet Cobalt would function properly under all foreseeable crash scenarios;

r.   Failed to equip the Chevrolet Cobalt with a proper restraint system, seat belts and seat belt pretensioners so as to protect all vehicle occupants;

s.   Failed to equip the Chevrolet Cobalt with a restraint system, seat belts and seat belt pretensioners that would function properly during all foreseeable crash scenarios, and in the event of a loss of vehicle power during a crash; and,

t.   was otherwise unreasonably dangerous.

22. As a proximate result of one or more of the aforementioned unreasonably dangerous conditions, LILY A. LAWRENCE, a minor, sustained injuries of a personal, permanent and pecuniary nature.

WHEREFORE, Plaintiff, AMANDA CONNER, mother and next friend of LILY A. LAWRENCE, a minor, demands judgment against Defendants, CONTINENTAL AG AND CONTINENTAL AUTOMOTIVE SYSTEMS US, INC., individually and as successor to

SIEMENS AG, and SIEMENS AG individually, in an amount in excess of the jurisdictional limits of the Circuit Court of Champaign County, Illinois.

**COUNT XII**

**LILY A. LAWRENCE, a minor**

**NEGLIGENCE**

**CONTINENTAL/SIEMENS**

Plaintiff, AMANDA CONNER, mother and next friend of LILY A. LAWRENCE, a minor, by and through her attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendant, CONTINENTAL AG AND CONTINENTAL AUTOMOTIVE SYSTEMS US, INC., Individually and as successor to SIEMENS AG, and SIEMENS AG Individually, states as follows:

1.     On and before June 8, 2017, Defendant, CONTINENTAL/SIEMENS, was engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, including for the 2008 Chevrolet Cobalt, and its component parts, owned by Plaintiff, DEBRA J. CONNER and bearing vehicle identification number 1G1AL58F487225759.

2.     On and before June 8, 2017, Defendant, CONTINENTAL/SIEMENS, engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, in and throughout Champaign County and Cook County, Illinois.

3.     On and before June 8, 2017, the aforesaid airbag restraint systems, airbag control

65

modules, crash sensing devices and event data recorders for the 2008 Chevrolet Cobalt, and its component parts, were designed, manufactured, engineered, tested, marketed, distributed and sold by Defendant, CONTINENTAL/SIEMENS.

4.      On and before June 8, 2017, Defendant, CONTINENTAL/SIEMENS, had a duty to ensure that the aforesaid airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, for the 2008 Chevrolet Cobalt, and its component parts, were not designed, manufactured, engineered, tested, marketed, distributed and sold so as to be in an unsafe condition.

5.      On and before June 8, 2017, Interstate 57 generally ran in north and south directions through Champaign County Illinois.

6.      On and before June 8, 2017, Defendant RURAL KING was a retail farm and home supply business and regularly conducted business in and throughout Champaign County, Illinois.

7.      On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee and/or agent of RURAL KING.

8.      One June 8, 2017, Defendant KRUSE owned, operated, managed, maintained and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

9.      On and before June 8, 2017, Defendant RURAL KING had provided an electronic communication device, commonly known as a cellphone to its employee and/or agent, Defendant STEVEN R. KRUSE.

10.      On June 8, 2017, Defendant KRUSE had his RURAL KING provided cellphone

66

with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of Milepost 237.

11.     On June 8, 2017, another employee and/or agent of RURAL KING contacted Defendant KRUSE by sending him a cellphone text message concerning the business of RURAL KING.

12.     On June 8, 2017, the incoming text message from a RURAL KING employee and/or agent caused Defendant KRUSE to divert his attention from the roadway and traffic in front of him as he obtained his cellphone to determine the identity of the sender and to read the text message.

13.     On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and vehicles in front of him so as to obtain his cellphone and read the text message communication from another RURAL KING employee, Defendant KRUSE continued to drive his motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

14.     On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008 Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

15.     On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

16.     On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

67

17.    On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA CONNER, as both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

18.    On June 8, 2017, at the aforesaid location, while using his RURAL KING provided cellphone to read an incoming text message communication sent by a RURAL KING employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

19.    On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

20.    At the time and place aforesaid, the airbag and related component parts, in the aforementioned 2008 Chevrolet Cobalt, failed to activate and/or deploy.

21.    On and before June 8, 2017, Defendant, CONTINENTAL/SIEMENS, was negligent in one or more of the following respects since CONTINENTAL/SIEMENS:

      a.    designed, manufactured, distributed, sold and provided the 2008 Chevrolet Cobalt with airbag restraint systems, airbag control modules, crash sensing devices and event data recorders that were unsafe, unsuitable and dangerous for use on said Cobalt;

      b.    designed, manufactured, distributed and sold the 2008 Chevrolet Cobalt with inadequate and unsafe standards of crash-worthiness, and without taking proper and sufficient precautions to ensure sufficient and accurate deployment of airbags;

      c.    failed to provide purchasers with adequate, sufficient, accurate and proper warnings and information concerning the unsafe and dangerous conditions of the 2008 Chevrolet Cobalt airbag restraint systems, airbag control modules, crash sensing devices and event data recorders;

68

d.  failed to properly test, monitor and inspect the condition of the 2008 Chevrolet Cobalt airbag restraint systems, airbag control modules, crash sensing devices and event data recorders to ensure that it was safe, suitable, and appropriate for use on the roadway;

e.  failed to equip the Chevrolet Cobalt with a safe passenger compartment;

f.  designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt without complying with Defendant, GENERAL MOTOR's own internal guidelines and standards for design and testing of vehicles, airbags, and crash protection systems;

g.  Defendant, CONTINENTAL/SIEMENS, failed to implement design changes that CONTINENTAL SIEMENS own engineers knew were necessary to render the 2008 Chevrolet Cobalt safe for use during foreseeable operating conditions;

h.  Defendant failed to modify the design of the airbag restraint systems, airbag control modules, crash sensing devices and event data recorders in the 2008 Chevrolet Cobalt after Defendants knew or should have known of the dangerous conditions inherent in the design;

i.  Defendant failed to issue proper warnings, reminders and instructions for owners and passengers of 2008 Chevrolet Cobalt vehicles as to the operation of the airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, after Defendants knew or should have known of the dangerous and unsafe design of their airbag and crash protection system;

j.  Defendant failed to properly notify, warn and instruct occupants of the 2008 Chevrolet Cobalt vehicle on the inadequate airbag protection provided to drivers during foreseeable vehicle maneuvers, including front end collisions;

k.  Defendant equipped the 2008 Chevrolet Cobalt with airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, that had a design, including activation and deployment sensors and devices, that provided completely inadequate crash protection to an occupant;

l.  Defendant failed to properly test the airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, under foreseeable operating conditions, including front and rear end collisions;

69

m.   Failed to equip its vehicle with a proper, safe and functioning crash sensing system;

n.   Failed to ensure that its airbag restraint systems, airbag control modules, crash sensing devices and event data recorders were compatible for use in the Chevrolet Cobalt with a faulty ignition system that caused loss of power to crash sensing devices during foreseeable collision events;

o.   Failed to ensure that frontal airbags would activate and deploy even after the Chevrolet Cobalt experienced a rear end collision event;

p.   Provided a crash sensing system that did not function properly after the Chevrolet Cobalt experienced a rear end collision event;

q.   Failed to ensure that the crash sensing device and airbag system in the Chevrolet Cobalt would function properly under all foreseeable crash scenarios;

r.   Failed to equip the Chevrolet Cobalt with a proper restraint system, seat belts and seat belt pretensioners so as to protect all vehicle occupants;

s.   Failed to equip the Chevrolet Cobalt with a restraint system, seat belts and seat belt pretensioners that would function properly during all foreseeable crash scenarios, and in the event of a loss of vehicle power during a crash; and,

t.   was otherwise negligent.

22.   As a proximate result of one or more of the aforesaid negligent acts and/or omissions, Plaintiff, LILY A. LAWRENCE, a minor, sustained injuries of a personal, permanent and pecuniary nature.

WHEREFORE, Plaintiff, AMANDA CONNER, mother and next friend of LILY A. LAWRENCE, a minor, demands judgment against Defendants, CONTINENTAL AG AND CONTINENTAL AUTOMOTIVE SYSTEMS US, INC., individually and as successor to SIEMENS AG, and SIEMEN AG individually, in an amount in excess of the jurisdictional limits

of the Circuit Court of Champaign County, Illinois.

## COUNT XIII

## CAITLIN B. CONNER, deceased,

## STRICT LIABILITY – WRONGFUL DEATH

## CONTINENTAL/SIEMENS

Plaintiff, MATTHEW CONNER, individually and as Independent Administrator of the Estate of CAITLIN B. CONNER, a deceased minor, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants CONTINENTAL AG AND CONTINENTAL AUTOMOTIVE SYSTEMS US, INC., individually and as successor to SIEMENS AG, and SIEMENS AG individually, states as follows:

1.      On and before June 8, 2017, Defendant, CONTINENTAL/SIEMENS, was engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, for the 2008 Chevrolet Cobalt, owned by DEBRA J. CONNER and bearing vehicle identification number 1G1AL58F487225759.

2.      On and before June 8, 2017, Defendant, CONTINENTAL/SIEMENS, engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, in and throughout Champaign County and Cook County, Illinois.

3.      On and before June 8, 2017, the aforesaid airbag restraint systems, airbag control

71

modules, crash sensing devices and event data recorders for the 2008 Chevrolet Cobalt, and its component parts, were designed, manufactured, engineered, tested, marketed, distributed and sold by Defendant, CONTINENTAL/SIEMENS.

4.     On and before June 8, 2017, Defendant, CONTINENTAL/SIEMENS, had a duty to ensure that the aforesaid airbag restraint systems, airbag control modules, crash sensing devices and event data recorders for the 2008 Chevrolet Cobalt, and its component parts, were not designed, manufactured, engineered, tested, marketed, distributed and sold so as to be in an unreasonably dangerous condition.

5.     On and before June 8, 2017, Interstate 57 generally ran in north and south directions through Champaign County Illinois.

6.     On and before June 8, 2017, Defendant RURAL KING was a retail farm and home supply business and regularly conducted business in and throughout Champaign County, Illinois.

7.     On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee and/or agent of RURAL KING.

8.      One June 8, 2017, Defendant KRUSE owned, operated, managed, maintained and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

9.     On and before June 8, 2017, Defendant RURAL KING had provided an electronic communication device, commonly known as a cellphone to its employee and/or agent, Defendant STEVEN R. KRUSE.

10.     On June 8, 2017, Defendant KRUSE had his RURAL KING provided cellphone

72

with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of Milepost 237.

11.     On June 8, 2017, another employee and/or agent of RURAL KING contacted Defendant KRUSE by sending him a cellphone text message concerning the business of RURAL KING.

12.     On June 8, 2017, the incoming text message from a RURAL KING employee and/or agent caused Defendant KRUSE to divert his attention from the roadway and traffic in front of him as he obtained his cellphone to determine the identity of the sender and to read the text message.

13.     On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and vehicles in front of him so as to obtain his cellphone and read the text message communication from another RURAL KING employee, Defendant KRUSE continued to drive his motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

14.     On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008 Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

15.     On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

16.     On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

73

17.    On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA CONNER, as both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

18.    On June 8, 2017, at the aforesaid location, while using his RURAL KING provided cellphone to read an incoming text message communication sent by a RURAL KING employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

19.    On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

20.    At the time and place aforesaid, the airbag and related component parts, in the aforementioned 2008 Chevrolet Cobalt, failed to activate and/or deploy.

21.    On June 8, 2017, and at the time the aforementioned 2008 Chevrolet Cobalt left the control of Defendant, CONTINENTAL/SIEMENS, this vehicle and its aforesaid airbag restraint systems, airbag control modules, crash sensing devices and event data recorders were in an unreasonably dangerous condition in one or more of the following respects:

        a.     designed, manufactured, distributed, sold and provided the 2008 Chevrolet Cobalt with airbag restraint systems, airbag control modules, crash sensing devices and event data recorders that were unsafe, unsuitable and dangerous for use on said Cobalt;

        b.     designed, manufactured, distributed and sold the 2008 Chevrolet Cobalt with inadequate and unsafe standards of crash-worthiness, and without taking proper and sufficient precautions to ensure sufficient and accurate deployment of airbags;

74

c.     failed to provide purchasers with adequate, sufficient, accurate and proper warnings and information concerning the unsafe and dangerous conditions of the 2008 Chevrolet Cobalt airbag restraint systems, airbag control modules, crash sensing devices and event data recorders;

d.     failed to properly test, monitor and inspect the condition of the 2008 Chevrolet Cobalt airbag restraint systems, airbag control modules, crash sensing devices and event data recorders to ensure that it was safe, suitable, and appropriate for use on the roadway;

e.     failed to equip the Chevrolet Cobalt with a safe passenger compartment;

f.     designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt without complying with Defendant, GENERAL MOTOR's own internal guidelines and standards for design and testing of vehicles, airbags, and crash protection systems;

g.     Defendant, CONTINENTAL/SIEMENS, failed to implement design changes that CONTINENTAL SIEMENS own engineers knew were necessary to render the 2008 Chevrolet Cobalt safe for use during foreseeable operating conditions;

h.     Defendant failed to modify the design of the airbag restraint systems, airbag control modules, crash sensing devices and event data recorders in the 2008 Chevrolet Cobalt after Defendants knew or should have known of the dangerous conditions inherent in the design;

i.     Defendant failed to issue proper warnings, reminders and instructions for owners and passengers of 2008 Chevrolet Cobalt vehicles as to the operation of the airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, after Defendants knew or should have known of the dangerous and unsafe design of their airbag and crash protection system;

j.     Defendant failed to properly notify, warn and instruct occupants of the 2008 Chevrolet Cobalt vehicle on the inadequate airbag protection provided to drivers during foreseeable vehicle maneuvers, including front end collisions;

k.     Defendant equipped the 2008 Chevrolet Cobalt with airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, that had a design, including activation and deployment sensors and devices, that provided completely inadequate crash protection to an occupant;

75

l.    Defendant failed to properly test the airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, under foreseeable operating conditions, including front and rear end collisions;

m.    Failed to equip its vehicle with a proper, safe and functioning crash sensing system;

n.    Failed to ensure that its airbag restraint systems, airbag control modules, crash sensing devices and event data recorders were compatible for use in the Chevrolet Cobalt with a faulty ignition system that caused loss of power to crash sensing devices during foreseeable collision events;

o.    Failed to ensure that frontal airbags would activate and deploy even after the Chevrolet Cobalt experienced a rear end collision event;

p.    Provided a crash sensing system that did not function properly after the Chevrolet Cobalt experienced a rear end collision event;

q.    Failed to ensure that the crash sensing device and airbag system in the Chevrolet Cobalt would function properly under all foreseeable crash scenarios;

r.    Failed to equip the Chevrolet Cobalt with a proper restraint system, seat belts and seat belt pretensioners so as to protect all vehicle occupants;

s.    Failed to equip the Chevrolet Cobalt with a restraint system, seat belts and seat belt pretensioners that would function properly during all foreseeable crash scenarios, and in the event of a loss of vehicle power during a crash; and,

t.    was otherwise unreasonably dangerous.

22.    As a proximate result of one or more of the aforementioned unreasonably dangerous conditions, CAITLIN B. CONNER, a minor, sustained injuries of a personal, permanent and pecuniary nature that resulted in her death on June 8, 2017.

23.    Decedent, CAITLIN B. CONNER, a minor, left surviving her as her lawful heirs, her father MATTHEW CONNER, her mother AMANDA CONNER, and her siblings

LILY A. LAWRENCE, a minor, and COBY CONNER, a minor, all of whom have sustained

personal, pecuniary and emotional injuries as a result of the death of CAITLIN B. CONNER, a

minor.

    24.    Plaintiff MATTHEW CONNER has been appointed Independent Administrator

of the Estate of CAITLIN B. CONNER pursuant to order of the Circuit Court of the Sixth

Judicial District in Douglas County, Illinois.

    25.    Plaintiff MATTHEW CONNER, as Independent Administrator of the Estate of

CAITLIN B. CONNER, Deceased, brings this action pursuant to the Wrongful Death Act 740

ILCS 108/1 *et seq.*

    WHEREFORE, Plaintiff, MATTHEW CONNER, individually and as Independent

Administrator of the Estate of CAITLIN B. CONNER, a deceased minor, demands judgment

against Defendants, CONTINENTAL AG AND CONTINENTAL AUTOMOTIVE SYSTEMS

US, INC., individually and as successor to SIEMENS AG, and SIEMENS AG individually, in an

amount in excess of the jurisdictional limits of the Circuit Court of Champaign County.

**COUNT XIV**

**CAITLIN B. CONNER, deceased.**

**STRICT LIABILITY – SURVIVAL**

**CONTINENTAL/SIEMENS**

    Plaintiff, MATTHEW CONNER, individually and as Independent Administrator of the

Estate of CAITLIN B. CONNER, a deceased minor, by and through his attorneys, CLIFFORD

77

LAW OFFICES, P.C., complaining of Defendants CONTINENTAL AG AND CONTINENTAL AUTOMOTIVE SYSTEMS US, INC., individually and as successor to SIEMENS AG, and SIEMENS AG individually, states as follows:

1.　On and before June 8, 2017, Defendant, CONTINENTAL/SIEMENS, was engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, for the 2008 Chevrolet Cobalt, owned by DEBRA J. CONNER and bearing vehicle identification number 1G1AL58F487225759.

2.　On and before June 8, 2017, Defendant, CONTINENTAL/SIEMENS, engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, in and throughout Champaign County and Cook County, Illinois.

3.　On and before June 8, 2017, the aforesaid airbag restraint systems, airbag control modules, crash sensing devices and event data recorders for the 2008 Chevrolet Cobalt, and its component parts, were designed, manufactured, engineered, tested, marketed, distributed and sold by Defendant, CONTINENTAL/SIEMENS.

4.　On and before June 8, 2017, Defendant, CONTINENTAL/SIEMENS, had a duty to ensure that the aforesaid airbag restraint systems, airbag control modules, crash sensing devices and event data recorders for the 2008 Chevrolet Cobalt, and its component parts, were not designed, manufactured, engineered, tested, marketed, distributed and sold so as to be in an unreasonably dangerous condition.

5.　On and before June 8, 2017, Interstate 57 generally ran in north and south

78

directions through Champaign County Illinois.

6.     On and before June 8, 2017, Defendant RURAL KING was a retail farm and home supply business and regularly conducted business in and throughout Champaign County, Illinois.

7.     On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee and/or agent of RURAL KING.

8.      One June 8, 2017, Defendant KRUSE owned, operated, managed, maintained and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

9.     On and before June 8, 2017, Defendant RURAL KING had provided an electronic communication device, commonly known as a cellphone to its employee and/or agent, Defendant STEVEN R. KRUSE.

10.     On June 8, 2017, Defendant KRUSE had his RURAL KING provided cellphone with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of Milepost 237.

11.     On June 8, 2017, another employee and/or agent of RURAL KING contacted Defendant KRUSE by sending him a cellphone text message concerning the business of RURAL KING.

12.     On June 8, 2017, the incoming text message from a RURAL KING employee and/or agent caused Defendant KRUSE to divert his attention from the roadway and traffic in front of him as he obtained his cellphone to determine the identity of the sender and to read the text message.

79

13.     On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and vehicles in front of him so as to obtain his cellphone and read the text message communication from another RURAL KING employee, Defendant KRUSE continued to drive his motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

14.     On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008 Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

15.     On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

16.     On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

17.     On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA CONNER, as both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

18.     On June 8, 2017, at the aforesaid location, while using his RURAL KING provided cellphone to read an incoming text message communication sent by a RURAL KING employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

19.     On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff

80

DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's

Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

20.     At the time and place aforesaid, the airbag and related component parts, in the

aforementioned 2008 Chevrolet Cobalt, failed to activate and/or deploy.

21.     On June 8, 2017, and at the time the aforementioned 2008 Chevrolet Cobalt left the

control of Defendant, CONTINENTAL/SIEMENS, this vehicle and its aforesaid airbag restraint

systems, airbag control modules, crash sensing devices and event data recorders were in an

unreasonably dangerous condition in one or more of the following respects:

      a.    designed, manufactured, distributed, sold and provided the 2008 Chevrolet Cobalt with airbag restraint systems, airbag control modules, crash sensing devices and event data recorders that were unsafe, unsuitable and dangerous for use on said Cobalt;

      b.    designed, manufactured, distributed and sold the 2008 Chevrolet Cobalt with inadequate and unsafe standards of crash-worthiness, and without taking proper and sufficient precautions to ensure sufficient and accurate deployment of airbags;

      c.    failed to provide purchasers with adequate, sufficient, accurate and proper warnings and information concerning the unsafe and dangerous conditions of the 2008 Chevrolet Cobalt airbag restraint systems, airbag control modules, crash sensing devices and event data recorders;

      d.    failed to properly test, monitor and inspect the condition of the 2008 Chevrolet Cobalt airbag restraint systems, airbag control modules, crash sensing devices and event data recorders to ensure that it was safe, suitable, and appropriate for use on the roadway;

      e.    failed to equip the Chevrolet Cobalt with a safe passenger compartment;

      f.    designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt without complying with Defendant, GENERAL MOTOR's own internal guidelines and standards for design and testing of vehicles, airbags, and crash protection systems;

      g.    Defendant, CONTINENTAL/SIEMENS, failed to implement design

81

changes that CONTINENTAL SIEMENS own engineers knew were necessary to render the 2008 Chevrolet Cobalt safe for use during foreseeable operating conditions;

h.    Defendant failed to modify the design of the airbag restraint systems, airbag control modules, crash sensing devices and event data recorders in the 2008 Chevrolet Cobalt after Defendants knew or should have known of the dangerous conditions inherent in the design;

i.    Defendant failed to issue proper warnings, reminders and instructions for owners and passengers of 2008 Chevrolet Cobalt vehicles as to the operation of the airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, after Defendants knew or should have known of the dangerous and unsafe design of their airbag and crash protection system;

j.    Defendant failed to properly notify, warn and instruct occupants of the 2008 Chevrolet Cobalt vehicle on the inadequate airbag protection provided to drivers during foreseeable vehicle maneuvers, including front end collisions;

k.    Defendant equipped the 2008 Chevrolet Cobalt with airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, that had a design, including activation and deployment sensors and devices, that provided completely inadequate crash protection to an occupant;

l.    Defendant failed to properly test the airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, under foreseeable operating conditions, including front and rear end collisions;

m.    Failed to equip its vehicle with a proper, safe and functioning crash sensing system;

n.    Failed to ensure that its airbag restraint systems, airbag control modules, crash sensing devices and event data recorders were compatible for use in the Chevrolet Cobalt with a faulty ignition system that caused loss of power to crash sensing devices during foreseeable collision events;

o.    Failed to ensure that frontal airbags would activate and deploy even after the Chevrolet Cobalt experienced a rear end collision event;

p.    Provided a crash sensing system that did not function properly after the Chevrolet Cobalt experienced a rear end collision

event;

q.      Failed to ensure that the crash sensing device and airbag system in the Chevrolet Cobalt would function properly under all foreseeable crash scenarios;

r.      Failed to equip the Chevrolet Cobalt with a proper restraint system, seat belts and seat belt pretensioners so as to protect all vehicle occupants;

s.      Failed to equip the Chevrolet Cobalt with a restraint system, seat belts and seat belt pretensioners that would function properly during all foreseeable crash scenarios, and in the event of a loss of vehicle power during a crash; and,

t.      was otherwise unreasonably dangerous.

22.     As a proximate result of one or more of the aforementioned unreasonably dangerous conditions, CAITLIN B. CONNER, a minor, sustained injuries of a personal, permanent and pecuniary nature.

23.     Had CAITLIN B. CONNER, a minor, survived, she would Decedent, CAITLIN B. CONNER, a minor, left surviving her as her lawful heirs, her father MATTHEW CONNER, her mother AMANDA CONNER, and her siblings LILY A. LAWRENCE, a minor, and COBY CONNER, a minor, all of whom have sustained personal, pecuniary and emotional injuries as a result of the death of CAITLIN B. CONNER, a minor.

24.     Plaintiff MATTHEW CONNER has been appointed Independent Administrator of the Estate of CAITLIN B. CONNER pursuant to order of the Circuit Court of the Sixth Judicial District in Douglas County, Illinois.

25.     Plaintiff MATTHEW CONNER, as Independent Administrator of the Estate of CAITLIN B. CONNER, Deceased, brings this action pursuant to the Wrongful Death Act 740 ILCS 108/1 *et seq.*

WHEREFORE, Plaintiff, MATTHEW CONNER, individually and as Independent Administrator of the Estate of CAITLIN B. CONNER, a deceased minor, demands judgment against Defendants, CONTINENTAL AG AND CONTINENTAL AUTOMOTIVE SYSTEMS US, INC., individually and as successor to SIEMENS AG, and SIEMENS AG, individually in an amount in excess of the jurisdictional limits of the Circuit Court of Champaign County.

**COUNT XV**

**CAITLIN B. CONNER, deceased.**

**NEGLIGENCE- WRONGFUL DEATH**

**CONTINENTAL/SIEMENS**

Plaintiff, MATTHEW CONNER, individually and as Independent Administrator of the Estate of CAITLIN B. CONNER, a deceased minor, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants CONTINENTAL AG AND CONTINENTAL AUTOMOTIVE SYSTEMS US, INC., individually and as successor to SIEMENS AG, and SIEMENS AG individually, states as follows:

1.      On and before June 8, 2017, Defendant, CONTINENTAL/SIEMENS, was engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, for the 2008 Chevrolet Cobalt, owned by DEBRA J. CONNER and bearing vehicle identification number 1G1AL58F487225759.

2.      On and before June 8, 2017, Defendant, CONTINENTAL/SIEMENS, engaged in

the business of designing, manufacturing, engineering, testing, marketing, distributing and selling airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, in and throughout Champaign County and Cook County, Illinois.

3.     On and before June 8, 2017, the aforesaid airbag restraint systems, airbag control modules, crash sensing devices and event data recorders for the 2008 Chevrolet Cobalt, and its component parts, were designed, manufactured, engineered, tested, marketed, distributed and sold by Defendant, CONTINENTAL/SIEMENS.

4.     On and before June 8, 2017, Defendant, CONTINENTAL/SIEMENS, had a duty to ensure that the aforesaid airbag restraint systems, airbag control modules, crash sensing devices and event data recorders for the 2008 Chevrolet Cobalt, and its component parts, were not designed, manufactured, engineered, tested, marketed, distributed and sold so as to be in an unsafe condition.

5.     On and before June 8, 2017, Interstate 57 generally ran in north and south directions through Champaign County Illinois.

6.     On and before June 8, 2017, Defendant RURAL KING was a retail farm and home supply business and regularly conducted business in and throughout Champaign County, Illinois.

7.     On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee and/or agent of RURAL KING.

8.     One June 8, 2017, Defendant KRUSE owned, operated, managed, maintained and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

9.     On and before June 8, 2017, Defendant RURAL KING had provided an electronic communication device, commonly known as a cellphone to its employee and/or agent, Defendant STEVEN R. KRUSE.

10.     On June 8, 2017, Defendant KRUSE had his RURAL KING provided cellphone with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of Milepost 237.

11.     On June 8, 2017, another employee and/or agent of RURAL KING contacted Defendant KRUSE by sending him a cellphone text message concerning the business of RURAL KING.

12.     On June 8, 2017, the incoming text message from a RURAL KING employee and/or agent caused Defendant KRUSE to divert his attention from the roadway and traffic in front of him as he obtained his cellphone to determine the identity of the sender and to read the text message.

13.     On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and vehicles in front of him so as to obtain his cellphone and read the text message communication from another RURAL KING employee, Defendant KRUSE continued to drive his motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

14.     On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008 Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

15.     On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER

on southbound Interstate 57 at the aforesaid location.

16.     On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

17.     On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA CONNER, as both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

18.     On June 8, 2017, at the aforesaid location, while using his RURAL KING provided cellphone to read an incoming text message communication sent by a RURAL KING employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

19.     On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

20.     At the time and place aforesaid, the airbag and related component parts, in the aforementioned 2008 Chevrolet Cobalt, failed to activate and/or deploy.

21.     On and before June 8, 2017, Defendant CONTINENTAL/SIEMENS, was negligent in one or more of the following respects:

        a.     designed, manufactured, distributed, sold and provided the 2008 Chevrolet Cobalt with airbag restraint systems, airbag control modules, crash sensing devices and event data recorders that were unsafe, unsuitable and dangerous for use on said Cobalt;

        b.     designed, manufactured, distributed and sold the 2008 Chevrolet Cobalt

with inadequate and unsafe standards of crash-worthiness, and without taking proper and sufficient precautions to ensure sufficient and accurate deployment of airbags;

c. failed to provide purchasers with adequate, sufficient, accurate and proper warnings and information concerning the unsafe and dangerous conditions of the 2008 Chevrolet Cobalt airbag restraint systems, airbag control modules crash sensing devices and event data recorders;

d. failed to properly test, monitor and inspect the condition of the 2008 Chevrolet Cobalt airbag restraint systems, airbag control modules, crash sensing devices and event data recorders to ensure that it was safe, suitable, and appropriate for use on the roadway;

e. failed to equip the Chevrolet Cobalt with a safe passenger compartment;

f. designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt without complying with Defendant, GENERAL MOTOR's own internal guidelines and standards for design and testing of vehicles, airbags, and crash protection systems;

g. Defendant, CONTINENTAL/SIEMENS, failed to implement design changes that CONTINENTAL SIEMENS own engineers knew were necessary to render the 2008 Chevrolet Cobalt safe for use during foreseeable operating conditions;

h. Defendant failed to modify the design of the airbag restraint systems, airbag control modules, crash sensing devices and event data recorders in the 2008 Chevrolet Cobalt after Defendants knew or should have known of the dangerous conditions inherent in the design;

i. Defendant failed to issue proper warnings, reminders and instructions for owners and passengers of 2008 Chevrolet Cobalt vehicles as to the operation of the airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, after Defendants knew or should have known of the dangerous and unsafe design of their airbag and crash protection system;

j. Defendant failed to properly notify, warn and instruct occupants of the 2008 Chevrolet Cobalt vehicle on the inadequate airbag protection provided to drivers during foreseeable vehicle maneuvers, including front end collisions;

k. Defendant equipped the 2008 Chevrolet Cobalt with airbag restraint

88

systems, airbag control modules, crash sensing devices and event data recorders, that had a design, including activation and deployment sensors and devices, that provided completely inadequate crash protection to an occupant;

l.  Defendant failed to properly test the airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, under foreseeable operating conditions, including front and rear end collisions;

m.  Failed to equip its vehicle with a proper, safe and functioning crash sensing system;

n.  Failed to ensure that its airbag restraint systems, airbag control modules, crash sensing devices and event data recorders were compatible for use in the Chevrolet Cobalt with a faulty ignition system that caused loss of power to crash sensing devices during foreseeable collision events;

o.  Failed to ensure that frontal airbags would activate and deploy even after the Chevrolet Cobalt experienced a rear end collision event;

p.  Provided a crash sensing system that did not function properly after the Chevrolet Cobalt experienced a rear end collision event;

q.  Failed to ensure that the crash sensing device and airbag system in the Chevrolet Cobalt would function properly under all foreseeable crash scenarios;

r.  Failed to equip the Chevrolet Cobalt with a proper restraint system, seat belts and seat belt pretensioners so as to protect all vehicle occupants;

s.  Failed to equip the Chevrolet Cobalt with a restraint system, seat belts and seat belt pretensioners that would function properly during all foreseeable crash scenarios, and in the event of a loss of vehicle power during a crash; and,

t.  was otherwise negligent.

22.  As a proximate result of one or more of the aforementioned negligent acts and/or omissions, CAITLIN B. CONNER, a minor, sustained injuries of a personal, permanent and pecuniary nature that resulted in her death on June 8, 2017.

89

23. Decedent, CAITLIN B. CONNER, a minor, left surviving her as her lawful heirs, her father MATTHEW CONNER, her mother AMANDA CONNER, and her siblings LILY A. LAWRENCE, a minor, and COBY CONNER, a minor, all of whom have sustained personal, pecuniary and emotional injuries as a result of the death of CAITLIN B. CONNER, a minor.

24. Plaintiff MATTHEW CONNER has been appointed Independent Administrator of the Estate of CAITLIN B. CONNER pursuant to order of the Circuit Court of the Sixth Judicial District in Douglas County, Illinois.

25. Plaintiff MATTHEW CONNER, as Independent Administrator of the Estate of CAITLIN B. CONNER, Deceased, brings this action pursuant to the Wrongful Death Act 740 ILCS 108/1 *et seq.*

WHEREFORE, Plaintiff, MATTHEW CONNER, individually and as Independent Administrator of the Estate of CAITLIN B. CONNER, a deceased minor, demands judgment against Defendants, CONTINENTAL AG AND CONTINENTAL AUTOMOTIVE SYSTEMS US, INC., individually and as successor to SIEMENS AG, and SIEMENS AG individually, in an amount in excess of the jurisdictional limits of the Circuit Court of Champaign County.

## COUNT XVI

## CAITLIN B. CONNER, deceased.

## NEGLIGENCE- SURVIVAL

## CONTINENTAL/SIEMENS

90

Plaintiff, MATTHEW CONNER, individually and as Independent Administrator of the Estate of CAITLIN B. CONNER, a deceased minor, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants CONTINENTAL AG AND CONTINENTAL AUTOMOTIVE SYSTEMS US, INC., individually and as successor to SIEMENS AG, and SIEMENS AG individually, states as follows:

1.      On and before June 8, 2017, Defendant, CONTINENTAL/SIEMENS, was engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, for the 2008 Chevrolet Cobalt, owned by DEBRA J. CONNER and bearing vehicle identification number 1G1AL58F487225759.

2.      On and before June 8, 2017, Defendant, CONTINENTAL/SIEMENS, engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, in and throughout Champaign County and Cook County, Illinois.

3.      On and before June 8, 2017, the aforesaid airbag restraint systems, airbag control modules, crash sensing devices and event data recorders for the 2008 Chevrolet Cobalt, and its component parts, were designed, manufactured, engineered, tested, marketed, distributed and sold by Defendant, CONTINENTAL/SIEMENS.

4.      On and before June 8, 2017, Defendant, CONTINENTAL/SIEMENS, had a duty to ensure that the aforesaid airbag restraint systems, airbag control modules, crash sensing devices and event data recorders for the 2008 Chevrolet Cobalt, and its component parts, were not

91

designed, manufactured, engineered, tested, marketed, distributed and sold so as to be in an unsafe condition.

     5.     On and before June 8, 2017, Interstate 57 generally ran in north and south directions through Champaign County Illinois.

     6.     On and before June 8, 2017, Defendant RURAL KING was a retail farm and home supply business and regularly conducted business in and throughout Champaign County, Illinois.

     7.     On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee and/or agent of RURAL KING.

     8.     One June 8, 2017, Defendant KRUSE owned, operated, managed, maintained and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

     9.     On and before June 8, 2017, Defendant RURAL KING had provided an electronic communication device, commonly known as a cellphone to its employee and/or agent, Defendant STEVEN R. KRUSE.

     10.     On June 8, 2017, Defendant KRUSE had his RURAL KING provided cellphone with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of Milepost 237.

     11.     On June 8, 2017, another employee and/or agent of RURAL KING contacted Defendant KRUSE by sending him a cellphone text message concerning the business of RURAL KING.

     12.     On June 8, 2017, the incoming text message from a RURAL KING employee

and/or agent caused Defendant KRUSE to divert his attention from the roadway and traffic in front of him as he obtained his cellphone to determine the identity of the sender and to read the text message.

13.    On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and vehicles in front of him so as to obtain his cellphone and read the text message communication from another RURAL KING employee, Defendant KRUSE continued to drive his motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

14.    On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008 Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

15.    On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

16.    On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

17.    On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA CONNER, as both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

18.    On June 8, 2017, at the aforesaid location, while using his RURAL KING provided cellphone to read an incoming text message communication sent by a RURAL KING employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway

93

and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the

Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

19.    On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff

DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's

Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

20.    At the time and place aforesaid, the airbag and related component parts, in the

aforementioned 2008 Chevrolet Cobalt, failed to activate and/or deploy.

21.    On and before June 8, 2017, Defendant, CONTINENTAL/SIEMENS, was

negligent in one or more of the following respects:

    a.    Designed, manufactured, distributed, sold and provided the 2008 Chevrolet Cobalt with airbag restraint systems, airbag control modules, crash sensing devices and event data recorders that were unsafe, unsuitable and dangerous for use on said Cobalt;

    b.    Designed, manufactured, distributed and sold the 2008 Chevrolet Cobalt with inadequate and unsafe standards of crash-worthiness, and without taking proper and sufficient precautions to ensure sufficient and accurate deployment of airbags;

    c.    Failed to provide purchasers with adequate, sufficient, accurate and proper warnings and information concerning the unsafe and dangerous conditions of the 2008 Chevrolet Cobalt airbag restraint systems, airbag control modules, crash sensing devices and event data recorders;

    d.    Failed to properly test, monitor and inspect the condition of the 2008 Chevrolet Cobalt airbag restraint systems, airbag control modules, crash sensing devices and event data recorders to ensure that it was safe, suitable, and appropriate for use on the roadway;

    e.    failed to equip the Chevrolet Cobalt with a safe passenger compartment;

    f.    Designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt without complying with Defendant, GENERAL MOTOR's own internal guidelines and standards for design and testing of vehicles, airbags, and crash protection systems;

94

g.  Defendant, CONTINENTAL/SIEMENS, failed to implement design changes that CONTINENTAL SIEMENS own engineers knew were necessary to render the 2008 Chevrolet Cobalt safe for use during foreseeable operating conditions;

h.  Defendant failed to modify the design of the airbag restraint systems, airbag control modules, crash sensing devices and event data recorders in the 2008 Chevrolet Cobalt after Defendants knew or should have known of the dangerous conditions inherent in the design;

i.  Defendant failed to issue proper warnings, reminders and instructions for owners and passengers of 2008 Chevrolet Cobalt vehicles as to the operation of the airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, after Defendants knew or should have known of the dangerous and unsafe design of their airbag and crash protection system;

j.  Defendant failed to properly notify, warn and instruct occupants of the 2008 Chevrolet Cobalt vehicle on the inadequate airbag protection provided to drivers during foreseeable vehicle maneuvers, including front end collisions;

k.  Defendant equipped the 2008 Chevrolet Cobalt with airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, that had a design, including activation and deployment sensors and devices, that provided completely inadequate crash protection to an occupant;

l.  Defendant failed to properly test the airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, under foreseeable operating conditions, including front and rear end collisions;

m.  Failed to equip its vehicle with a proper, safe and functioning crash sensing system;

n.  Failed to ensure that its airbag restraint systems, airbag control modules, crash sensing devices and event data recorders were compatible for use in the Chevrolet Cobalt with a faulty ignition system that caused loss of power to crash sensing devices during foreseeable collision events;

o.  Failed to ensure that frontal airbags would activate and deploy even after the Chevrolet Cobalt experienced a rear end collision event;

95

p.   Provided a crash sensing system that did not function
properly after the Chevrolet Cobalt experienced a rear end collision
event;

q.   Failed to ensure that the crash sensing device and airbag system in the
Chevrolet Cobalt would function properly under all foreseeable crash
scenarios;

r.   Failed to equip the Chevrolet Cobalt with a proper restraint system, seat
belts and seat belt pretensioners so as to protect all vehicle occupants;

s.   Failed to equip the Chevrolet Cobalt with a restraint system, seat belts and
seat belt pretensioners that would function properly during all foreseeable
crash scenarios, and in the event of a loss of vehicle power during a crash;
and,

t.   was otherwise negligent.

22.   As a proximate result of one or more of the aforementioned negligent acts and/or

omissions, CAITLIN B. CONNER, a minor, sustained injuries of a personal, permanent and

pecuniary nature that resulted in her death on June 8, 2017.

23.   Had CAITLIN B. CONNER, a minor, survived, she would have been able to

bring an action for the injuries that she suffered, and this action has survived her pursuant to 735

ILCS 5/27, commonly referred to as the Illinois Survival Act.

24.   Plaintiff MATTHEW CONNER has been appointed Independent Administrator

of the Estate of CAITLIN B. CONNER pursuant to order of the Circuit Court of the Sixth

Judicial District in Douglas County, Illinois.

25.   Plaintiff MATTHEW CONNER, as Independent Administrator of the Estate of

CAITLIN B. CONNER, Deceased, brings this action pursuant to the Wrongful Death Act 740

ILCS 108/1 *et seq.*

WHEREFORE, Plaintiff, MATTHEW CONNER, individually and as Independent

96

Administrator of the Estate of CAITLIN B. CONNER, a deceased minor, demands judgment against Defendants, CONTINENTAL AG AND CONTINENTAL AUTOMOTIVE SYSTEMS US, INC., individually and as successor to SIEMENS AG, and SIEMENS AG individually, and each of them, in an amount in excess of the jurisdictional limits of the Circuit Court of Champaign County.

**COUNT XVII**

**CAITLIN B. CONNER, deceased**

**FAMILY EXPENSE ACT**

**CONTINENTAL/SIEMENS**

Plaintiff, MATTHEW CONNER, individually and as Independent Administrator of the Estate of CAITLIN B. CONNER, a deceased minor, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of CONTINENTAL AG AND CONTINENTAL AUTOMOTIVE SYSTEMS US, INC., individually and as successor to SIEMENS AG, and SIEMENS AG individually, states as follows:

1.    On and before June 8, 2017, Defendant, GENERAL MOTORS, was engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling motor vehicles, including a 2008 Chevrolet Cobalt, and its component parts, owned by Plaintiff, DEBRA J. CONNER and bearing vehicle identification number 1G1AL58F487225759.

2.    On and before June 8, 2017, Defendant, GENERAL MOTORS, engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling motor vehicles in and throughout Champaign County and Cook County, Illinois, and maintained

97

the office of its registered agent at CT Corporation System, 208 S. LaSalle Street, Chicago, Illinois 60604.

3.      Prior to June 8, 2017, the aforesaid 2008 Chevrolet Cobalt, and its component parts, including its airbag system and crash sensing devices, were designed, manufactured, engineered, tested, marketed, distributed and sold by Defendant, GENERAL MOTORS.

4.      On and before June 8, 2017, Defendant, GENERAL MOTORS, had a duty to exercise ordinary care to ensure that the aforesaid 2008 Chevrolet Cobalt, and its component parts, were not designed, manufactured, engineered, tested, marketed, distributed and sold so as to be in an unsafe condition.

5.      On and before June 8, 2017, Interstate 57 generally ran in north and south directions through Champaign County Illinois.

6.      On and before June 8, 2017, Defendant RURAL KING was a retail farm and home supply business and regularly conducted business in and throughout Champaign County, Illinois.

7.      On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee and/or agent of RURAL KING.

8.      One June 8, 2017, Defendant KRUSE owned, operated, managed, maintained and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

9.      On and before June 8, 2017, Defendant RURAL KING had provided an electronic communication device, commonly known as a cellphone to its employee and/or agent, Defendant STEVEN R. KRUSE.

98

10.     On June 8, 2017, Defendant KRUSE had his RURAL KING provided cellphone with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of Milepost 237.

11.     On June 8, 2017, another employee and/or agent of RURAL KING contacted Defendant KRUSE by sending him a cellphone text message concerning the business of RURAL KING.

12.     On June 8, 2017, the incoming text message from a RURAL KING employee and/or agent caused Defendant KRUSE to divert his attention from the roadway and traffic in front of him as he obtained his cellphone to determine the identity of the sender and to read the text message.

13.     On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and vehicles in front of him so as to obtain his cellphone and read the text message communication from another RURAL KING employee, Defendant KRUSE continued to drive his motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

14.     On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008 Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

15.     On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

16.     On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on

southbound Interstate 57 at the aforesaid location.

      17.    On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA CONNER, as both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

      18.    On June 8, 2017, at the aforesaid location, while using his RURAL KING provided cellphone to read an incoming text message communication sent by a RURAL KING employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

      19.    On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

      20.    At the time and place aforesaid, the airbag and related component parts, in the aforementioned 2008 Chevrolet Cobalt, failed to activate and/or deploy.

      21.    On  and before June 8, 2017, Defendant, GENERAL MOTORS, was negligent  in one or more of the following respects since General Motors:

          a.    designed, manufactured, distributed, sold and provided the 2008 Chevrolet Cobalt with an airbag and related crash protection system that were unsafe, unsuitable and dangerous for use on said Cobalt;

          b.    designed, manufactured, distributed and sold the 2008 Chevrolet Cobalt with inadequate and unsafe standards of crash-worthiness, and without taking proper and sufficient precautions to ensure sufficient and accurate deployment of airbags;

          c.    failed to provide purchasers with adequate, sufficient, accurate and proper warnings and information concerning the unsafe, unstable, and dangerous conditions of the 2008 Chevrolet Cobalt;

d.      failed to properly test, monitor and inspect the condition of the 2008 Chevrolet Cobalt airbag and/or crash protection system to ensure that it was safe, suitable, and appropriate for use on the roadway;

e.      designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt without conducting limits testing;

f.      designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt without complying with Defendant, GENERAL MOTOR's own internal guidelines and standards for design and testing of vehicles, airbags, and crash protection systems;

g.      Defendant, GENERAL MOTORS, failed to implement design changes that GENERAL MOTOR'S own engineers knew were necessary to render the 2008 Chevrolet Cobalt safe for use during foreseeable operating conditions;

h.      Defendant failed to modify the design of the airbag and crash protection system in the 2008 Chevrolet Cobalt after Defendants knew or should have known of the dangerous conditions inherent in the design;

i.      Defendant failed to issue proper warnings, reminders and instructions for owners and passengers of 2008 Chevrolet Cobalt vehicles as to the operation of the airbag and crash protection system, after Defendants knew or should have known of the dangerous and unsafe design of their airbag and crash protection system;

j.      Defendant failed to properly notify, warn and instruct occupants of the 2008 Chevrolet Cobalt vehicle on the inadequate airbag protection provided to drivers during foreseeable vehicle maneuvers, including front end collisions;

k.      Defendant equipped the 2008 Chevrolet Cobalt with an airbag and crash protection system that had a design, including activation and deployment sensors and devices, that provided completely inadequate crash protection to an occupant;

l.      Defendant failed to properly test the airbag and crash protection system under foreseeable operating conditions, including front end collisions;

m.      Failed to equip its vehicle with a proper, safe and functioning crash sensing system;

n.      Equipped its Chevrolet Cobalt with a faulty ignition system that caused loss

101

of power to crash sensing devices during foreseeable collision events;

o.    Failed to ensure that its frontal airbags would activate and deploy even after the Chevrolet Cobalt experienced a rear end collision event;

p.    Equipped its vehicle with a crash sensing system that did not function properly after the Chevrolet Cobalt experienced a rear end collision event;

q.    Failed to ensure that the crash sensing device and airbag system in its C hevrolet would function properly under all foreseeable crash scenarios;

r.    Failed to equip its Chevrolet Cobalt with a proper restraint system, seat belts and seat belt pretensioners so as to protect all vehicle occupant;

s.    Failed to equip its Chevrolet Cobalt with a restraint system, seat belts and seat belt pretensioners that would function properly during all foreseeable crash scenarios, and in the event of a loss of vehicle power during a crash; and,

t.    was otherwise negligent.

22.    As a proximate result of one or more of the aforementioned negligent acts and/or omissions, CAITLIN B. CONNER, a minor, sustained injuries of a personal, permanent and pecuniary nature that resulted in her death on June 8, 2017.

23.    As a proximate result of the injuries sustained by CAITLIN B. CONNER, her parents MATTHEW CONNER and AMANDA CONNER became obligated for the medical expenses incurred for treatment of said injuries pursuant to 750 ILCS 65/15.

WHEREFORE, MATTHEW CONNER and AMANDA CONNER, as parents of CAITLIN CONNER, Deceased, demand judgment against Defendants, CONTINENTAL AG AND CONTINENTAL AUTOMOTIVE SYSTEMS US, INC., individually and as successor to SIEMENS AG, and SIEMENS AG individually, in an amount in excess of the jurisdictional limits of the Circuit Court of Champaign County, Illinois.

## COUNT XVIII

### LILY A. LAWRENCE, a minor

### FAMILY EXPENSE ACT

### CONTINENTAL/SIEMENS

Plaintiff, AMANDA CONNER, mother and next friend of LILY A. LAWRENCE, a minor, by and through her attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendant, CONTINENTAL AG AND CONTINENTAL AUTOMOTIVE SYSTEMS US, INC., Individually and as successor to SIEMENS AG, and SIEMENS AG Individually, states as follows:

1.     On and before June 8, 2017, Defendant, CONTINENTAL/SIEMENS, was engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, including for the 2008 Chevrolet Cobalt, and its component parts, owned by Plaintiff, DEBRA J. CONNER and bearing vehicle identification number 1G1AL58F487225759.

2.     On and before June 8, 2017, Defendant, CONTINENTAL/SIEMENS, engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, in and throughout Champaign County and Cook County, Illinois.

3.     On and before June 8, 2017, the aforesaid airbag restraint systems, airbag control modules, crash sensing devices and event data recorders for the 2008 Chevrolet Cobalt, and its

103

component parts, were designed, manufactured, engineered, tested, marketed, distributed and sold by Defendant, CONTINENTAL/SIEMENS.

    4.     On and before June 8, 2017, Defendant, CONTINENTAL/SIEMENS, had a duty to ensure that the aforesaid airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, for the 2008 Chevrolet Cobalt, and its component parts, were not designed, manufactured, engineered, tested, marketed, distributed and sold so as to be in an unsafe condition.

    5.     On and before June 8, 2017, Interstate 57 generally ran in north and south directions through Champaign County Illinois.

    6.     On and before June 8, 2017, Defendant RURAL KING was a retail farm and home supply business and regularly conducted business in and throughout Champaign County, Illinois.

    7.     On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee and/or agent of RURAL KING.

    8.     One June 8, 2017, Defendant KRUSE owned, operated, managed, maintained and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

    9.     On and before June 8, 2017, Defendant RURAL KING had provided an electronic communication device, commonly known as a cellphone to its employee and/or agent, Defendant STEVEN R. KRUSE.

    10.    On June 8, 2017, Defendant KRUSE had his RURAL KING provided cellphone with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of

Milepost 237.

11.     On June 8, 2017, another employee and/or agent of RURAL KING contacted Defendant KRUSE by sending him a cellphone text message concerning the business of RURAL KING.

12.     On June 8, 2017, the incoming text message from a RURAL KING employee and/or agent caused Defendant KRUSE to divert his attention from the roadway and traffic in front of him as he obtained his cellphone to determine the identity of the sender and to read the text message.

13.     On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and vehicles in front of him so as to obtain his cellphone and read the text message communication from another RURAL KING employee, Defendant KRUSE continued to drive his motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

14.     On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008 Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

15.     On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

16.     On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

17.     On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo

105

motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA CONNER, as

both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

18.     On June 8, 2017, at the aforesaid location, while using his RURAL KING

provided cellphone to read an incoming text message communication sent by a RURAL KING

employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway

and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the

Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

19.     On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff

DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's

Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

20.     At the time and place aforesaid, the airbag and related component parts, in the

aforementioned 2008 Chevrolet Cobalt, failed to activate and/or deploy.

21.     On June 8, 2017, Defendant, CONTINENTAL/SIEMENS, was negligent in one

or more of the following respects since CONTINENTAL/SIEMENS:

     a.     designed, manufactured, distributed, sold and provided the 2008 Chevrolet Cobalt with airbag restraint systems, airbag control modules, crash sensing devices and event data recorders that were unsafe, unsuitable and dangerous for use on said Cobalt;

     b.     designed, manufactured, distributed and sold the 2008 Chevrolet Cobalt with inadequate and unsafe standards of crash-worthiness, and without taking proper and sufficient precautions to ensure sufficient and accurate deployment of airbags;

     c.     failed to provide purchasers with adequate, sufficient, accurate and proper warnings and information concerning the unsafe and dangerous conditions of the 2008 Chevrolet Cobalt airbag restraint systems, airbag control modules, crash sensing devices and event data recorders;

     d.     failed to properly test, monitor and inspect the condition of the 2008

Chevrolet Cobalt airbag restraint systems, airbag control modules, crash sensing devices and event data recorders to ensure that it was safe, suitable, and appropriate for use on the roadway;

e.  failed to equip the Chevrolet Cobalt with a safe passenger compartment;

f.  designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt without complying with Defendant, GENERAL MOTOR's own internal guidelines and standards for design and testing of vehicles, airbags, and crash protection systems;

g.  Defendant, CONTINENTAL/SIEMENS, failed to implement design changes that CONTINENTAL SIEMENS own engineers knew were necessary to render the 2008 Chevrolet Cobalt safe for use during foreseeable operating conditions;

h.  Defendant failed to modify the design of the airbag restraint systems, airbag control modules, crash sensing devices and event data recorders in the 2008 Chevrolet Cobalt after Defendants knew or should have known of the dangerous conditions inherent in the design;

i.  Defendant failed to issue proper warnings, reminders and instructions for owners and passengers of 2008 Chevrolet Cobalt vehicles as to the operation of the airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, after Defendants knew or should have known of the dangerous and unsafe design of their airbag and crash protection system;

j.  Defendant failed to properly notify, warn and instruct occupants of the 2008 Chevrolet Cobalt vehicle on the inadequate airbag protection provided to drivers during foreseeable vehicle maneuvers, including front end collisions;

k.  Defendant equipped the 2008 Chevrolet Cobalt with airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, that had a design, including activation and deployment sensors and devices, that provided completely inadequate crash protection to an occupant;

l.  Defendant failed to properly test the airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, under foreseeable operating conditions, including front and rear end collisions;

m.  Failed to equip its vehicle with a proper, safe and functioning crash

107

sensing system;

n.   Failed to ensure that its airbag restraint systems, airbag control modules, crash sensing devices and event data recorders were compatible for use in the Chevrolet Cobalt with a faulty ignition system that caused loss of power to crash sensing devices during foreseeable collision events;

o.   Failed to ensure that frontal airbags would activate and deploy even after the Chevrolet Cobalt experienced a rear end collision event;

p.   Provided a crash sensing system that did not function properly after the Chevrolet Cobalt experienced a rear end collision event;

q.   Failed to ensure that the crash sensing device and airbag system in the Chevrolet Cobalt would function properly under all foreseeable crash scenarios;

r.   Failed to equip the Chevrolet Cobalt with a proper restraint system, seat belts and seat belt pretensioners so as to protect all vehicle occupants;

s.   Failed to equip the Chevrolet Cobalt with a restraint system, seat belts and seat belt pretensioners that would function properly during all foreseeable crash scenarios, and in the event of a loss of vehicle power during a crash; and,

t.   was otherwise negligent.

22.    As a proximate result of one or more of the aforesaid negligent acts and/or omissions, Plaintiff, LILY A. LAWRENCE, a minor, sustained injuries of a personal, permanent and pecuniary nature.

23.    As a proximate result of the injuries sustained by LILY A. LAWRENCE, her parents MATTHEW CONNER and AMANDA CONNER became obligated for the medical expenses incurred for treatment of said injuries pursuant to 750 ILCS 65/15.

WHEREFORE, Plaintiff, AMANDA CONNER, mother and next friend of LILY A. LAWRENCE, a minor, demands judgment against Defendants, CONTINENTAL AG AND

CONTINENTAL AUTOMOTIVE SYSTEMS US, INC., individually and as successor to SIEMENS AG, and SIEMEN AG individually, in an amount in excess of the jurisdictional limits of the Circuit Court of Champaign County, Illinois.

**COUNT XIX**

**CAITLIN B. CONNER, deceased**

**FAMILY EXPENSE ACT**

**GENERAL MOTORS**

Plaintiff, MATTHEW CONNER, individually and as Independent Administrator of the Estate of CAITLIN B. CONNER, a deceased minor, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendant GENERAL MOTORS, LLC and GENERAL MOTORS COMPANY, collectively, (hereinafter "GENERAL MOTORS") states as follows:

1.     On and before June 8, 2017, Defendant, GENERAL MOTORS, was engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling motor vehicles, including a 2008 Chevrolet Cobalt, and its component parts, owned by Plaintiff, DEBRA J. CONNER and bearing vehicle identification number 1G1AL58F487225759.

2.     On and before June 8, 2017, Defendant, GENERAL MOTORS, engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling motor vehicles in and throughout Champaign County and Cook County, Illinois, and maintained the office of its registered agent at CT Corporation System, 208 S. LaSalle Street, Chicago, Illinois 60604.

3.     Prior to June 8, 2017, the aforesaid 2008 Chevrolet Cobalt, and its component parts,

109

including its airbag system and crash sensing devices, were designed, manufactured, engineered, tested, marketed, distributed and sold by Defendant, GENERAL MOTORS.

4.      On and before June 8, 2017, Defendant, GENERAL MOTORS, had a duty to exercise ordinary care to ensure that the aforesaid 2008 Chevrolet Cobalt, and its component parts, were not designed, manufactured, engineered, tested, marketed, distributed and sold so as to be in an unsafe condition.

5.      On and before June 8, 2017, Interstate 57 generally ran in north and south directions through Champaign County Illinois.

6.      On and before June 8, 2017, Defendant RURAL KING was a retail farm and home supply business and regularly conducted business in and throughout Champaign County, Illinois.

7.      On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee and/or agent of RURAL KING.

8.      One June 8, 2017, Defendant KRUSE owned, operated, managed, maintained and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

9.      On and before June 8, 2017, Defendant RURAL KING had provided an electronic communication device, commonly known as a cellphone to its employee and/or agent, Defendant STEVEN R. KRUSE.

10.      On June 8, 2017, Defendant KRUSE had his RURAL KING provided cellphone with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of Milepost 237.

110

11.     On June 8, 2017, another employee and/or agent of RURAL KING contacted Defendant KRUSE by sending him a cellphone text message concerning the business of RURAL KING.

12.     On June 8, 2017, the incoming text message from a RURAL KING employee and/or agent caused Defendant KRUSE to divert his attention from the roadway and traffic in front of him as he obtained his cellphone to determine the identity of the sender and to read the text message.

13.     On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and vehicles in front of him so as to obtain his cellphone and read the text message communication from another RURAL KING employee, Defendant KRUSE continued to drive his motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

14.     On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008 Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

15.     On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

16.     On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

17.     On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA CONNER, as

111

both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

18.     On June 8, 2017, at the aforesaid location, while using his RURAL KING

provided cellphone to read an incoming text message communication sent by a RURAL KING

employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway

and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the

Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

19.     On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff

DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's

Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

20.     At the time and place aforesaid, the airbag and related component parts, in the

aforementioned 2008 Chevrolet Cobalt, failed to activate and/or deploy.

21.     On   and before June 8, 2017, Defendant, GENERAL MOTORS, was negligent   in

one or more of the following respects since General Motors:

> a.  designed, manufactured, distributed, sold and provided the 2008 Chevrolet Cobalt with an airbag and related crash protection system that were unsafe, unsuitable and dangerous for use on said Cobalt;
>
> b.  designed, manufactured, distributed and sold the 2008 Chevrolet Cobalt with inadequate and unsafe standards of crash-worthiness, and without taking proper and sufficient precautions to ensure sufficient and accurate deployment of airbags;
>
> c.  failed to provide purchasers with adequate, sufficient, accurate and proper warnings and information concerning the unsafe, unstable, and dangerous conditions of the 2008 Chevrolet Cobalt;
>
> d.  failed to properly test, monitor and inspect the condition of the 2008 Chevrolet Cobalt airbag and/or crash protection system to ensure that it was safe, suitable, and appropriate for use on the roadway;
>
> e.  designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt

112

without conducting limits testing;

f.      designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt without complying with Defendant, GENERAL MOTOR's own internal guidelines and standards for design and testing of vehicles, airbags, and crash protection systems;

g.      Defendant, GENERAL MOTORS, failed to implement design changes that GENERAL MOTOR'S own engineers knew were necessary to render the 2008 Chevrolet Cobalt safe for use during foreseeable operating conditions;

h.      Defendant failed to modify the design of the airbag and crash protection system in the 2008 Chevrolet Cobalt after Defendants knew or should have known of the dangerous conditions inherent in the design;

i.      Defendant failed to issue proper warnings, reminders and instructions for owners and passengers of 2008 Chevrolet Cobalt vehicles as to the operation of the airbag and crash protection system, after Defendants knew or should have known of the dangerous and unsafe design of their airbag and crash protection system;

j.      Defendant failed to properly notify, warn and instruct occupants of the 2008 Chevrolet Cobalt vehicle on the inadequate airbag protection provided to drivers during foreseeable vehicle maneuvers, including front end collisions;

k.      Defendant equipped the 2008 Chevrolet Cobalt with an airbag and crash protection system that had a design, including activation and deployment sensors and devices, that provided completely inadequate crash protection to an occupant;

l.      Defendant failed to properly test the airbag and crash protection system under foreseeable operating conditions, including front end collisions;

m.      Failed to equip its vehicle with a proper, safe and functioning crash sensing system;

n.      Equipped its Chevrolet Cobalt with a faulty ignition system that caused loss of power to crash sensing devices during foreseeable collision events;

o.      Failed to ensure that its frontal airbags would activate and deploy even after the Chevrolet Cobalt experienced a rear end collision event;

p.      Equipped its vehicle with a crash sensing system that did not function

113

        properly after the Chevrolet Cobalt experienced a rear end collision event;

q.    Failed to ensure that the crash sensing device and airbag system in its Chevrolet would function properly under all foreseeable crash scenarios;

r.    Failed to equip its Chevrolet Cobalt with a proper restraint system, seat belts and seat belt pretensioners so as to protect all vehicle occupant;

s.    Failed to equip its Chevrolet Cobalt with a restraint system, seat belts and seat belt pretensioners that would function properly during all foreseeable crash scenarios, and in the event of a loss of vehicle power during a crash; and,

t.    was otherwise negligent.

22.    As a proximate result of one or more of the aforementioned negligent acts and/or omissions, CAITLIN B. CONNER, a minor, sustained injuries of a personal, permanent and pecuniary nature that resulted in her death on June 8, 2017.

23.    As a proximate result of the injuries sustained by CAITLIN B. CONNER, her parents MATTHEW CONNER and AMANDA CONNER became obligated for the medical expenses incurred for treatment of said injuries pursuant to 750 ILCS 65/15.

WHEREFORE, MATTHEW CONNER and AMANDA CONNER, as parents of CAITLIN CONNER, Deceased, demand judgment against Defendant GENERAL MOTORS, LLC and GENERAL MOTORS COMPANY, and each of them, in an amount in excess of the jurisdictional limits of the Circuit Court of Champaign County, Illinois.

**COUNT XX**

**LILY A. LAWRENCE**

**FAMILY EXPENSE ACT**

**GENERAL MOTORS**

Plaintiff, AMANDA CONNER, as mother and next friend of LILY A. LAWRENCE, a minor, by and through her attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendant, GENERAL MOTORS, LLC and GENERAL MOTORS COMPANY, (hereinafter collectively, "GENERAL MOTORS"), states as follows:

1.    On and before June 8, 2017, Defendant, GENERAL MOTORS, was engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling motor vehicles, including a 2008 Chevrolet Cobalt, and its component parts, owned by Plaintiff, DEBRA J. CONNER and bearing vehicle identification number 1G1AL58F487225759.

2.    On and before June 8, 2017, Defendant, GENERAL MOTORS, engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling motor vehicles in and throughout Champaign County and Cook County, Illinois, and maintained the office of its registered agent at CT Corporation System, 208 S. LaSalle Street, Chicago, Illinois 60604.

3.    Prior to June 8, 2017, the aforesaid 2008 Chevrolet Cobalt, and its component parts, including its airbag system and crash sensing devices, were designed, manufactured, engineered, tested, marketed, distributed and sold by Defendant, GENERAL MOTORS.

4.    On and before June 8, 2017, Defendant, GENERAL MOTORS, had a duty to exercise ordinary care to ensure that the aforesaid 2008 Chevrolet Cobalt, and its component parts, were not designed, manufactured, engineered, tested, marketed, distributed and sold so as to be in an unsafe condition.

5.    On and before June 8, 2017, Interstate 57 generally ran in north and south directions through Champaign County Illinois.

115

6.     On and before June 8, 2017, Defendant RURAL KING was a retail farm and home supply business and regularly conducted business in and throughout Champaign County, Illinois.

7.     On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee and/or agent of RURAL KING.

8.     One June 8, 2017, Defendant KRUSE owned, operated, managed, maintained and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

9.     On and before June 8, 2017, Defendant RURAL KING had provided an electronic communication device, commonly known as a cellphone to its employee and/or agent, Defendant STEVEN R. KRUSE.

10.    On June 8, 2017, Defendant KRUSE had his RURAL KING provided cellphone with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of Milepost 237.

11.    On June 8, 2017, another employee and/or agent of RURAL KING contacted Defendant KRUSE by sending him a cellphone text message concerning the business of RURAL KING.

12.    On June 8, 2017, the incoming text message from a RURAL KING employee and/or agent caused Defendant KRUSE to divert his attention from the roadway and traffic in front of him as he obtained his cellphone to determine the identity of the sender and to read the text message.

13.    On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and

116

vehicles in front of him so as to obtain his cellphone and read the text message communication

from another RURAL KING employee, Defendant KRUSE continued to drive his motor vehicle

in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

14.    On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008

Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles

north of Milepost 237.

15.    On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a

passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER

on southbound Interstate 57 at the aforesaid location.

16.    On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the

front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on

southbound Interstate 57 at the aforesaid location.

17.    On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo

motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA CONNER, as

both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

18.    On June 8, 2017, at the aforesaid location, while using his RURAL KING

provided cellphone to read an incoming text message communication sent by a RURAL KING

employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway

and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the

Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

19.    On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff

DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's

117

Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

20.     At the time and place aforesaid, the airbag and related component parts, in the aforementioned 2008 Chevrolet Cobalt, failed to activate and/or deploy.

21.     On and before June 8, 2017, Defendant General Motors was negligent in one or more of the following respects since General Motors:

a.      designed, manufactured, distributed, sold and provided the 2008 Chevrolet Cobalt with an airbag and related crash protection system that were unsafe, unsuitable and dangerous for use on said Cobalt;

b.      designed, manufactured, distributed and sold the 2008 Chevrolet Cobalt with inadequate and unsafe standards of crash-worthiness, and without taking proper and sufficient precautions to ensure sufficient and accurate deployment of airbags;

c.      failed to provide purchasers with adequate, sufficient, accurate and proper warnings and information concerning the unsafe, unstable, and dangerous conditions of the 2008 Chevrolet Cobalt;

d.      failed to properly test, monitor and inspect the condition of the 2008 Chevrolet Cobalt airbag and/or crash protection system to ensure that it was safe, suitable, and appropriate for use on the roadway;

e.      designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt without conducting limits testing;

f.      designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt without complying with Defendant, GENERAL MOTOR's own internal guidelines and standards for design and testing of vehicles, airbags, and crash protection systems;

g.      Defendant, GENERAL MOTORS, failed to implement design changes that GENERAL MOTOR'S own engineers knew were necessary to render the 2008 Chevrolet Cobalt safe for use during foreseeable operating conditions;

h.      Defendant failed to modify the design of the airbag and crash protection system in the 2008 Chevrolet Cobalt after Defendants knew or should have known of the dangerous conditions inherent in the design;

i.      Defendant failed to issue proper warnings, reminders and instructions for

118

owners and passengers of 2008 Chevrolet Cobalt vehicles as to the operation of the airbag and crash protection system, after Defendants knew or should have known of the dangerous and unsafe design of their airbag and crash protection system;

j.    Defendant failed to properly notify, warn and instruct occupants of the 2008 Chevrolet Cobalt vehicle on the inadequate airbag protection provided to drivers during foreseeable vehicle maneuvers, including front end collisions;

k.    Defendant equipped the 2008 Chevrolet Cobalt with an airbag and crash protection system that had a design, including activation and deployment sensors and devices, that provided completely inadequate crash protection to an occupant;

l.    Defendant failed to properly test the airbag and crash protection system under foreseeable operating conditions, including front end collisions;

m.    Failed to equip its vehicle with a proper, safe and functioning crash sensing system;

n.    Equipped its Chevrolet Cobalt with a faulty ignition system that caused loss of power to crash sensing devices during foreseeable collision events;

o.    Failed to ensure that its frontal airbags would activate and deploy even after the Chevrolet Cobalt experienced a rear end collision event;

p.    Equipped its vehicle with a crash sensing system that did not function properly after the Chevrolet Cobalt experienced a rear end collision event;

q.    Failed to ensure that the crash sensing device and airbag system in its Chevrolet would function properly under all foreseeable crash scenarios;

r.    Failed to equip its Chevrolet Cobalt with a proper restraint system, seat belts and seat belt pretensioners so as to protect all vehicle occupant;

s.    Failed to equip its Chevrolet Cobalt with a restraint system, seat belts and seat belt pretensioners that would function properly during all foreseeable crash scenarios, and in the event of a loss of vehicle power during a crash; and,

t.    was otherwise negligent.

119

22.    As a proximate result of one or more of the aforesaid negligent acts and/or omissions, Plaintiff, LILY A. CONNER, sustained injuries of a personal and pecuniary nature.

23.    As a proximate result of the injuries sustained by LILY A. LAWRENCE, her parents MATTHEW CONNER and AMANDA CONNER became obligated for the medical expenses incurred for treatment of said injuries pursuant to 750 ILCS 65/15.

WHEREFORE, Plaintiff, AMANDA CONNER, mother and next friend of LILY A. LAWRENCE, a minor, demands judgment against Defendants, GENERAL MOTORS, LLC and GENERAL MOTORS COMPANY, in an amount in excess of the jurisdictional limits of the Circuit Court of Champaign County, Illinois.

Attorney for Plaintiffs

RICHARD F. BURKE, JR.
KRISTOFER S. RIDDLE
CLIFFORD LAW OFFICES, P.C.
120 North LaSalle Street
Suite 3100
Chicago, Illinois    60602
(312) 899-9090
rfb@cliffordlaw.com
ARDC No.:3121588

120

FILED
SIXTH JUDICIAL CIRCUIT
6/4/2019 3:58 PM
By: JH

*Kate M. Bledurau*
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

CIRCUIT COURT OF ILLINOIS
SIXTH JUDICIAL CIRCUIT, CHAMPAIGN COUNTY

MATTHEW CONNER, individually )
and as Independent Administrator of )
the Estate of CAITLIN B. CONNER, )
a minor, AMANDA CONNER, individually )
and as mother and next friend of LILY )
A. LAWRENCE, a minor, and DEBRA J. )
CONNER, )
          Plaintiffs, )
v. )    No.  **2019L 000068**
 )
GENERAL MOTORS, LLC, GENERAL )
MOTORS COMPANY, CONTINENTAL )
AG AND CONTINENTAL )
AUTOMOTIVE SYSTEMS US, INC., )
individually and as Successor to SIEMENS )
AG, and SIEMENS AG individually, )
 )
          Defendants, )

## AFFIDAVIT OF DAMAGES

I, RICHARD F. BURKE, JR., state under oath:

1.    I am an attorney with Clifford Law Offices, P.C., and I am one of the attorneys responsible for the filing of the Complaint at Law in this matter.

2.    The total amount of money damages sought by Plaintiffs exceeds $50,000.00, exclusive of interest and costs.

RICHARD F. BURKE, JR.
One of their Attorneys

RICHARD F. BURKE, JR.
KRISTOFER S. RIDDLE
CLIFFORD LAW OFFICES, P.C.
120 North LaSalle Street, Suite 3100
Chicago, Illinois   60602
(312) 899-9090   ARDC No. 3121588
rfb@cliffordlaw.com

**FILED**
SIXTH JUDICIAL CIRCUIT
6/4/2019 3:58 PM
By: JH

*Katie M. Blakeman*
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

CIRCUIT COURT OF ILLINOIS
SIXTH JUDICIAL CIRCUIT, CHAMPAIGN COUNTY

| | |
|---|---|
| MATTHEW CONNER, individually and as Independent Administrator of the Estate of CAITLIN B. CONNER, a minor, AMANDA CONNER, individually and as mother and next friend of LILY A. LAWRENCE, a minor, and DEBRA J. CONNER, )))))))) | |
| Plaintiffs, ) | |
| v. ) | No. 2019L 000068 |
| ) | |
| GENERAL MOTORS, LLC, GENERAL MOTORS COMPANY, CONTINENTAL AG AND CONTINENTAL AUTOMOTIVE SYSTEMS US, INC., individually and as Successor to SIEMENS AG, and SIEMENS AG individually, )))))))) | |
| ) | |
| Defendants, ) | |

**JURY DEMAND**

The plaintiff in the above entitled cause demands a jury for the trial of said cause.

Matthew Conner, Individually and as Independent Administrator of the Estate of Caitlin B. Conner, a Minor, et al. Plaintiffs,

By _____
One of their Attorneys

(This demand must be filed by plaintiffs at the time the action is commenced, otherwise plaintiff shall be deemed to have waived a jury.)

RICHARD F. BURKE, JR.
CLIFFORD LAW OFFICES, P.C.
120 North LaSalle Street, Suite 3100
Chicago, Illinois 60602
(312) 899-9090
ARDC No. 3121588
rfb@cliffordlaw.com

CIRCUIT COURT OF ILLINOIS
SIXTH JUDICIAL CIRCUIT, CHAMPAIGN COUNTY

MATTHEW CONNER, individually )
and as Independent Administrator of )
the Estate of CAITLIN B. CONNER, )
a minor, AMANDA CONNER, individually )
and as mother and next friend of LILY )
A. LAWRENCE, a minor, and DEBRA J. )
CONNER, )
        Plaintiffs, )
       )
       )
v. )
GENERAL MOTORS, LLC, GENERAL )
MOTORS COMPANY, CONTINENTAL )
AG and CONTINENTAL AUTOMOTIVE )
SYSTEMS US, INC., individually and as )
successor to SIEMENS AG, and SIEMENS )
AG individually, )
       )
        Defendants, )

No. 2019L 000068

**PLEASE SERVE:**
Continental Automotive Systems US, Inc.
c/o CT Corporation System
208 S. LaSalle Street, Suite 814
Chicago, Illinois   60604

**SUMMONS**
**(30 Days)**

To the Defendant:
    You are summoned and required to file a written answer or other pleading at the Champaign County Courthouse in the office of the Clerk of the Circuit Court, 101 East Main Street, Urbana, Illinois, within 30 days after service of this Summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the Officer:
    This Summons must be returned by the Officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed.
    This Summons may not be served later than 30 days after its date.

*(Seal of Court)*
CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY ILLINOIS

6/4/2019
_____, 20____

_~~Katie M. Blakeman~~_ JH
Clerk of the Circuit Court

**Katie M. Blakeman**
**Clerk of the Sixth Judicial Circuit Court**
**101 E. Main Street**
**Urbana, IL 61801**

Richard F. Burke, Jr.
CLIFFORD LAW OFFICES, P.C.
120 North LaSalle Street, 31st Floor
Chicago, IL 60602
(312) 899-9090
rfb@cliffordlaw.com
ARDC No. 3121588

NOTE:  The filing of an appearance or answer with the Clerk of the Circuit Court requires a statutory filing fee payable at the time of filing.

Date of Service: _____, 20___
(To be inserted by Officer on copy left with Defendant or other person)

CIRCUIT COURT OF ILLINOIS
SIXTH JUDICIAL CIRCUIT, CHAMPAIGN COUNTY

MATTHEW CONNER, individually                )
and as Independent Administrator of         )
the Estate of CAITLIN B. CONNER,            )
a minor, AMANDA CONNER, individually )
and as mother and next friend of LILY       )
A. LAWRENCE, a minor, and DEBRA J.          )
CONNER,                                      )
          Plaintiffs,                  )
                                       )
v.                                           )   No. 2019L 000068
GENERAL MOTORS, LLC, GENERAL                )
MOTORS COMPANY, CONTINENTAL                 )
AG and CONTINENTAL AUTOMOTIVE )                 **PLEASE SERVE:**
SYSTEMS US, INC., individually and as       )
Successor to SIEMENS AG, and SIEMENS )          Continental AG
AG, individually.                            )   CEO – Elmar Degenhart
                                       )   Vahrenwalder Strasse 9
                                       )   Hanover, Germany
                                       )   Lower Saxony  50165
          Defendants,                  )

**SUMMONS**
**(30 Days)**

To the Defendant:

    You are summoned and required to file a written answer or other pleading at the
Champaign County Courthouse in the office of the Clerk of the Circuit Court, 101 East Main
Street, Urbana, Illinois, within 30 days after service of this Summons, not counting the day of
service.  IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN
AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the Officer:

    This Summons must be returned by the Officer or other person to whom it was given for
service, with endorsement of service and fees, if any, immediately after service.  If service
cannot be made, this Summons shall be returned so endorsed.

    This Summons may not be served later than 30 days after its date.

                                      6/4/2019                , 20_____

*(Seal of Court)*
CHAMPAIGN
COUNTY
ILLINOIS
THE SIXTH JUDICIAL CIRCUIT COURT

                               _JH_
                         Clerk of the Circuit Court

**Katie M. Blakeman**
**Clerk of the Sixth Judicial Circuit Court**
**101 E. Main Street**
**Urbana, IL 61801**

Richard F. Burke, Jr.
CLIFFORD LAW OFFICES, P.C.
120 North LaSalle Street, 31st Floor
Chicago, IL 60602
(312) 899-9090
rfb@cliffordlaw.com
ARDC No. 3121588

NOTE:  The filing of an appearance or answer with
the Clerk of the Circuit Court requires a statutory
filing fee payable at the time of filing.


Date of Service: _____, 20___
(To be inserted by Officer on copy left with Defendant
or other person)

Katie M. Blakeman
Clerk of the Sixth Judicial Circuit Court
101 E. Main Street
Urbana, IL 61801

CIRCUIT COURT OF ILLINOIS
SIXTH JUDICIAL CIRCUIT, CHAMPAIGN COUNTY

MATTHEW CONNER, individually )
and as Independent Administrator of )
the Estate of CAITLIN B. CONNER, )
a minor, AMANDA CONNER, individually )
and as mother and next friend of LILY )
A. LAWRENCE, a minor, and DEBRA J. )
CONNER, )
               Plaintiffs, )
 )
 )
v. )
GENERAL MOTORS, LLC, GENERAL )
MOTORS COMPANY, CONTINENTAL )
AG and CONTINENTAL AUTOMOTIVE )
SYSTEMS US, INC., individually and as )
successor to SIEMENS AG, and SIEMENS )
AG individually, )
 )
          Defendants, )

No. 2019L 000068

**PLEASE SERVE:**
General Motors Company
c/o CT Corporation System
208 S. LaSalle Street, Suite 814
Chicago, Illinois  60604

**SUMMONS**
**(30 Days)**

To the Defendant:
    You are summoned and required to file a written answer or other pleading at the Champaign County Courthouse in the office of the Clerk of the Circuit Court, 101 East Main Street, Urbana, Illinois, within 30 days after service of this Summons, not counting the day of service.  IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the Officer:
    This Summons must be returned by the Officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service.  If service cannot be made, this Summons shall be returned so endorsed.
    This Summons may not be served later than 30 days after its date.

(Seal of Court)
CHAMPAIGN
COUNTY
ILLINOIS

6/4/2019 , 20

_Katie M. Blakeman_ JH
Clerk of the Circuit Court

**Katie M. Blakeman**
**Clerk of the Sixth Judicial Circuit Court**
**101 E. Main Street**
**Urbana, IL 61801**

Richard F. Burke, Jr.
CLIFFORD LAW OFFICES, P.C.
120 North LaSalle Street, 31st Floor
Chicago, IL 60602
(312) 899-9090
rfb@cliffordlaw.com
ARDC No. 3121588

NOTE:  The filing of an appearance or answer with
the Clerk of the Circuit Court requires a statutory
filing fee payable at the time of filing.


Date of Service: _____, 20___
(To be inserted by Officer on copy left with Defendant
or other person)

Katie M. Blakeman
Clerk of the Sixth Judicial Circuit Court
101 E. Main Street
Urbana, IL 61801

CIRCUIT COURT OF ILLINOIS
SIXTH JUDICIAL CIRCUIT, CHAMPAIGN COUNTY

MATTHEW CONNER, individually )
and as Independent Administrator of )
the Estate of CAITLIN B. CONNER, )
a minor, AMANDA CONNER, individually )
and as mother and next friend of LILY )
A. LAWRENCE, a minor, and DEBRA J. )
CONNER, )
          Plaintiffs, )
          )
          )
v. )
GENERAL MOTORS, LLC, GENERAL )
MOTORS COMPANY, CONTINENTAL )
AG and CONTINENTAL AUTOMOTIVE )
SYSTEMS US, INC., individually and as )
successor to SIEMENS AG, and SIEMENS )
AG individually, )
          )
         Defendants, )

No. 2019L 000068

**PLEASE SERVE:**
General Motors LLC
c/o Illinois Corporation Service
801 Adlai Stevenson Drive
Springfield, IL  62703

**SUMMONS**
**(30 Days)**

To the Defendant:
    You are summoned and required to file a written answer or other pleading at the
Champaign County Courthouse in the office of the Clerk of the Circuit Court, 101 East Main
Street, Urbana, Illinois, within 30 days after service of this Summons, not counting the day of
service.  IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN
AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the Officer:
    This Summons must be returned by the Officer or other person to whom it was given for
service, with endorsement of service and fees, if any, immediately after service.  If service
cannot be made, this Summons shall be returned so endorsed.
    This Summons may not be served later than 30 days after its date.



6/4/2019
_____, 20_____

_____ JH
Clerk of the Circuit Court

Katie M. Blakeman
Clerk of the Sixth Judicial Circuit Court
101 E. Main Street
Urbana, IL 61801

Richard F. Burke, Jr.
CLIFFORD LAW OFFICES, P.C.
120 North LaSalle Street, 31st Floor
Chicago, IL 60602
(312) 899-9090
rfb@cliffordlaw.com
ARDC No. 3121588

NOTE:  The filing of an appearance or answer with
the Clerk of the Circuit Court requires a statutory
filing fee payable at the time of filing.

Date of Service: _____, 20___
(To be inserted by Officer on copy left with Defendant
or other person)

CIRCUIT COURT OF ILLINOIS
SIXTH JUDICIAL CIRCUIT, CHAMPAIGN COUNTY

| | | |
|---|---|---|
| MATTHEW CONNER, individually | ) | |
| and as Independent Administrator of | ) | |
| the Estate of CAITLIN B. CONNER, | ) | |
| a minor, AMANDA CONNER, individually | ) | |
| and as mother and next friend of LILY | ) | |
| A. LAWRENCE, a minor, and DEBRA J. | ) | |
| CONNER, | ) | |
|      Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 2019L 000068 |
| GENERAL MOTORS, LLC, GENERAL | ) | |
| MOTORS COMPANY, CONTINENTAL | ) | |
| AG and CONTINENTAL AUTOMOTIVE | ) | **PLEASE SERVE:** |
| SYSTEMS US, INC., individually and as | ) | |
| Successor to SIEMENS AG, and SIEMENS | ) | Joe Kaeser, CEO |
| AG, individually. | ) | Siemens AG |
| | ) | Wittelsbacherplatz 2 |
| | ) | Munich, Germany  80333 |
|     Defendants, | ) | |

## SUMMONS
### (30 Days)

To the Defendant:

     You are summoned and required to file a written answer or other pleading at the Champaign County Courthouse in the office of the Clerk of the Circuit Court, 101 East Main Street, Urbana, Illinois, within 30 days after service of this Summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the Officer:

     This Summons must be returned by the Officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed.

     This Summons may not be served later than 30 days after its date.

6/4/2019
_____, 20_____

_Katie M. Blakeman_  JH
Clerk of the Circuit Court

Katie M. Blakeman
Clerk of the Sixth Judicial Circuit Court
101 E. Main Street
Urbana, IL 61801

Richard F. Burke, Jr.
CLIFFORD LAW OFFICES, P.C.
120 North LaSalle Street, 31st Floor
Chicago, IL 60602
(312) 899-9090
rfb@cliffordlaw.com
ARDC No. 3121588

NOTE:  The filing of an appearance or answer with
the Clerk of the Circuit Court requires a statutory
filing fee payable at the time of filing.

Date of Service: _____, 20___
(To be inserted by Officer on copy left with Defendant
or other person)

Katie M. Blakeman
Clerk of the Sixth Judicial Circuit Court
101 E. Main Street
Urbana, IL 61801



**FILED**
SIXTH JUDICIAL CIRCUIT
6/11/2019 3:30 PM
By: AM

CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

## CIRCUIT COURT OF ILLINOIS
### SIXTH JUDICIAL CIRCUIT, CHAMPAIGN COUNTY

| | | |
|---|---|---|
| MATTHEW CONNER, individually and as Independent Administrator of the Estate of CAITLIN B. CONNER, a minor, AMANDA CONNER, individually and as mother and next friend of LILY A. LAWRENCE, a minor, and DEBRA J. CONNER,<br>　　　　　Plaintiffs,<br><br>v.<br><br>GENERAL MOTORS, LLC, GENERAL MOTORS COMPANY, CONTINENTAL AG and CONTINENTAL AUTOMOTIVE SYSTEMS US, INC., individually and as successor to SIEMENS AG, and SIEMENS AG individually,<br><br>　　　　　Defendants, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No.　2019 L 000068 |

### PROPOSED ROUTINE ORDER

This matter coming to be heard on Plaintiff's Motion to Appoint LaSalle Process Servers, L.P. as International Process Server pursuant to Chapter 1, Article 3 of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters developed at the Tenth Session of the Hague Conference on Private International Law on 15 November, 1965 (the "Hague Convention"), due notice having been giving, and the Court being fully advised in the premises:

### IT IS HEREBY ORDERED THAT:

LaSalle Process Servers, L.P. and any of their agents and any employee of LaSalle Process Servers, L.P. who is over the age of 18, license number 117-0001432, is appointed as International Process Server pursuant to Chapter 1, Article 3 of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters developed at the Tenth Session of the Hague Conference on Private International Law on 15 November, 1965 (the "Hague Convention"), for the purpose of serving summons and Plaintiff's Complaint upon the Defendants, Continental AG and Siemens AG.

ENTERED:      6/11/2019

/s/ Jason M. Bohm
_____
JUDGE

RICHARD F. BURKE, JR.
CLIFFORD LAW OFFICES, P.C.
120 North LaSalle Street, Suite 3100
Chicago, Illinois     60602
(312) 899-9090
ARDC No. 3121588
rfb@cliffordlaw.com

2



FILED
SIXTH JUDICIAL CIRCUIT
6/11/2019 3:30 PM
By: AM

CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

CIRCUIT COURT OF ILLINOIS
SIXTH JUDICIAL CIRCUIT, CHAMPAIGN COUNTY

MATTHEW CONNER, individually )
and as Independent Administrator of )
the Estate of CAITLIN B. CONNER, )
a minor, AMANDA CONNER, individually )
and as mother and next friend of LILY )
A. LAWRENCE, a minor, and DEBRA J. )
CONNER, )
          Plaintiffs, )
           )
v. )    No.   2019 L 000068
GENERAL MOTORS, LLC, GENERAL )
MOTORS COMPANY, CONTINENTAL )
AG and CONTINENTAL AUTOMOTIVE )
SYSTEMS US, INC., individually and as )
successor to SIEMENS AG, and SIEMENS )
AG individually, )
           )
          Defendants, )

## PLAINTIFFS' ROUTINE MOTION TO APPOINT
## INTERNATIONAL PROCESS SERVER

Plaintiff, MATTHEW CONNER, individually and as Independent Administrator of the

Estate of CAITLIN B. CONNER, a minor, AMANDA CONNER, individually and as mother and

next friend of LILY A. LAWRENCE, a minor, and DEBRA J. CONNER, by his attorneys,

CLIFFORD LAW OFFICES, P.C., moves this Honorable Court for entry of an Order appointing

LaSalle Process Servers, LP, and their agents, and any employee of LaSalle Process Servers, L.P.

that is over the age of 18, as International Process Server pursuant to Chapter 1, Article 3 of the

Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or

Commercial Matters developed at the Tenth Session of the Hague Conference on Private

International Law on 15 November, 1965 (the "Hague Convention"), and in support thereof,

Plaintiff states:

1.   I am a member of the law firm of CLIFFORD LAW OFFICES, P.C., attorney of record for Plaintiff.

2.   I am one of the attorneys charged with the responsibility of preparing this case for trial.

3.   Service needs to be made on Continental AG, a German Corporation. Service also need to be made on Siemens AG, a German Corporation.   Accordingly, we are in the process of serving those corporations through the *Hague Convention.*

4.   To accomplish service, it is necessary that an international process server be appointed which is required by the judicial authorities in Germany so service can be made in an appropriate manner.

5.   LaSalle Process Servers, L.P.'s agency number is 117-001432;

WHEREFORE, Plaintiff asks that LaSalle Process Servers, L.P. and their agents be appointed as international process server for service of summons on Continental AG, a German Corporation and Siemens AG, a German Corporation.

_____
Attorneys for Plaintiff

RICHARD F. BURKE, JR.
CLIFFORD LAW OFFICES, P.C.
120 North LaSalle Street, Suite 3100
Chicago, Illinois   60602
(312) 899-9090
ARDC No. 3121588
rfb@cliffordlaw.com

2