E-FILED
Wednesday, 17 July, 2019  12:34:23 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| MATTHEW CONNER, individually and as Independent Administrator of the Estate of CAITLIN B. CONNER, a minor, AMANDA CONNER, individually and as mother and next friend of LILY A. LAWRENCE, a minor and DEBRA J. CONNER, | ) ) ) ) ) ) ) ) | Case No. 2:19-cv-02181-CSB-EIL |
| Plaintiffs, | ) ) | **JURY TRIAL DEMANDED** |
| v. | ) ) | |
| GENERAL MOTORS, LLC, GENERAL MOTORS COMPANY, CONTINENTAL AG and CONTINENTAL AUTOMOTIVE SYSTEMS US, INC., individually and as successor to SIEMENS AG, and SIEMENS AG individually, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANT CONTINENTAL AUTOMOTIVE SYSTEMS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT AT LAW

Defendant Continental Automotive Systems, Inc. (improperly named and sued as "Continental Automotive Systems US, Inc., individually and as successor to Siemens AG") (hereinafter "CAS"), hereby files the following Answer and Affirmative Defenses in response to Plaintiffs' Complaint:

### Count I – Debra J. Conner

### Strict Liability – General Motors

Plaintiff, DEBRA J. CONNER, by and through her attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendant, GENERAL MOTORS, LLC and GENERAL MOTORS COMPANY, (hereinafter collectively, "GENERAL MOTORS"), states as follows:

1

1.     On and before June 8, 2017, Defendant, GENERAL MOTORS, was engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling motor vehicles, including a 2008 Chevrolet Cobalt, and its component parts, owned by Plaintiff, DEBRA J. CONNER and bearing vehicle identification number 1G1AL58F487225759.

**ANSWER:**  The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

2.     On and before June 8, 2017, Defendant, GENERAL MOTORS, engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling motor vehicles in and throughout Champaign County and Cook County, Illinois.

**ANSWER:**  The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

3.     Prior to June 8, 2017, the aforesaid 2008 Chevrolet Cobalt, and its component parts, including its airbag system and crash sensing devices, were designed, manufactured, engineered, tested, marketed, distributed and sold by Defendant, GENERAL MOTORS.

**ANSWER:**  The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

DocID: 4818-6798-3516.1

4. On and before June 8, 2017, Defendant, GENERAL MOTORS, had a duty to ensure that the aforesaid 2008 Chevrolet Cobalt, and its component parts, were not designed, manufactured, engineered, tested, marketed, distributed and sold so as to be in an unreasonably dangerous condition.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

5. On and before June 8, 2017, Interstate 57 generally ran in north and south directions through Champaign County Illinois.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

6. On and before June 8, 2017, Defendant RURAL KING was a retail farm and home supply business and regularly conducted business in and throughout Champaign County, Illinois.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

7. On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee and/or agent of RURAL KING.

DocID: 4818-6798-3516.1

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

8. One [sic] June 8, 2017, Defendant KRUSE owned, operated, managed, maintained and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

9. On and before June 8, 2017, Defendant RURAL KING had provided an electronic communication device, commonly known as a cellphone to its employee and/or agent, Defendant STEVEN R. KRUSE.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

10. On June 8, 2017, Defendant KRUSE had his RURAL KING provided cellphone with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required.

DocID: 4818-6798-3516.1

To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

11. On June 8, 2017, another employee and/or agent of RURAL KING contacted Defendant KRUSE by sending him a cellphone text message concerning the business of RURAL KING.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

12. On June 8, 2017, the incoming text message from a RURAL KING employee and/or agent caused Defendant KRUSE to divert his attention from the roadway and traffic in front of him as he obtained his cellphone to determine the identity of the sender and to read the text message.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

13. On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and vehicles in front of him so as to obtain his cellphone and read the text message communication from another RURAL KING employee, Defendant KRUSE continued to drive his motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed

DocID: 4818-6798-3516.1

to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

14.   On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008 Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:**  The   allegations   contained   in   this   entire   Count,   and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

15.   On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

**ANSWER:**  The   allegations   contained   in   this   entire   Count,   and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

16.   On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

**ANSWER:**  The   allegations   contained   in   this   entire   Count,   and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

6

17.    On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA CONNER, as both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

18.    On June 8, 2017, at the aforesaid location, while using his RURAL KING provided cellphone to read an incoming text message communication sent by a RURAL KING employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

19.    On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

DocID: 4818-6798-3516.1

20.    At the time and place aforesaid, the airbag and related component parts, in the aforementioned 2008 Chevrolet Cobalt, failed to activate and/or deploy at the time of the aforesaid impact between the front of the Chevrolet Cobalt and the semi tractor trailer truck.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

21.    On June 8, 2017, and at the time the aforementioned 2008 Chevrolet Cobalt left the control of Defendant, GENERAL MOTORS, this vehicle and its related component parts were in an unreasonably dangerous condition in one or more of the following respects since Defendant:

  a. designed, manufactured, distributed, sold and provided the 2008 Chevrolet Cobalt with an airbag and related crash protection system that were unsafe, unsuitable and dangerous for use on said Cobalt;

  b. designed, manufactured, distributed and sold the 2008 Chevrolet Cobalt with inadequate and unsafe standards of crash-worthiness, and without taking proper and sufficient precautions to ensure sufficient and accurate deployment of airbags;

  c. failed to provide purchasers with adequate, sufficient, accurate and proper warnings and information concerning the unsafe and dangerous conditions of the 2008 Chevrolet Cobalt;

  d. failed to properly test, monitor and inspect the condition of the 2008 Chevrolet Cobalt airbag and/or crash protection system to ensure that it was safe, suitable, and appropriate for use on the roadway;

  e. failed to equip the Chevrolet Cobalt with a safe passenger compartment;

  f. designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt without complying with Defendant, GENERAL MOTOR's own internal guidelines and standards for design and testing of vehicles, airbags, and crash protection systems;

DocID: 4818-6798-3516.1

g. Defendant, GENERAL MOTORS, failed to implement design changes that GENERAL MOTOR'S own engineers knew were necessary to render the 2008 Chevrolet Cobalt safe for use during foreseeable operating conditions;

h. Defendant failed to modify the design of the airbag and crash protection system in the 2008 Chevrolet Cobalt after Defendants knew or should have known of the dangerous conditions inherent in the design;

i. Defendant failed to issue proper warnings, reminders and instructions for owners and passengers of 2008 Chevrolet Cobalt vehicles as to the operation of the airbag and crash protection system, after Defendants knew or should have known of the dangerous and unsafe design of their airbag and crash protection system;

j. Defendant failed to properly notify, warn and instruct occupants of the 2008 Chevrolet Cobalt vehicle on the inadequate airbag protection provided to drivers during foreseeable vehicle maneuvers, including front end collisions;

k. Defendant equipped the 2008 Chevrolet Cobalt with an airbag and crash protection system that had a design, including activation and deployment sensors and devices, that provided completely inadequate crash protection to an occupant;

l. Defendant failed to properly test the airbag and crash protection system under foreseeable operating conditions, including front and rear end collisions;

m. Failed to equip its vehicle with a proper, safe and functioning crash sensing system;

n. Equipped its Chevrolet Cobalt with a faulty ignition system that caused loss of power to crash sensing devices during foreseeable collision events;

o. Failed to ensure that its frontal airbags would activate and deploy even after the Chevrolet Cobalt experienced a rear end collision event;

p. Equipped its vehicle with a crash sensing system that did not function properly after the Chevrolet Cobalt experienced a rear end collision event;

DocID: 4818-6798-3516.1

q. Failed to ensure that the crash sensing device and airbag system in its Chevrolet Cobalt would function properly under all foreseeable crash scenarios;

r. Failed to equip its Chevrolet Cobalt with a proper restraint system, seat belts and seat belt pretensioners so as to protect all vehicle occupants;

s. Failed to equip its Chevrolet Cobalt with a restraint system, seat belts and seat belt pretensioners that would function properly during all foreseeable crash scenarios, and in the event of a loss of vehicle power during a crash; and,

t. was otherwise unreasonably dangerous.

**ANSWER:** The allegations contained in this entire Count, and paragraph including all of its subparts, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

22. As a proximate result of one or more of the aforementioned unreasonably dangerous conditions, DEBRA J. CONNER, sustained injuries of a personal, permanent and pecuniary nature.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

WHEREFORE, Plaintiff, DEBRA J. CONNER, demands judgment against Defendant, GENERAL MOTORS, LLC and GENERAL MOTORS COMPANY, and each of them, in an amount in excess of the jurisdictional limits of the Circuit Court of Champaign County.

DocID: 4818-6798-3516.1

**ANSWER**: CAS denies the allegations set forth in the WHEREFORE Paragraph of Plaintiffs' Complaint, and further denies that Plaintiffs are entitled to any relief whatsoever, whether at law or equity against CAS.

### COUNT II:  Debra J. Conner

### Negligence

### General Motors

Plaintiff, DEBRA J. CONNER, complaining of Defendant, GENERAL MOTORS, LLC and GENERAL MOTORS COMPANY, (hereinafter collectively, "GENERAL MOTORS"), states as follows:

1.     On and before June 8, 2017, Defendant, GENERAL MOTORS, was engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling motor vehicles, including a 2008 Chevrolet Cobalt, and its component parts, owned by Plaintiff, DEBRA J. CONNER and bearing vehicle identification number 1G1AL58F487225759.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

2.     On and before June 8, 2017, Defendant, GENERAL MOTORS, engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling motor vehicles in and throughout Champaign County and Cook County, Illinois.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

11

3.      Prior to June 8, 2017, the aforesaid 2008 Chevrolet Cobalt, and its component parts, including its airbag system and crash sensing devices, were designed, manufactured, engineered, tested, marketed, distributed and sold by Defendant, GENERAL MOTORS.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

4.      On and before June 8, 2017, Defendant, GENERAL MOTORS, had a duty to exercise ordinary care to ensure that the aforesaid 2008 Chevrolet Cobalt, and its component parts, were not designed, manufactured, engineered, tested, marketed, distributed and sold so as to be in an unsafe condition.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

5.      On and before June 8, 2017, Interstate 57 generally ran in north and south directions through Champaign County Illinois.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

DocID: 4818-6798-3516.1

6.     On and before June 8, 2017, Defendant RURAL KING was a retail farm and home supply business and regularly conducted business in and throughout Champaign County, Illinois.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

7.     On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee and/or agent of RURAL KING.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

8.     One [sic] June 8, 2017, Defendant KRUSE owned, operated, managed, maintained and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

9.     On and before June 8, 2017, Defendant RURAL KING had provided an electronic communication device, commonly known as a cellphone to its employee and/or agent, Defendant STEVEN R. KRUSE.

13

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

10.    On June 8, 2017, Defendant KRUSE had his RURAL KING provided cellphone with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

11.    On June 8, 2017, another employee and/or agent of RURAL KING contacted Defendant KRUSE by sending him a cellphone text message concerning the business of RURAL KING.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

12.    On June 8, 2017, the incoming text message from a RURAL KING employee and/or agent caused Defendant KRUSE to divert his attention from the roadway and traffic in front of him as he obtained his cellphone to determine the identity of the sender and to read the text message.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required.

DocID: 4818-6798-3516.1

To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

13.   On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and vehicles in front of him so as to obtain his cellphone and read the text message communication from another RURAL KING employee, Defendant KRUSE continued to drive his motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

14.   On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008 Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

15.   On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed

DocID: 4818-6798-3516.1

to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

16.    On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

17.    On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA CONNER, as both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

18.    On June 8, 2017, at the aforesaid location, while using his RURAL KING provided cellphone to read an incoming text message communication sent by a RURAL KING employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed

16

to be asserted against CAS, then CAS is without knowledge of same, and the

allegations are therefore denied.

19.    On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

**ANSWER:** The allegations contained in this entire Count, and

paragraph, are not asserted against CAS and therefore no response is required.

To the extent that any of the allegations in this paragraph could be construed

to be asserted against CAS, then CAS is without knowledge of same, and the

allegations are therefore denied.

20.    At the time and place aforesaid, the airbag and related component parts, in the aforementioned 2008 Chevrolet Cobalt, failed to activate and/or deploy.

**ANSWER:** The allegations contained in this entire Count, and

paragraph, are not asserted against CAS and therefore no response is required.

To the extent that any of the allegations in this paragraph could be construed

to be asserted against CAS, then CAS is without knowledge of same, and the

allegations are therefore denied.

21.    On and before June 8, 2017, Defendant General Motors was negligent in one or more of the following respects since General Motors:

a.    designed, manufactured, distributed, sold and provided the 2008 Chevrolet Cobalt with an airbag and related crash protection system that were unsafe, unsuitable and dangerous for use on said Cobalt;

b.    designed, manufactured, distributed and sold the 2008 Chevrolet Cobalt with inadequate and unsafe standards of crash-worthiness, and without taking proper and sufficient precautions to ensure sufficient and accurate deployment of airbags;

DocID: 4818-6798-3516.1

c.　failed to provide purchasers with adequate, sufficient, accurate and proper warnings and information concerning the unsafe, unstable, and dangerous conditions of the 2008 Chevrolet Cobalt;

d.　failed to properly test, monitor and inspect the condition of the 2008 Chevrolet Cobalt airbag and/or crash protection system to ensure that it was safe, suitable, and appropriate for use on the roadway;

e.　designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt without conducting limits testing;

f.　designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt without complying with Defendant, GENERAL MOTOR'S own internal guidelines and standards for design and testing of vehicles, airbags, and crash protection systems;

g.　Defendant, GENERAL MOTORS, failed to implement design changes that GENERAL MOTOR'S own engineers knew were necessary to render the 2008 Chevrolet Cobalt safe for use during foreseeable operating conditions;

h.　Defendant failed to modify the design of the airbag and crash protection system in the 2008 Chevrolet Cobalt after Defendants knew or should have known of the dangerous conditions inherent in the design;

i.　Defendant failed to issue proper warnings, reminders and instructions for owners and passengers of 2008 Chevrolet Cobalt vehicles as to the operation of the airbag and crash protection system, after Defendants knew or should have known of the dangerous and unsafe design of their airbag and crash protection system;

j.　Defendant failed to properly notify, warn and instruct occupants of the 2008 Chevrolet Cobalt vehicle on the inadequate airbag protection provided to drivers during foreseeable vehicle maneuvers, including front end collisions;

k.　Defendant equipped the 2008 Chevrolet Cobalt with an airbag and crash protection system that had a design, including activation and deployment sensors and devices, that provided completely inadequate crash protection to an occupant;

l.　Defendant failed to properly test the airbag and crash protection system under foreseeable operating conditions, including front end collisions;

18

m.  Failed to equip its vehicle with a proper, safe and functioning crash sensing system;

n.  Equipped its Chevrolet Cobalt with a faulty ignition system that caused loss of power to crash sensing devices during foreseeable collision events;

o.  Failed to ensure that its frontal airbags would activate and deploy even after the Chevrolet Cobalt experienced a rear end collision event;

p.  Equipped its vehicle with a crash sensing system that did not function properly after the Chevrolet Cobalt experienced a rear end collision event;

q.  Failed to ensure that the crash sensing device and airbag system in its Chevrolet would function properly under all foreseeable crash scenarios;

r.  Failed to equip its Chevrolet Cobalt with a proper restraint system, seat belts and seat belt pretensioners so as to protect all vehicle occupants;

s.  Failed to equip its Chevrolet Cobalt with a restraint system, seat belts and seat belt pretensioners that would function properly during all foreseeable crash scenarios, and in the event of a loss of vehicle power during a crash; and,

t.  was otherwise negligent.

**ANSWER:** The allegations contained in this entire Count, and paragraph, including all subparts, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

22.  As a proximate result of one or more of the aforesaid negligent acts and/or omissions, Plaintiff Debra J. Conner sustained injuries of a personal and pecuniary nature.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required.

DocID: 4818-6798-3516.1

To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

WHEREFORE, Plaintiff, DEBRA J. CONNER, demands judgment against Defendant, GENERAL MOTORS, LLC and GENERAL MOTORS COMPANY, in an amount in excess of the jurisdictional limits of the Circuit Court of Champaign County.

**ANSWER**: CAS denies the allegations set forth in the WHEREFORE Paragraph of Plaintiffs' Complaint, and further denies that Plaintiffs are entitled to any relief whatsoever, whether at law or equity against CAS.

### COUNT III – LILY A. LAWRENCE, a minor

### Strict Liability

### General Motors

Plaintiff, AMANDA CONNER, mother and next friend of LILY A. LAWRENCE, a minor, by and through her attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendant GENERAL MOTORS, LLC and GENERAL MOTORS COMPANY, (hereinafter collectively, "GENERAL MOTORS"), states as follows:

1. On and before June 8, 2017, Defendant, GENERAL MOTORS, was engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling motor vehicles, including a 2008 Chevrolet Cobalt, and its component parts, owned by Plaintiff, DEBRA J. CONNER and bearing vehicle identification number 1G1AL58F487225759.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

20

2.     On and before June 8, 2017, Defendant, GENERAL MOTORS, engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling motor vehicles in and throughout Champaign County and Cook County, Illinois.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

3.     Prior to June 8, 2017, the aforesaid 2008 Chevrolet Cobalt, and its component parts, including its airbag system and crash sensing devices, were designed, manufactured, engineered, tested, marketed, distributed and sold by Defendant, GENERAL MOTORS.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

4.     On and before June 8, 2017, Defendant, GENERAL MOTORS, had a duty to ensure that the aforesaid 2008 Chevrolet Cobalt, and its component parts, were not designed, manufactured, engineered, tested, marketed, distributed and sold so as to be in an unreasonably dangerous condition.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

DocID: 4818-6798-3516.1

5.     On and before June 8, 2017, Interstate 57 generally ran in north and south directions through Champaign County Illinois.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

6.     On and before June 8, 2017, Defendant RURAL KING was a retail farm and home supply business and regularly conducted business in and throughout Champaign County, Illinois.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

7.     On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee and/or agent of RURAL KING.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

8.     One [sic] June 8, 2017, Defendant KRUSE owned, operated, managed, maintained and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

DocID: 4818-6798-3516.1

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

9.     On and before June 8, 2017, Defendant RURAL KING had provided an electronic communication device, commonly known as a cellphone to its employee and/or agent, Defendant STEVEN R. KRUSE.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

10.     On June 8, 2017, Defendant KRUSE had his RURAL KING provided cellphone with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

11.     On June 8, 2017, another employee and/or agent of RURAL KING contacted Defendant KRUSE by sending him a cellphone text message concerning the business of RURAL KING.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required.

23

To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

12.  On June 8, 2017, the incoming text message from a RURAL KING employee and/or agent caused Defendant KRUSE to divert his attention from the roadway and traffic in front of him as he obtained his cellphone to determine the identity of the sender and to read the text message.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

13.  On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and vehicles in front of him so as to obtain his cellphone and read the text message communication from another RURAL KING employee, Defendant KRUSE continued to drive his motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

14.  On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008 Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed

DocID: 4818-6798-3516.1

to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

15.    On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

16.    On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

17.    On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA CONNER, as both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed

DocID: 4818-6798-3516.1

to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

18.    On June 8, 2017, at the aforesaid location, while using his RURAL KING provided cellphone to read an incoming text message communication sent by a RURAL KING employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

**ANSWER:**  The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

19.    On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

**ANSWER:**  The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

20.    At the time and place aforesaid, the airbag and related component parts, in the aforementioned 2008 Chevrolet Cobalt, failed to activate and/or deploy.

**ANSWER:**  The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed

DocID: 4818-6798-3516.1

to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

21.    On June 8, 2017, and at the time the aforementioned 2008 Chevrolet Cobalt left the control of Defendant, GENERAL MOTORS, this vehicle and its related component parts were in an unreasonably dangerous condition in one or more of the following respects since Defendant:

a.    designed, manufactured, distributed, sold and provided the 2008 Chevrolet Cobalt with an airbag and related crash protection system that were unsafe, unsuitable and dangerous for use on said Cobalt;

b.    designed, manufactured, distributed and sold the 2008 Chevrolet Cobalt with inadequate and unsafe standards of crash-worthiness, and without taking proper and sufficient precautions to ensure sufficient and accurate deployment of airbags;

c.    failed to provide purchasers with adequate, sufficient, accurate and proper warnings and information concerning the unsafe, unstable, and dangerous conditions of the 2008 Chevrolet Cobalt;

d.    failed to properly test, monitor and inspect the condition of the 2008 Chevrolet Cobalt airbag and/or crash protection system to ensure that it was safe, suitable, and appropriate for use on the roadway;

e.    designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt without conducting limits testing;

f.    designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt without complying with Defendant, GENERAL MOTOR'S own internal guidelines and standards for design and testing of vehicles, airbags, and crash protection systems;

g.    Defendant, GENERAL MOTORS, failed to implement design changes that GENERAL MOTOR'S own engineers knew were necessary to render the 2008 Chevrolet Cobalt safe for use during foreseeable operating conditions;

h.    Defendant failed to modify the design of the airbag and crash protection system in the 2008 Chevrolet Cobalt after Defendants knew or should have known of the dangerous conditions inherent in the design;

DocID: 4818-6798-3516.1

i.    Defendant failed to issue proper warnings, reminders and instructions for owners and passengers of 2008 Chevrolet Cobalt vehicles as to the operation of the airbag and crash protection system, after Defendants knew or should have known of the dangerous and unsafe design of their airbag and crash protection system;

j.    Defendant failed to properly notify, warn and instruct occupants of the 2008 Chevrolet Cobalt vehicle on the inadequate airbag protection provided to drivers during foreseeable vehicle maneuvers, including front end collisions;

k.    Defendant equipped the 2008 Chevrolet Cobalt with an airbag and crash protection system that had a design, including activation and deployment sensors and devices, that provided completely inadequate crash protection to an occupant;

1.    Defendant failed to properly test the airbag and crash protection system under foreseeable operating conditions, including front end collisions;

m.    Failed to equip its vehicle with a proper, safe and functioning crash sensing system;

n.    Equipped its Chevrolet Cobalt with a faulty ignition system that caused loss of power to crash sensing devices during foreseeable collision events;

o.    Failed to ensure that its frontal airbags would activate and deploy even after the Chevrolet Cobalt experienced a rear end collision event;

p.    Equipped its vehicle with a crash sensing system that did not function properly after the Chevrolet Cobalt experienced a rear end collision event;

q.    Failed to ensure that the crash sensing device and airbag system in its Chevrolet would function properly under all foreseeable crash scenarios;

r.    Failed to equip its Chevrolet Cobalt with a proper restraint system, seat belts and seat belt pretensioners so as to protect all vehicle occupants;

s.    Failed to equip its Chevrolet Cobalt with a restraint system, seat belts and seat belt pretensioners that would function properly

DocID: 4818-6798-3516.1

during all foreseeable crash scenarios, and in the event of a loss of vehicle power during a crash; and,

t.     was otherwise unreasonably dangerous.

**ANSWER:** The allegations contained in this entire Count, and paragraph, including all subparts, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

22.    As a proximate result of one or more of the aforementioned unreasonably dangerous conditions, LILY A. LAWRENCE, a minor, sustained injuries of a personal, permanent and pecuniary nature.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

WHEREFORE, Plaintiff, AMANDA CONNER, mother and next friend of LILY A. LAWRENCE, a minor, demands judgment against Defendant, GENERAL MOTORS, LLC and GENERAL MOTORS COMPANY, in an amount in excess of the jurisdictional limits of the Circuit Court of Champaign County, Illinois.

**ANSWER**: CAS denies the allegations set forth in the WHEREFORE Paragraph of Plaintiffs' Complaint, and further denies that Plaintiffs are entitled to any relief whatsoever, whether at law or equity against CAS.

DocID: 4818-6798-3516.1

## COUNT IV – LILY A. LAWRENCE

### Negligence

### General Motors

Plaintiff, AMANDA CONNER, as mother and next friend of LILY A. LAWRENCE, a minor, by and through her attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendant, GENERAL MOTORS, LLC and GENERAL MOTORS COMPANY, (hereinafter collectively, "GENERAL MOTORS"), states as follows:

1.     On and before June 8, 2017, Defendant, GENERAL MOTORS, was engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling motor vehicles, including a 2008 Chevrolet Cobalt, and its component parts, owned by Plaintiff, DEBRA J. CONNER and bearing vehicle identification number 1G1AL58F487225759.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

2.     On and before June 8, 2017, Defendant, GENERAL MOTORS, engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling motor vehicles in and throughout Champaign County and Cook County, Illinois.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

3.     Prior to June 8, 2017, the aforesaid 2008 Chevrolet Cobalt, and its component parts, including its airbag system and crash sensing devices, were

DocID: 4818-6798-3516.1

designed, manufactured, engineered, tested, marketed, distributed and sold by Defendant, GENERAL MOTORS.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

4. On and before June 8, 2017, Defendant, GENERAL MOTORS, had a duty to exercise ordinary care to ensure that the aforesaid 2008 Chevrolet Cobalt, and its component parts, were not designed, manufactured, engineered, tested, marketed, distributed and sold so as to be in an unsafe condition.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

5. On and before June 8, 2017, Interstate 57 generally ran in north and south directions through Champaign County Illinois.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

6. On and before June 8, 2017, Defendant RURAL KING was a retail farm and home supply business and regularly conducted business in and throughout Champaign County, Illinois.

DocID: 4818-6798-3516.1

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

7.    On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee and/or agent of RURAL KING.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

8.    One [sic] June 8, 2017, Defendant KRUSE owned, operated, managed, maintained and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

9.    On and before June 8, 2017, Defendant RURAL KING had provided an electronic communication device, commonly known as a cellphone to its employee and/or agent, Defendant STEVEN R. KRUSE.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required.

DocID: 4818-6798-3516.1

To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

10.   On June 8, 2017, Defendant KRUSE had his RURAL KING provided cellphone with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

11.   On June 8, 2017, another employee and/or agent of RURAL KING contacted Defendant KRUSE by sending him a cellphone text message concerning the business of RURAL KING.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

12.   On June 8, 2017, the incoming text message from a RURAL KING employee and/or agent caused Defendant KRUSE to divert his attention from the roadway and traffic in front of him as he obtained his cellphone to determine the identity of the sender and to read the text message.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed

DocID: 4818-6798-3516.1

to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

13.    On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and vehicles in front of him so as to obtain his cellphone and read the text message communication from another RURAL KING employee, Defendant KRUSE continued to drive his motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

14.    On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008 Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

15.    On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed

DocID: 4818-6798-3516.1

to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

16.   On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

17.   On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA CONNER, as both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

18.   On June 8, 2017, at the aforesaid location, while using his RURAL KING provided cellphone to read an incoming text message communication sent by a RURAL KING employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed

35

to be asserted against CAS, then CAS is without knowledge of same, and the

allegations are therefore denied.

19.    On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

**ANSWER:**  The allegations contained in this entire Count, and

paragraph, are not asserted against CAS and therefore no response is required.

To the extent that any of the allegations in this paragraph could be construed

to be asserted against CAS, then CAS is without knowledge of same, and the

allegations are therefore denied.

20.    At the time and place aforesaid, the airbag and related component parts, in the aforementioned 2008 Chevrolet Cobalt, failed to activate and/or deploy.

**ANSWER:**  The allegations contained in this entire Count, and

paragraph, are not asserted against CAS and therefore no response is required.

To the extent that any of the allegations in this paragraph could be construed

to be asserted against CAS, then CAS is without knowledge of same, and the

allegations are therefore denied.

21.    On and before June 8, 2017, Defendant General Motors was negligent in one or more of the following respects since General Motors:

   a.    designed, manufactured, distributed, sold and provided the 2008 Chevrolet Cobalt with an airbag and related crash protection system that were unsafe, unsuitable and dangerous for use on said Cobalt;

   b.    designed, manufactured, distributed and sold the 2008 Chevrolet Cobalt with inadequate and unsafe standards of crash-worthiness, and without taking proper and sufficient precautions to ensure sufficient and accurate deployment of airbags;

36

c.  failed to provide purchasers with adequate, sufficient, accurate and proper warnings and information concerning the unsafe, unstable, and dangerous conditions of the 2008 Chevrolet Cobalt;

d.  failed to properly test, monitor and inspect the condition of the 2008 Chevrolet Cobalt airbag and/or crash protection system to ensure that it was safe, suitable, and appropriate for use on the roadway;

e.  designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt without conducting limits testing;

f.  designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt without complying with Defendant, GENERAL MOTOR's own internal guidelines and standards for design and testing of vehicles, airbags, and crash protection systems;

g.  Defendant, GENERAL MOTORS, failed to implement design changes that GENERAL MOTOR'S own engineers knew were necessary to render the 2008 Chevrolet Cobalt safe for use during foreseeable operating conditions;

h.  Defendant failed to modify the design of the airbag and crash protection system in the 2008 Chevrolet Cobalt after Defendants knew or should have known of the dangerous conditions inherent in the design;

i.  Defendant failed to issue proper warnings, reminders and instructions for owners and passengers of 2008 Chevrolet Cobalt vehicles as to the operation of the airbag and crash protection system, after Defendants knew or should have known of the dangerous and unsafe design of their airbag and crash protection system;

j.  Defendant failed to properly notify, warn and instruct occupants of the 2008 Chevrolet Cobalt vehicle on the inadequate airbag protection provided to drivers during foreseeable vehicle maneuvers, including front end collisions;

k.  Defendant equipped the 2008 Chevrolet Cobalt with an airbag and crash protection system that had a design, including activation and deployment sensors and devices, that provided completely inadequate crash protection to an occupant;

1.  Defendant failed to properly test the airbag and crash protection system under foreseeable operating conditions, including front end collisions;

DocID: 4818-6798-3516.1

m.   Failed to equip its vehicle with a proper, safe and functioning crash sensing system;

n.   Equipped its Chevrolet Cobalt with a faulty ignition system that caused loss of power to crash sensing devices during foreseeable collision events;

o.   Failed to ensure that its frontal airbags would activate and deploy even after the Chevrolet Cobalt experienced a rear end collision event;

p.   Equipped its vehicle with a crash sensing system that did not function properly after the Chevrolet Cobalt experienced a rear end collision event;

q.   Failed to ensure that the crash sensing device and airbag system in its Chevrolet would function properly under all foreseeable crash scenarios;

r.   Failed to equip its Chevrolet Cobalt with a proper restraint system, seat belts and seat belt pretensioners so as to protect all vehicle occupants;

s.   Failed to equip its Chevrolet Cobalt with a restraint system, seat belts and seat belt pretensioners that would function properly during all foreseeable crash scenarios, and in the event of a loss of vehicle power during a crash; and,

t.   was otherwise negligent.

**ANSWER:** The allegations contained in this entire Count, and paragraph, and all subparts, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

22.   As a proximate result of one or more of the aforesaid negligent acts and/or omissions, Plaintiff, LILY A. CONNER, sustained injuries of a personal and pecuniary nature.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required.

DocID: 4818-6798-3516.1

To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

WHEREFORE, Plaintiff, AMANDA CONNER, mother and next friend of LILY A. LAWRENCE, a minor, demands judgment against Defendant, GENERAL MOTORS, LLC and GENERAL MOTORS COMPANY, in an amount in excess of the jurisdictional limits of the Circuit Court of Champaign County, Illinois.

**ANSWER**: CAS denies the allegations set forth in the WHEREFORE Paragraph of Plaintiffs' Complaint, and further denies that Plaintiffs are entitled to any relief whatsoever, whether at law or equity against CAS.

### COUNT V – Caitlin B. Conner, deceased.

### Strict Liability - Wrongful Death

### General Motors

Plaintiff, MATTHEW CONNER, individually and as Independent Administrator of the Estate of CAITLIN B. CONNER, a deceased minor, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants GENERAL MOTORS, LLC and GENERAL MOTORS COMPANY, (hereinafter collectively, "GENERAL MOTORS"), states as follows:

1.    On and before June 8, 2017, Defendant, GENERAL MOTORS, was engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling motor vehicles, including a 2008 Chevrolet Cobalt, and its component parts, owned by Plaintiff, DEBRA J. CONNER and bearing vehicle identification number 1G1AL58F487225759.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

DocID: 4818-6798-3516.1

2.     On and before June 8, 2017, Defendant, GENERAL MOTORS, engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling motor vehicles in and throughout Champaign County and Cook County, Illinois.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

3.     Prior to June 28, 2017, the aforesaid 2008 Chevrolet Cobalt, and its component parts, including its airbag system and crash sensing devices, were designed, manufactured, engineered, tested, marketed, distributed and sold by Defendant, GENERAL MOTORS.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

4.     On and before June 8, 2017, Defendant, GENERAL MOTORS, had a duty to ensure that the aforesaid 2008 Chevrolet Cobalt, and its component parts, were not designed, manufactured, engineered, tested, marketed, distributed and sold so as to be in an unreasonably dangerous condition.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

DocID: 4818-6798-3516.1

5.      On and before June 8, 2017, Interstate 57 generally ran in north and south directions through Champaign County Illinois.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

6.      On and before June 8, 2017, Defendant RURAL KING was a retail farm and home supply business and regularly conducted business in and throughout Champaign County, Illinois.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

7.      On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee and/or agent of RURAL KING.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

8.      One [sic] June 8, 2017, Defendant KRUSE owned, operated, managed, maintained and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

9.     On and before June 8, 2017, Defendant RURAL KING had provided an electronic communication device, commonly known as a cellphone to its employee and/or agent, Defendant STEVEN R. KRUSE.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

10.    On June 8, 2017, Defendant KRUSE had his RURAL KING provided cellphone with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

11.    On June 8, 2017, another employee and/or agent of RURAL KING contacted Defendant KRUSE by sending him a cellphone text message concerning the business of RURAL KING.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required.

DocID: 4818-6798-3516.1

To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

12.   On June 8, 2017, the incoming text message from a RURAL KING employee and/or agent caused Defendant KRUSE to divert his attention from the roadway and traffic in front of him as he obtained his cellphone to determine the identity of the sender and to read the text message.

**ANSWER:**   The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

13.   On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and vehicles in front of him so as to obtain his cellphone and read the text message communication from another RURAL KING employee, Defendant KRUSE continued to drive his motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:**   The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

14.   On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008 Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:**   The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed

DocID: 4818-6798-3516.1

to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

15.   On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

16.   On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

17.   On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA CONNER, as both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed

DocID: 4818-6798-3516.1

to be asserted against CAS, then CAS is without knowledge of same, and the

allegations are therefore denied.

18.    On June 8, 2017, at the aforesaid location, while using his RURAL KING provided cellphone to read an incoming text message communication sent by a RURAL KING employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

**ANSWER:**  The allegations contained in this entire Count, and

paragraph, are not asserted against CAS and therefore no response is required.

To the extent that any of the allegations in this paragraph could be construed

to be asserted against CAS, then CAS is without knowledge of same, and the

allegations are therefore denied.

19.    On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

**ANSWER:**  The allegations contained in this entire Count, and

paragraph, are not asserted against CAS and therefore no response is required.

To the extent that any of the allegations in this paragraph could be construed

to be asserted against CAS, then CAS is without knowledge of same, and the

allegations are therefore denied.

20.    At the time and place aforesaid, the airbag and related component parts, in the aforementioned 2008 Chevrolet Cobalt, failed to activate and/or deploy.

**ANSWER:**  The allegations contained in this entire Count, and

paragraph, are not asserted against CAS and therefore no response is required.

To the extent that any of the allegations in this paragraph could be construed

DocID: 4818-6798-3516.1

to be asserted against CAS, then CAS is without knowledge of same, and the

allegations are therefore denied.

21.   On June 8, 2017, and at the time the aforementioned 2008 Chevrolet Cobalt left the control of Defendant, GENERAL MOTORS, this vehicle and its related component parts were in an unreasonably dangerous condition in one or more of the following respects:

a.   designed, manufactured, distributed, sold and provided the 2008 Chevrolet Cobalt with an airbag and related crash protection system that were unsafe, unsuitable and dangerous for use on said Cobalt;

b.   designed, manufactured, distributed and sold the 2008 Chevrolet Cobalt with inadequate and unsafe standards of crash-worthiness, and without taking proper and sufficient precautions to ensure sufficient and accurate deployment of airbags;

c.   failed to provide purchasers with adequate, sufficient, accurate and proper warnings and information concerning the unsafe, unstable, and dangerous conditions of the 2008 Chevrolet Cobalt;

d.   failed to properly test, monitor and inspect the condition of the 2008 Chevrolet Cobalt airbag and/or crash protection system to ensure that it was safe, suitable, and appropriate for use on the roadway;

e.   designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt without conducting limits testing;

f.   designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt without complying with Defendant, GENERAL MOTOR's own internal guidelines and standards for design and testing of vehicles, airbags, and crash protection systems;

g.   Defendant, GENERAL MOTORS, failed to implement design changes that GENERAL MOTOR'S own engineers knew were necessary to render the 2008 Chevrolet Cobalt safe for use during foreseeable operating conditions;

h.   Defendant failed to modify the design of the airbag and crash protection system in the 2008 Chevrolet Cobalt after Defendants knew or should have known of the dangerous conditions inherent in the design;

DocID: 4818-6798-3516.1

i.      Defendant failed to issue proper warnings, reminders and instructions for owners and passengers of 2008 Chevrolet Cobalt vehicles as to the operation of the airbag and crash protection system, after Defendants knew or should have known of the dangerous and unsafe design of their airbag and crash protection system;

j.      Defendant failed to properly notify, warn and instruct occupants of the 2008 Chevrolet Cobalt vehicle on the inadequate airbag protection provided to drivers during foreseeable vehicle maneuvers, including front end collisions;

k.      Defendant equipped the 2008 Chevrolet Cobalt with an airbag and crash protection system that had a design, including activation and deployment sensors and devices, that provided completely inadequate crash protection to an occupant;

1.      Defendant failed to properly test the airbag and crash protection system under foreseeable operating conditions, including front end collisions;

m.      Failed to equip its vehicle with a proper, safe and functioning crash sensing system;

n.      Equipped its Chevrolet Cobalt with a faulty ignition system that caused loss of power to crash sensing devices during foreseeable collision events;

o.      Failed to ensure that its frontal airbags would activate and deploy even after the Chevrolet Cobalt experienced a rear end collision event;

p.      Equipped its vehicle with a crash sensing system that did not function properly after the Chevrolet Cobalt experienced a rear end collision event;

q.      Failed to ensure that the crash sensing device and airbag system in its Chevrolet would function properly under all foreseeable crash scenarios;

r.      Failed to equip its Chevrolet Cobalt with a proper restraint system, seat belts and seat belt pretensioners so as to protect all vehicle occupants;

s.      Failed to equip its Chevrolet Cobalt with a restraint system, seat belts and seat belt pretensioners that would function properly

during all foreseeable crash scenarios, and in the event of a loss of vehicle power during a crash; and,

t.      was otherwise unreasonably dangerous.

**ANSWER:** The allegations contained in this entire Count, and paragraph, including all subparts, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

22.      As a proximate result of one or more of the aforementioned unreasonably dangerous conditions, CAITLIN B. CONNER, a minor, sustained injuries of a personal, permanent and pecuniary nature that resulted in her death on June 8, 2017.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

23.      Decedent, CAITLIN B. CONNER, a minor, left surviving her as her lawful heirs, her father MATTHEW CONNER, her mother AMANDA CONNER, and her siblings LILY A. LAWRENCE, a minor, and COBY CONNER, a minor, all of whom have sustained personal, pecuniary and emotional injuries as a result of the death of CAITLIN B. CONNER, a minor.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

DocID: 4818-6798-3516.1

24.    Plaintiff MATTHEW CONNER has been appointed Independent Administrator of the Estate of CAITLIN B. CONNER pursuant to order of the Circuit Court of the Sixth Judicial District in Douglas County, Illinois.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

25.    Plaintiff MATTHEW CONNER, as Independent Administrator of the Estate of CAITLIN B. CONNER, Deceased, brings this action pursuant to the Wrongful Death Act 740 ILCS 108/1 *et seq.* [sic].

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

WHEREFORE, Plaintiff, MATTHEW CONNER, individually and as Independent Administrator of the Estate of CAITLIN B. CONNER, a deceased minor, demands judgment against Defendant, GENERAL MOTORS, LLC and GENERAL MOTORS COMPANY, in an amount in excess of the jurisdictional limits of the Circuit Court of Champaign County.

**ANSWER**: CAS denies the allegations set forth in the WHEREFORE Paragraph of Plaintiffs' Complaint, except in so far as Plaintiffs allege the amount alleged in controversy is in excess of the jurisdictional limits of the Circuit Court of Champaign County, and further denies that Plaintiffs are entitled to any relief whatsoever, whether at law or equity against CAS.

DocID: 4818-6798-3516.1

## COUNT VI – Caitlin B. Conner, Deceased

### Strict Liability - Survival

### General Motors

Plaintiff, MATTHEW CONNER, individually and as Independent Administrator of the Estate of CAITLIN B. CONNER, a deceased minor, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendant GENERAL MOTORS, LLC and GENERAL MOTORS COMPANY, (hereinafter collectively, "GENERAL MOTORS") states as follows:

1.     On and before June 8, '2017, Defendant, GENERAL MOTORS, was engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling motor vehicles, including a 2008 Chevrolet Cobalt, and its component parts, owned by Plaintiff, DEBRA J. CONNER and bearing vehicle identification number 1G1AL58F487225759.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

2.     On and before June 8, 2017, Defendant, GENERAL MOTORS, engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling motor vehicles in and throughout Champaign County and Cook County, Illinois.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

3.     Prior to June 8, 2017, the aforesaid 2008 Chevrolet Cobalt, and its component parts, including its airbag system and crash sensing devices, were

DocID: 4818-6798-3516.1

designed, manufactured, engineered, tested, marketed, distributed and sold by Defendant, GENERAL MOTORS.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

4.     On and before June 8, 2017, Defendant, GENERAL MOTORS, had a duty to ensure that the aforesaid 2008 Chevrolet Cobalt, and its component parts, were not designed, manufactured, engineered, tested, marketed, distributed and sold so as to be in an unreasonably dangerous condition.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

5.     On and before June 8, 2017, Interstate 57 generally ran in north and south directions through Champaign County Illinois.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

6.     On and before June 8, 2017, Defendant RURAL KING was a retail farm and home supply business and regularly conducted business in and throughout Champaign County, Illinois.

DocID: 4818-6798-3516.1

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

7.   On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee and/or agent of RURAL KING.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

8.   One [sic] June 8, 2017, Defendant KRUSE owned, operated, managed, maintained and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

9.   On and before June 8, 2017, Defendant RURAL KING had provided an electronic communication device, commonly known as a cellphone to its employee and/or agent, Defendant STEVEN R. KRUSE.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required.

DocID: 4818-6798-3516.1

To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

10.    On June 8, 2017, Defendant KRUSE had his RURAL KING provided cellphone with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:**  The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

11.    On June 8, 2017, another employee and/or agent of RURAL KING contacted Defendant KRUSE by sending him a cellphone text message concerning the business of RURAL KING.

**ANSWER:**  The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

12.    On June 8, 2017, the incoming text message from a RURAL KING employee and/or agent caused Defendant KRUSE to divert his attention from the roadway and traffic in front of him as he obtained his cellphone to determine the identity of the sender and to read the text message.

**ANSWER:**  The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed

DocID: 4818-6798-3516.1

to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

13.    On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and vehicles in front of him so as to obtain his cellphone and read the text message communication from another RURAL KING employee, Defendant KRUSE continued to drive his motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

14.    On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008 Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

15.    On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed

DocID: 4818-6798-3516.1

to be asserted against CAS, then CAS is without knowledge of same, and the

allegations are therefore denied.

16.    On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

**ANSWER:** The allegations contained in this entire Count, and

paragraph, are not asserted against CAS and therefore no response is required.

To the extent that any of the allegations in this paragraph could be construed

to be asserted against CAS, then CAS is without knowledge of same, and the

allegations are therefore denied.

17.    On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA CONNER, as both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:** The allegations contained in this entire Count, and

paragraph, are not asserted against CAS and therefore no response is required.

To the extent that any of the allegations in this paragraph could be construed

to be asserted against CAS, then CAS is without knowledge of same, and the

allegations are therefore denied.

18.    On June 8, 2017, at the aforesaid location, while using his RURAL KING provided cellphone to read an incoming text message communication sent by a RURAL KING employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

**ANSWER:** The allegations contained in this entire Count, and

paragraph, are not asserted against CAS and therefore no response is required.

To the extent that any of the allegations in this paragraph could be construed

DocID: 4818-6798-3516.1

to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

19.   On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

20.   At the time and place aforesaid, the airbag and related component parts, in the aforementioned 2008 Chevrolet Cobalt, failed to activate and/or deploy.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

21.   On June 8, 2017, and at the time the aforementioned 2008 Chevrolet Cobalt left the control of Defendant, GENERAL MOTORS, this vehicle and its related component parts were in an unreasonably dangerous condition in one or more of the following respects:

a.      designed, manufactured, distributed, sold and provided the 2008 Chevrolet Cobalt with an airbag and related crash protection system that were unsafe, unsuitable and dangerous for use on said Cobalt;

b.      designed, manufactured, distributed and sold the 2008 Chevrolet Cobalt with inadequate and unsafe standards of crash-worthiness,

DocID: 4818-6798-3516.1

and without taking proper and sufficient precautions to ensure sufficient and accurate deployment of airbags;

c.     failed to provide purchasers with adequate, sufficient, accurate and proper warnings and information concerning the unsafe, unstable, and dangerous conditions of the 2008 Chevrolet Cobalt;

d.     failed to properly test, monitor and inspect the condition of the 2008 Chevrolet Cobalt airbag and/or crash protection system to ensure that it was safe, suitable, and appropriate for use on the roadway;

e.     designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt without conducting limits testing;

f.     designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt without complying with Defendant, GENERAL MOTOR's own internal guidelines and standards for design and testing of vehicles, airbags, and crash protection systems;

g.     Defendant, GENERAL MOTORS, failed to implement design changes that GENERAL MOTOR'S own engineers knew were necessary to render the 2008 Chevrolet Cobalt safe for use during foreseeable operating conditions;

h.     Defendant failed to modify the design of the airbag and crash protection system in the 2008 Chevrolet Cobalt after Defendants knew or should have known of the dangerous conditions inherent in the design;

i.     Defendant failed to issue proper warnings, reminders and instructions for owners and passengers of 2008 Chevrolet Cobalt vehicles as to the operation of the airbag and crash protection system, after Defendants knew or should have known of the dangerous and unsafe design of their airbag and crash protection system;

j.     Defendant failed to properly notify, warn and instruct occupants of the 2008 Chevrolet Cobalt vehicle on the inadequate airbag protection provided to drivers during foreseeable vehicle maneuvers, including front end collisions;

k.     Defendant equipped the 2008 Chevrolet Cobalt with an airbag and crash protection system that had a design, including activation and deployment sensors and devices, that provided completely inadequate crash protection to an occupant;

DocID: 4818-6798-3516.1

l.     Defendant failed to properly test the airbag and crash protection system under foreseeable operating conditions, including front end collisions;

m.     Failed to equip its vehicle with a proper, safe and functioning crash sensing system;

n.     Equipped its Chevrolet Cobalt with a faulty ignition system that caused loss of power to crash sensing devices during foreseeable collision events;

o.     Failed to ensure that its frontal airbags would activate and deploy even after the Chevrolet Cobalt experienced a rear end collision event;

p.     Equipped its vehicle with a crash sensing system that did not function properly after the Chevrolet Cobalt experienced a rear end collision event;

q.     Failed to ensure that the crash sensing device and airbag system in its Chevrolet would function properly under all foreseeable crash scenarios;

r.     Failed to equip its Chevrolet Cobalt with a proper restraint system, seat belts and seat belt pretensioners so as to protect all vehicle occupants;

s.     Failed to equip its Chevrolet Cobalt with a restraint system, seat belts and seat belt pretensioners that would function properly during all foreseeable crash scenarios, and in the event of a loss of vehicle power during a crash; and,

t.     was otherwise unreasonably dangerous.

**ANSWER:** The allegations contained in this entire Count, and paragraph, including all subparts, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

22.    As a proximate result of one or more of the aforementioned unreasonably dangerous conditions, CAITLIN B. CONNER, a minor, sustained

injuries of a personal, permanent and pecuniary nature, including conscious pain and suffering, that resulted in her death on June 8, 2017.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

23.    Had CAITLIN B. CONNER, a minor, survived, she would have been able to bring an action for the injuries that she suffered, and this action has survived her pursuant to 735 ILCS 5/27-6 [sic], commonly referred to as the Illinois Survival Act.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, CAS states that they are legal conclusions to which no response is required.  To the extent a response is deemed required, CAS denies the allegations in this paragraph.

24.    Plaintiff MATTHEW CONNER has been appointed Independent Administrator of the Estate of CAITLIN B. CONNER pursuant to order of the Circuit Court of the Sixth Judicial District in Douglas County, Illinois.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

DocID: 4818-6798-3516.1

25.    Plaintiff MATTHEW CONNER, as. Independent Administrator of the Estate of CAITLIN B. CONNER, Deceased, brings this action pursuant to the provisions of the Survival Act, 735 ILCS 5/27-6 [sic].

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, CAS states that they are legal conclusions to which no response is required.  To the extent a response is deemed required, CAS denies the allegations in this paragraph.

WHEREFORE, Plaintiff, MATTHEW CONNER, individually and as Independent Administrator of the Estate of CAITLIN B. CONNER, a deceased minor, demands judgment against Defendant, GENERAL MOTORS, LLC and GENERAL MOTORS COMPANY, in an amount in excess of the jurisdictional limits of the Circuit Court of Champaign County.

**ANSWER**: CAS denies the allegations set forth in the WHEREFORE Paragraph of Plaintiffs' Complaint, except in so far as Plaintiffs allege the amount alleged in controversy is in excess of the jurisdictional limits of the Circuit Court of Champaign County, and further denies that Plaintiffs are entitled to any relief whatsoever, whether at law or equity against CAS.

### Count VII

### Caitlin B. Conner, deceased

### Negligence – Wrongful Death

### General Motors

Plaintiff, MATTHEW CONNER, individually and as Independent Administrator of the Estate of CAITLIN B. CONNER, a deceased minor, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants GENERAL MOTORS, LLC and GENERAL MOTORS COMPANY, collectively, (hereinafter "GENERAL MOTORS"), states as follows:

DocID: 4818-6798-3516.1

1.     On and before June 8, 2017, Defendant, GENERAL MOTORS, was engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling motor vehicles, including a 2008 Chevrolet Cobalt, and its component parts, owned by Plaintiff, DEBRA J. CONNER and bearing vehicle identification number 1G1AL58F487225759.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

2.     On and before June 8, 2017, Defendant, GENERAL MOTORS, engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling motor vehicles in and throughout Champaign County and Cook County, Illinois.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

3.     Prior to June 8, 2017, the aforesaid 2008 Chevrolet Cobalt, and its component parts, including its airbag system and crash sensing devices, were designed, manufactured, engineered, tested, marketed, distributed and sold by Defendant, GENERAL MOTORS.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

DocID: 4818-6798-3516.1

4.     On and before June 8, 2017, Defendant, GENERAL MOTORS, had a duty to exercise ordinary care to ensure that the aforesaid 2008 Chevrolet Cobalt, and its component parts, were not designed, manufactured, engineered, tested, marketed, distributed and sold so as to be in an unsafe condition.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

5.     On and before June 8, 2017, Interstate 57 generally ran in north and south directions through Champaign County Illinois.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

6.     On and before June 8, 2017, Defendant RURAL KING was a retail farm and home supply business and regularly conducted business in and throughout Champaign County, Illinois.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

7.     On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee and/or agent of RURAL KING.

DocID: 4818-6798-3516.1

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

8.      One [sic] June 8, 2017, Defendant KRUSE owned, operated, managed, maintained and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

9.      On and before June 8, 2017, Defendant RURAL KING had provided an electronic communication device, commonly known as a cellphone to its employee and/or agent, Defendant STEVEN R. KRUSE.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

10.     On June 8, 2017, Defendant KRUSE had his RURAL KING provided cellphone with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required.

To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

11.    On June 8, 2017, another employee and/or agent of RURAL KING contacted Defendant KRUSE by sending him a cellphone text message concerning the business of RURAL KING.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

12.    On June 8, 2017, the incoming text message from a RURAL KING employee and/or agent caused Defendant KRUSE to divert his attention from the roadway and traffic in front of him as he obtained his cellphone to determine the identity of the sender and to read the text message.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

13.    On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and vehicles in front of him so as to obtain his cellphone and read the text message communication from another RURAL KING employee, Defendant KRUSE continued to drive his motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed

DocID: 4818-6798-3516.1

to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

14.   On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008 Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

15.   On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

16.   On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

DocID: 4818-6798-3516.1

17.    On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA CONNER, as both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

18.    On June 8, 2017, at the aforesaid location, while using his RURAL KING provided cellphone to read an incoming text message communication sent by a RURAL KING employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

19.    On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

DocID: 4818-6798-3516.1

20.    At the time and place aforesaid, the airbag and related component parts, in the aforementioned 2008 Chevrolet Cobalt, failed to activate and/or deploy.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

21.    On and before June 8, 2017, GENERAL MOTORS, was negligent in one or more of the following respects since General Motors:

    a.    designed, manufactured, distributed, sold and provided the 2008 Chevrolet Cobalt with an airbag and related crash protection system that were unsafe, unsuitable and dangerous for use on said Cobalt;

    b.    designed, manufactured, distributed and sold the 2008 Chevrolet Cobalt with inadequate and unsafe standards of crash-worthiness, and without taking proper and sufficient precautions to ensure sufficient and accurate deployment of airbags;

    c.    failed to provide purchasers with adequate, sufficient, accurate and proper warnings and information concerning the unsafe, unstable, and dangerous conditions of the 2008 Chevrolet Cobalt;

    d.    failed to properly test, monitor and inspect the condition of the 2008 Chevrolet Cobalt airbag and/or crash protection system to ensure that it was safe, suitable, and appropriate for use on the roadway;

    e.    designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt without conducting limits testing;

    f.    designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt without complying with Defendant, GENERAL MOTOR's own internal guidelines and standards for design and testing of vehicles, airbags, and crash protection systems;

    g.    Defendant, GENERAL MOTORS, failed to implement design changes that GENERAL MOTOR'S own engineers knew were

DocID: 4818-6798-3516.1

necessary to render the 2008 Chevrolet Cobalt safe for use during foreseeable operating conditions;

h.      Defendant failed to modify the design of the airbag and crash protection system in the 2008 Chevrolet Cobalt after Defendants knew or should have known of the dangerous conditions inherent in the design;

i.      Defendant failed to issue proper warnings, reminders and instructions for owners and passengers of 2008 Chevrolet Cobalt vehicles as to the operation of the airbag and crash protection system, after Defendants knew or should have known of the dangerous and unsafe design of their airbag and crash protection system;

j.      Defendant failed to properly notify, warn and instruct occupants of the 2008 Chevrolet Cobalt vehicle on the inadequate airbag protection provided to drivers during foreseeable vehicle maneuvers, including front end collisions;

k.      Defendant equipped the 2008 Chevrolet Cobalt with an airbag and crash protection system that had a design, including activation and deployment sensors and devices, that provided completely inadequate crash protection to an occupant;

l.      Defendant failed to properly test the airbag and crash protection system under foreseeable operating conditions, including front end collisions;

m.      Failed to equip its vehicle with a proper, safe and functioning crash sensing system;

n.      Equipped its Chevrolet Cobalt with a faulty ignition system that caused loss of power to crash sensing devices during foreseeable collision events;

o.      Failed to ensure that its frontal airbags would activate and deploy even after the Chevrolet Cobalt experienced a rear end collision event;

p.      Equipped its vehicle with a crash sensing system that did not function properly after the Chevrolet Cobalt experienced a rear end collision event;

q.      Failed to ensure that the crash sensing device and airbag system in its Chevrolet would function properly under all foreseeable crash scenarios;

DocID: 4818-6798-3516.1

r.   Failed to equip its Chevrolet Cobalt with a proper restraint system, seat belts and seat belt pretensioners so as to protect all vehicle occupants;

s.   Failed to equip its Chevrolet Cobalt with a restraint system, seat belts and seat belt pretensioners that would function properly during all foreseeable crash scenarios, and in the event of a loss of vehicle power during a crash; and,

t.   was otherwise negligent.

**ANSWER:** The allegations contained in this entire Count, and paragraph, including all subparts, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

22.   As a proximate result of one or more of the aforementioned negligent acts and/or omissions, CAITLIN B. CONNER, a minor, sustained injuries of a personal, permanent and pecuniary nature that resulted in her death on June 8, 2017.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

23.   Decedent, CAITLIN B. CONNER, a minor, left surviving her as her lawful heirs, her father MATTHEW CONNER, her mother AMANDA CONNER, and her siblings LILY A. LAWRENCE, a minor, and COBY CONNER, a minor, all of whom have sustained personal, pecuniary and emotional injuries as a result of the death of CAITLIN B. CONNER, a minor.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required.

DocID: 4818-6798-3516.1

To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

24. Plaintiff MATTHEW CONNER has been appointed Independent Administrator of the Estate of CAITLIN B. CONNER pursuant to order of the Circuit Court of the Sixth Judicial District in Douglas County, Illinois.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

25. Plaintiff MATTHEW CONNER, as Independent Administrator of the Estate of CAITLIN B. CONNER, Deceased, brings this action pursuant to the Wrongful Death Act 740 ILCS 108/1 *et seq.* [sic].

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, CAS states that they are legal conclusions to which no response is required.  To the extent a response is deemed required, CAS denies the allegations in this paragraph.

WHEREFORE, Plaintiff, MATTHEW CONNER, individually and as Independent Administrator of the Estate of CAITLIN B. CONNER, a deceased minor, demands judgment against Defendant, GENERAL MOTORS, LLC and GENERAL MOTORS COMPANY, in an amount in excess of the jurisdictional limits of the Circuit Court of Champaign County.

**ANSWER**: CAS denies the allegations set forth in the WHEREFORE Paragraph of Plaintiffs' Complaint, except in so far as Plaintiffs allege the

DocID: 4818-6798-3516.1

amount alleged in controversy is in excess of the jurisdictional limits of the Circuit Court of Champaign County, and further denies that Plaintiffs are entitled to any relief whatsoever, whether at law or equity against CAS.

### Count VIII

### Caitlin B. Conner, Deceased

### Negligence – Survival

### General Motors

Plaintiff, MATTHEW CONNER, individually and as Independent Administrator of the Estate of CAITLIN B. CONNER, a deceased minor, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendant GENERAL MOTORS, LLC and GENERAL MOTORS COMPANY, collectively, (hereinafter "GENERAL MOTORS") states as follows:

1.      On and before June 8, 2017, Defendant, GENERAL MOTORS, was engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling motor vehicles, including a 2008 Chevrolet Cobalt, and its component parts, owned by Plaintiff, DEBRA J. CONNER and bearing vehicle identification number 1G1AL58F487225759.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

2.      On and before June 8, 2017, Defendant, GENERAL MOTORS, engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling motor vehicles in and throughout Champaign County and Cook County, Illinois.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required.

71

To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

3.     Prior to June 8, 2017, the aforesaid 2008 Chevrolet Cobalt, and its component parts, including its airbag system and crash sensing devices, were designed, manufactured, engineered, tested, marketed, distributed and sold by Defendant, GENERAL MOTORS.

**ANSWER:**   The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

4.     On and before June 8, 2017, Defendant, GENERAL MOTORS, had a duty to exercise ordinary care to ensure that the aforesaid 2008 Chevrolet Cobalt, and its component parts, were not designed, manufactured, engineered, tested, marketed, distributed and sold so as to be in an unsafe condition.

**ANSWER:**   The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

5.     On and before June 8, 2017, Interstate 57 generally ran in north and south directions through Champaign County Illinois.

**ANSWER:**   The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed

DocID: 4818-6798-3516.1

to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

6.     On and before June 8, 2017, Defendant RURAL KING was a retail farm and home supply business and regularly conducted business in and throughout Champaign County, Illinois.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

7.     On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee and/or agent of RURAL KING.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

8.     One [sic] June 8, 2017, Defendant KRUSE owned, operated, managed, maintained and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

DocID: 4818-6798-3516.1

9.      On and before June 8, 2017, Defendant RURAL KING had provided an electronic communication device, commonly known as a cellphone to its employee and/or agent, Defendant STEVEN R. KRUSE.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

10.     On June 8, 2017, Defendant KRUSE had his RURAL KING provided cellphone with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

11.     On June 8, 2017, another employee and/or agent of RURAL KING contacted Defendant KRUSE by sending him a cellphone text message concerning the business of RURAL KING.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

12.     On June 8, 2017, the incoming text message from a RURAL KING employee and/or agent caused Defendant KRUSE to divert his attention from the roadway and traffic in front of him as he obtained his cellphone to determine the identity of the sender and to read the text message.

DocID: 4818-6798-3516.1

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

13.    On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and vehicles in front of him so as to obtain his cellphone and read the text message communication from another RURAL KING employee, Defendant KRUSE continued to drive his motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

14.    On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008 Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

15.    On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

DocID: 4818-6798-3516.1

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

16.   On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

17.   On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA CONNER, as both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

18.   On June 8, 2017, at the aforesaid location, while using his RURAL KING provided cellphone to read an incoming text message communication sent by a RURAL KING employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

DocID: 4818-6798-3516.1

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

19.     On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff DEBRA J. CONNER' s Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER' s Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

20.     At the time and place aforesaid, the airbag and related component parts, in the aforementioned 2008 Chevrolet Cobalt, failed to activate and/or deploy.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

21.     On and before June 8, 2017, Defendant, GENERAL MOTORS, was negligent in one or more of the following respects since General Motors:

a.      designed, manufactured, distributed, sold and provided the 2008 Chevrolet Cobalt with an airbag and related crash protection system that were unsafe, unsuitable and dangerous for use on said Cobalt;

DocID: 4818-6798-3516.1

b.  designed, manufactured, distributed and sold the 2008 Chevrolet Cobalt with inadequate and unsafe standards of crash-worthiness, and without taking proper and sufficient precautions to ensure sufficient and accurate deployment of airbags;

c.  failed to provide purchasers with adequate, sufficient, accurate and proper warnings and information concerning the unsafe, unstable, and dangerous conditions of the 2008 Chevrolet Cobalt;

d.  failed to properly test, monitor and inspect the condition of the 2008 Chevrolet Cobalt airbag and/or crash protection system to ensure that it was safe, suitable, and appropriate for use on the roadway;

e.  designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt without conducting limits testing;

f.  designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt without complying with Defendant, GENERAL MOTOR's own internal guidelines and standards for design and testing of vehicles, airbags, and crash protection systems;

g.  Defendant, GENERAL MOTORS, failed to implement design changes that GENERAL MOTOR'S own engineers knew were necessary to render the 2008 Chevrolet Cobalt safe for use during foreseeable operating conditions;

h.  Defendant failed to modify the design of the airbag and crash protection system in the 2008 Chevrolet Cobalt after Defendants knew or should have known of the dangerous conditions inherent in the design;

i.  Defendant failed to issue proper warnings, reminders and instructions for owners and passengers of 2008 Chevrolet Cobalt vehicles as to the operation of the airbag and crash protection system, after Defendants knew or should have known of the dangerous and unsafe design of their airbag and crash protection system;

j.  Defendant failed to properly notify, warn and instruct occupants of the 2008 Chevrolet Cobalt vehicle on the inadequate airbag protection provided to drivers during foreseeable vehicle maneuvers, including front end collisions;

k.  Defendant equipped the 2008 Chevrolet Cobalt with an airbag and crash protection system that had a design, including activation

78

and deployment sensors and devices, that provided completely inadequate crash protection to an occupant;

l.      Defendant failed to properly test the airbag and crash protection system under foreseeable operating conditions, including front end collisions;

m.     Failed to equip its vehicle with a proper, safe and functioning crash sensing system;

n.      Equipped its Chevrolet Cobalt with a faulty ignition system that caused loss of power to crash sensing devices during foreseeable collision events;

o.      Failed to ensure that its frontal airbags would activate and deploy even after the Chevrolet Cobalt experienced a rear end collision event;

p.      Equipped its vehicle with a crash sensing system that did not function properly after the Chevrolet Cobalt experienced a rear end collision event;

q.      Failed to ensure that the crash sensing device and airbag system in its Chevrolet would function properly under all foreseeable crash scenarios;

r.      Failed to equip its Chevrolet Cobalt with a proper restraint system, seat belts and seat belt pretensioners so as to protect all vehicle occupants;

s.      Failed to equip its Chevrolet Cobalt with a restraint system, seat belts and seat belt pretensioners that would function properly during all foreseeable crash scenarios, and in the event of a loss of vehicle power during a crash; and,

t.      was otherwise negligent.

**ANSWER:** The allegations contained in this entire Count, and paragraph, including all subparts, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

22. As a proximate result of one or more of the aforementioned negligent acts and/or omissions, CAITLIN B. CONNER, a minor, sustained injuries of a personal, permanent and pecuniary nature that resulted in her death on June 8, 2017.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

23. Had CAITLIN B. CONNER, a minor, survived, she would have been able to bring an action for the injuries that she suffered, and this action has survived her pursuant to 735 ILCS 5/27-6 [sic], commonly referred to as the Illinois Survival Act.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, CAS states that they are legal conclusions to which no response is required. To the extent a response is deemed required, CAS denies the allegations in this paragraph.

24. Plaintiff MATTHEW CONNER has been appointed Independent Administrator of the Estate of CAITLIN B. CONNER pursuant to order of the Circuit Court of the Sixth Judicial District in Douglas County, Illinois.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

DocID: 4818-6798-3516.1

25.     Plaintiff MATTHEW CONNER, as Independent Administrator of the Estate of CAITLIN B. CONNER, Deceased, brings this action pursuant to the provisions of the Survival Act, 735 ILCS 5/27-6 [sic].

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, CAS states that they are legal conclusions to which no response is required.  To the extent a response is deemed required, CAS denies the allegations in this paragraph.

WHEREFORE, Plaintiff, MATTHEW CONNER, individually and as Independent Administrator of the Estate of CAITLIN B. CONNER, a deceased minor, demands judgment against Defendant, GENERAL MOTORS, LLC and GENERAL MOTORS COMPANY, in an amount in excess of the jurisdictional limits of Champaign County.

**ANSWER**: CAS denies the allegations set forth in the WHEREFORE Paragraph of Plaintiffs' Complaint, except in so far as Plaintiffs allege the amount alleged in controversy is in excess of the jurisdictional limits of the Circuit Court of Champaign County, and further denies that Plaintiffs are entitled to any relief whatsoever, whether at law or equity against CAS.

### Count IX

### Debra J. Conner

### Strict Liability

### Continental/Siemens

Plaintiff, DEBRA J. CONNER, by and through her attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendant, CONTINENTAL AG AND CONTINENTAL AUTOMOTIVE SYSTEMS US, INC., individually and as

DocID: 4818-6798-3516.1

successor to SIEMENS AG, and SIEMENS AG, individually, (hereinafter collectively referred to as CONTINENTAL/SIEMENS,) states as follows:

1.  On and before June 8, 2017, Defendant, CONTINENTAL/SIEMENS, was engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling airbag restraint systems, airbag control modules, crash sensing devices and event data recorders for the 2008 Chevrolet Cobalt, owned by Plaintiff, DEBRA J. CONNER and bearing vehicle identification number 1G1AL58F487225759.

**ANSWER:**  It is admitted that on or before June 8, 2017, Defendant CAS was engaged in the business of designing, manufacturing, testing, distributing and selling certain airbag electronic components, including airbag control modules and satellites, used in the airbag restraint systems for 2008 Chevrolet Cobalts.  CAS denies all remaining allegations in this paragraph as phrased.

2.  On and before June 8, 2017, Defendant, CONTINENTAL/SIEMENS, engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling airbag restraint systems, airbag control modules, crash sensing devices and event data recorders in and throughout Champaign County and Cook County, Illinois.

**ANSWER:**  It is admitted that on or before June 8, 2017, Defendant CAS was engaged in the business of designing, manufacturing, testing, distributing and selling certain airbag electronic components, including airbag control modules and satellites, used in the airbag restraint systems for 2008 Chevrolet Cobalts.  CAS denies all remaining allegations in this paragraph as phrased.

3.  On and before June 8, 2017, the aforesaid airbag restraint systems, airbag control modules, crash sensing devices and event data recorders for the 2008 Chevrolet Cobalt, and its component parts, were designed, manufactured, engineered, tested, marketed, distributed and sold by Defendant, CONTINENTAL/SIEMENS.

**ANSWER:**  It is admitted that on or before June 8, 2017, Defendant CAS was engaged in the business of designing, manufacturing, testing, distributing

DocID: 4818-6798-3516.1

and selling certain airbag electronic components, including airbag control modules and satellites, used in the airbag restraint systems for 2008 Chevrolet Cobalts.  CAS denies all remaining allegations in this paragraph as phrased.

4. On and before June 8, 2017, Defendant, CONTINENTAL/SIEMENS, had a duty to ensure that the aforesaid airbag restraint systems, airbag control modules, crash sensing devices and event data recorders for the 2008 Chevrolet Cobalt, and its component parts, were not designed, manufactured, engineered, tested, marketed, distributed and sold so as to be in an unreasonably dangerous condition.

**ANSWER:**  CAS states that Paragraph 4 states a legal conclusion to which no response is required.  To the extent a response is deemed required, CAS denies the allegations in Paragraph 4 as phrased.

5. On and before June 8, 2017, Interstate 57 generally ran in north and south directions through Champaign County Illinois.

**ANSWER:**  Upon information and believe, it is admitted that Interstate 57 generally ran in north and south directions through Champaign County, Illinois on or about June 8, 2017.

6. On and before June 8, 2017, Defendant RURAL KING was a retail farm and home supply business and regularly conducted business in and throughout Champaign County, Illinois.

**ANSWER:**  CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

7. On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee and/or agent of RURAL KING.

**ANSWER:**  CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

DocID: 4818-6798-3516.1

8.    One [sic] June 8, 2017, Defendant KRUSE owned, operated, managed, maintained and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:**    CAS is without knowledge or information sufficient to form a

belief as to the truth of the allegations and therefore denies same.

9.    On and before June 8, 2017, Defendant RURAL KING had provided an electronic communication device, commonly known as a cellphone to its employee and/or agent, Defendant STEVEN R. KRUSE.

**ANSWER:**    CAS is without knowledge or information sufficient to form a

belief as to the truth of the allegations and therefore denies same.

10.    On June 8, 2017, Defendant KRUSE had his RURAL KING provided cellphone with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:**    CAS is without knowledge or information sufficient to form a

belief as to the truth of the allegations and therefore denies same.

11.    On June 8, 2017, another employee and/or agent of RURAL KING contacted Defendant KRUSE by sending him a cellphone text message concerning the business of RURAL KING.

**ANSWER:**    CAS is without knowledge or information sufficient to form a

belief as to the truth of the allegations and therefore denies same.

12.    On June 8, 2017, the incoming text message from a RURAL KING employee and/or agent caused Defendant KRUSE to divert his attention from the roadway and traffic in front of him as he obtained his cellphone to determine the identity of the sender and to read the text message.

**ANSWER:**    CAS is without knowledge or information sufficient to form a

belief as to the truth of the allegations and therefore denies same.

13.    On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and vehicles in front of him so as to obtain his cellphone and read the text message communication from another RURAL KING employee, Defendant

DocID: 4818-6798-3516.1

KRUSE continued to drive his motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:**   CAS is without knowledge or information sufficient to form a

belief as to the truth of the allegations and therefore denies same.

14.   On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008 Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:**   CAS is without knowledge or information sufficient to form a

belief as to the truth of the allegations and therefore denies same.

15.   On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

**ANSWER:**   CAS is without knowledge or information sufficient to form a

belief as to the truth of the allegations and therefore denies same.

16.   On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

**ANSWER:**   CAS is without knowledge or information sufficient to form a

belief as to the truth of the allegations and therefore denies same.

17.   On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA CONNER, as both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:**   CAS is without knowledge or information sufficient to form a

belief as to the truth of the allegations and therefore denies same.

18.   On June 8, 2017, at the aforesaid location, while using his RURAL KING provided cellphone to read an incoming text message communication sent by a RURAL KING employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway and the vehicles in front of him, and

drove his Jeep motor vehicle into the rear end of the Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

**ANSWER:**   CAS is without knowledge or information sufficient to form a

belief as to the truth of the allegations and therefore denies same.

19.   On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

**ANSWER:**   CAS is without knowledge or information sufficient to form a

belief as to the truth of the allegations and therefore denies same.

20.   At the time and place aforesaid, the airbag and related component parts, in the aforementioned 2008 Chevrolet Cobalt, failed to activate and/or deploy at the time of the aforesaid impact between the front of the Chevrolet Cobalt and the semi tractor trailer truck.

**ANSWER:**   CAS is without knowledge or information sufficient to form a

belief as to the truth of the allegations and therefore denies same.

21.   On June 8, 2017, and at the time the aforementioned 2008 Chevrolet Cobalt left the control of Defendant, CONTINENTAL/SIEMENS, this vehicle and its airbag restraint systems, airbag control modules, crash sensing devices and event data recorders were in an unreasonably dangerous condition in one or more of the following respects since Defendant:

a.   designed, manufactured, distributed, sold and provided the 2008 Chevrolet Cobalt with airbag restraint systems, airbag control modules, crash sensing devices and event data recorders that were unsafe, unsuitable and dangerous for use on said Cobalt;

b.   designed, manufactured, distributed and sold the 2008 Chevrolet Cobalt with inadequate and unsafe standards of crash-worthiness, and without taking proper and sufficient precautions to ensure sufficient and accurate deployment of airbags;

c.   failed to provide purchasers with adequate, sufficient, accurate and proper warnings and information concerning the unsafe and dangerous conditions of the 2008 Chevrolet Cobalt airbag control modules, crash sensing devices and event data recorders;

DocID: 4818-6798-3516.1

d.  failed to properly test, monitor and inspect the condition of the 2008 Chevrolet Cobalt airbag restraint systems, airbag control modules, crash sensing devices and event data recorders to ensure that it was safe, suitable, and appropriate for use on the roadway;

e.  failed to equip the Chevrolet Cobalt with a safe passenger compartment;

f.  designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt without complying with Defendant, GENERAL MOTOR's own internal guidelines and standards for design and testing of vehicles, airbags, and crash protection systems;

g.  Defendant, CONTINENTAL/SIEMENS, failed to implement design changes that CONTINENTAL SIEMENS own engineers knew were necessary to render the 2008 Chevrolet Cobalt safe for use during foreseeable operating conditions;

h.  Defendant failed to modify the design of the airbag restraint systems, airbag control modules, crash sensing devices and event data recorders in the 2008 Chevrolet Cobalt after Defendants knew or should have known of the dangerous conditions inherent in the design;

i.  Defendant failed to issue proper warnings, reminders and instructions for owners and passengers of 2008 Chevrolet Cobalt vehicles as to the operation of the airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, after Defendants knew or should have known of the dangerous and unsafe design of their airbag and crash protection system;

j.  Defendant failed to properly notify, warn and instruct occupants of the 2008 Chevrolet Cobalt vehicle on the inadequate airbag protection provided to drivers during foreseeable vehicle maneuvers, including front end collisions;

k.  Defendant equipped the 2008 Chevrolet Cobalt with airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, that had a design, including activation and deployment sensors and devices, that provided completely inadequate crash protection to an occupant;

1.  Defendant failed to properly test the airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, under foreseeable operating conditions, including front and rear end collisions;

87

m.     Failed to equip its vehicle with a proper, safe and functioning crash sensing system;

n.     Failed to ensure that its airbag restraint systems, airbag control modules, crash sensing devices and event data recorders were compatible for use in the Chevrolet Cobalt with a faulty ignition system that caused loss of power to crash sensing devices during foreseeable collision events;

o.     Failed to ensure that frontal airbags would activate and deploy even after the Chevrolet Cobalt experienced a rear end collision event;

p,     Provided a crash sensing system that did not function properly after the Chevrolet Cobalt experienced a rear end collision event;

q.     Failed to ensure that the crash sensing device and airbag system in the Chevrolet Cobalt would function properly under all foreseeable crash scenarios;

r.     Failed to equip the Chevrolet Cobalt with a proper restraint system, seat belts and seat belt pretensioners so as to protect all vehicle occupants;

s.     Failed to equip the Chevrolet Cobalt with a restraint system, seat belts and seat belt pretensioners that would function properly during all foreseeable crash scenarios, and in the event of a loss of vehicle power during a crash; and,

t.     was otherwise unreasonably dangerous.

**ANSWER:**  Denied, including all subparts.

22.    As a proximate result of one or more of the aforementioned unreasonably dangerous conditions, DEBRA J. CONNER, sustained injuries of a personal, permanent and pecuniary nature.

**ANSWER:**  Denied.

WHEREFORE, Plaintiff, DEBRA J. CONNER, demands judgment against Defendants, CONTINENTAL AG AND CONTINENTAL AUTOMOTIVE SYSTEMS US, INC., individually and as successor to SIEMENS AG and SIEMEN AG, individually and each of them, in an amount in excess of the jurisdictional limits of the Circuit Court of Champaign County, Illinois.

DocID: 4818-6798-3516.1

**ANSWER:** CAS denies the allegations set forth in the WHEREFORE Paragraph of Plaintiffs' Complaint, except in so far as Plaintiffs allege the amount alleged in controversy is in excess of the jurisdictional limits of the Circuit Court of Champaign County, and further denies that Plaintiffs are entitled to any relief whatsoever, whether at law or equity against CAS.

### Count X

### Debra J. Conner

### Negligence

### Continental/Siemens

Plaintiff, DEBRA J. CONNER, by and through her attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendant, CONTINENTAL AG AND CONTINENTAL AUTOMOTIVE SYSTEMS US, INC., individually and as successor to SIEMENS AG, and SIEMEN AG individually, (hereinafter collectively CONTINENTAL/SIEMENS,) states as follows:

1. On and before June 8, 2017, Defendant, CONTINENTAL/SIEMENS, was engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling airbag restraint systems, airbag control modules, crash sensing devices and event data recorders for the 2008 Chevrolet Cobalt, owned by Plaintiff, DEBRA J. CONNER and bearing vehicle identification number 1 GlAL58F487225759.

**ANSWER:** It is admitted that on or before June 8, 2017, Defendant CAS was engaged in the business of designing, manufacturing, testing, distributing and selling certain airbag electronic components, including airbag control modules and satellites, used in the airbag restraint systems for 2008 Chevrolet Cobalts. CAS denies all remaining allegations in this paragraph as phrased.

2. On and before June 8, 2017, Defendant, CONTINENTAL/SIEMENS, engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling airbag restraint systems, airbag control modules, crash sensing devices and event

data recorders in and throughout Champaign County and Cook County, Illinois.

**ANSWER:** It is admitted that on or before June 8, 2017, Defendant CAS

was engaged in the business of designing, manufacturing, testing, distributing

and selling certain airbag electronic components, including airbag control

modules and satellites, used in the airbag restraint systems for 2008 Chevrolet

Cobalts. CAS denies all remaining allegations in this paragraph as phrased.

3. On and before June 8, 2017, the aforesaid airbag restraint systems, airbag control modules, crash sensing devices and event data recorders for the 2008 Chevrolet Cobalt, and its component parts, were designed, manufactured, engineered, tested, marketed, distributed and sold by Defendant, CONTINENTAL/SIEMENS.

**ANSWER:** It is admitted that on or before June 8, 2017, Defendant CAS

was engaged in the business of designing, manufacturing, testing, distributing

and selling certain airbag electronic components, including airbag control

modules and satellites, used in the airbag restraint systems for 2008 Chevrolet

Cobalts. CAS denies all remaining allegations in this paragraph as phrased.

4. On and before June 8, 2017, Defendant, CONTINENTAL/SIEMENS, had a duty to ensure that the aforesaid airbag restraint systems, airbag control modules, crash sensing devices and event data recorders for the 2008 Chevrolet Cobalt, and its component parts, were not designed, manufactured, engineered, tested, marketed, distributed and sold so as to be in an unsafe condition.

**ANSWER:** CAS states that Paragraph 4 states a legal conclusion to

which no response is required. To the extent a response is deemed required,

CAS denies the allegations in Paragraph 4 as phrased.

DocID: 4818-6798-3516.1

5.      On and before June 8, 2017, Interstate 57 generally ran in north and south directions through Champaign County Illinois.

**ANSWER:**   Upon information and believe, it is admitted that Interstate 57 generally ran in north and south directions through Champaign County, Illinois on or about June 8, 2017.

6.      On and before June 8, 2017, Defendant RURAL KING was a retail farm and home supply business and regularly conducted business in and throughout Champaign County, Illinois.

**ANSWER:**   CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

7.      On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee and/or agent of RURAL KING.

**ANSWER:**   CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

8.      One [sic] June 8, 2017, Defendant KRUSE owned, operated, managed, maintained and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:**   CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

9.      On and before June 8, 2017, Defendant RURAL KING had provided an electronic communication device, commonly known as a cellphone to its employee and/or agent, Defendant STEVEN R. KRUSE.

**ANSWER:**   CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

10.     On June 8, 2017, Defendant KRUSE had his RURAL KING provided cellphone with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:**   CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

11.   On June 8, 2017, another employee and/or agent of RURAL KING contacted Defendant KRUSE by sending him a cellphone text message concerning the business of RURAL KING.

**ANSWER:**   CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

12.   On June 8, 2017, the incoming text message from a RURAL KING employee and/or agent caused Defendant KRUSE to divert his attention from the roadway and traffic in front of him as he obtained his cellphone to determine the identity of the sender and to read the text message.

**ANSWER:**   CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

13.   On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and vehicles in front of him so as to obtain his cellphone and read the text message communication from another RURAL KING employee, Defendant KRUSE continued to drive his motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:**   CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

14.   On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008 Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:**   CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

15.   On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

**ANSWER:**   CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

DocID: 4818-6798-3516.1

16.     On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

**ANSWER:**   CAS is without knowledge or information sufficient to form a

belief as to the truth of the allegations and therefore denies same.

17.     On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA CONNER, as both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:**   CAS is without knowledge or information sufficient to form a

belief as to the truth of the allegations and therefore denies same.

18.     On June 8, 2017, at the aforesaid location, while using his RURAL KING provided cellphone to read an incoming text message communication sent by a RURAL KING employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

**ANSWER:**   CAS is without knowledge or information sufficient to form a

belief as to the truth of the allegations and therefore denies same.

19.     On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

**ANSWER:**   CAS is without knowledge or information sufficient to form a

belief as to the truth of the allegations and therefore denies same.

20.     At the time and place aforesaid, the airbag and related component parts, in the aforementioned 2008 Chevrolet Cobalt, failed to activate and/or deploy at the time of the aforesaid impact between the front of the Chevrolet Cobalt and the semi tractor trailer truck.

**ANSWER:**   CAS is without knowledge or information sufficient to form a

belief as to the truth of the allegations and therefore denies same.

DocID: 4818-6798-3516.1

21. On and before June 8, 2017, Defendant, CONTINENTAL/SIEMENS, was negligent in one or more of the following respects since CONTINENTAL/SIEMENS:

a.   designed, manufactured, distributed, sold and provided the 2008 Chevrolet Cobalt with airbag restraint systems, airbag control modules, crash sensing devices and event data recorders that were unsafe, unsuitable and dangerous for use on said Cobalt;

b.   designed, manufactured, distributed and sold the 2008 Chevrolet Cobalt with inadequate and unsafe standards of crash-worthiness, and without taking proper and sufficient precautions to ensure sufficient and accurate deployment of airbags;

c.   failed to provide purchasers with adequate, sufficient, accurate and proper warnings and information concerning the unsafe and dangerous conditions of the 2008 Chevrolet Cobalt airbag restraint systems, airbag control modules, crash sensing devices and event data recorders;

d.   failed to properly test, monitor and inspect the condition of the 2008 Chevrolet Cobalt airbag restraint systems, airbag control modules, crash sensing devices and event data recorders to ensure that it was safe, suitable, and appropriate for use on the roadway;

e.   failed to equip the Chevrolet Cobalt with a safe passenger compartment;

f.   designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt without complying with Defendant, GENERAL MOTOR's own internal guidelines and standards for design and testing of vehicles, airbags, and crash protection systems;

g.   Defendant, CONTINENTAL/SIEMENS, failed to implement design changes that CONTINENTAL SIEMENS' own engineers knew were necessary to render the 2008 Chevrolet Cobalt safe for use during foreseeable operating conditions;

h.   Defendant failed to modify the design of the airbag restraint systems, airbag control modules, crash sensing devices and event data recorders in the 2008 Chevrolet Cobalt after Defendants knew or should have known of the dangerous conditions inherent in the design;

i.   Defendant failed to issue proper warnings, reminders and instructions for owners and passengers of 2008 Chevrolet Cobalt vehicles as to the operation of the airbag restraint systems, airbag

94

control modules, crash sensing devices and event data recorders, after Defendants knew or should have known of the dangerous and unsafe design of their airbag and crash protection system;

j.     Defendant failed to properly notify, warn and instruct occupants of the 2008 Chevrolet Cobalt vehicle on the inadequate airbag protection provided to drivers during foreseeable vehicle maneuvers, including front end collisions;

k.     Defendant equipped the 2008 Chevrolet Cobalt with airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, that had a design, including activation and deployment sensors and devices, that provided completely inadequate crash protection to an occupant;

1.     Defendant failed to properly test the airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, under foreseeable operating conditions, including front and rear end collisions;

m.     Failed to equip its vehicle with a proper, safe and functioning crash sensing system;

n.     Failed to ensure that its airbag restraint systems, airbag control modules, crash sensing devices and event data recorders were compatible for use in the Chevrolet Cobalt with a faulty ignition system that caused loss of power to crash sensing devices during foreseeable collision events;

o.     Failed to ensure that frontal airbags would activate and deploy even after the Chevrolet Cobalt experienced a rear end collision event;

p.     Provided a crash sensing system that did not function properly after the Chevrolet Cobalt experienced a rear end collision event;

q.     Failed to ensure that the crash sensing device and airbag system in the Chevrolet Cobalt would function properly under all foreseeable crash scenarios;

r.     Failed to equip the Chevrolet Cobalt with a proper restraint system, seat belts and seat belt pretensioners so as to protect all vehicle occupants;

s.     Failed to equip the Chevrolet Cobalt with a restraint system, seat belts and seat belt pretensioners that would function properly

DocID: 4818-6798-3516.1

during all foreseeable crash scenarios, and in the event of a loss of vehicle power during a crash; and,

t.     was otherwise negligent.

**ANSWER:**   Denied, including all subparts.

22.   As a proximate result of one or more of the aforementioned negligent acts and/or omissions, DEBRA J. CONNER, sustained injuries of a personal, permanent and pecuniary nature.

**ANSWER:**   Denied.

WHEREFORE, Plaintiff, DEBRA J. CONNER, demands judgment against Defendants, CONTINENTAL AG AND CONTINENTAL AUTOMOTIVE SYSTEMS US, INC., individually and as successor to SIEMENS AG, and SIEMEN AG individually, and each of them, in an amount in excess of the jurisdictional limits of the Circuit Court of Champaign County.

**ANSWER:** CAS denies the allegations set forth in the WHEREFORE Paragraph of Plaintiffs' Complaint, except in so far as Plaintiffs allege the amount alleged in controversy is in excess of the jurisdictional limits of the Circuit Court of Champaign County, and further denies that Plaintiffs are entitled to any relief whatsoever, whether at law or equity against CAS.

## Count XI

## Lily A. Lawrence, a minor

## Strict Liability

## Continental/Siemens

Plaintiff, AMANDA CONNER, mother and next friend of LILY A. LAWRENCE, a minor, by and through her attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendant, CONTINENTAL AG AND CONTINENTAL AUTOMOTIVE SYSTEMS US, INC., Individually and as successor to SIEMENS AG, and SIEMENS AG Individually, states as follows:

1.    On   and   before   June   8,   2017,   Defendant, CONTINENTAL/SIEMENS,   was   engaged   in   the   business   of   designing,

DocID: 4818-6798-3516.1

manufacturing, engineering, testing, marketing, distributing and selling airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, including for the 2008 Chevrolet Cobalt, and its component parts, owned by Plaintiff, DEBRA J. CONNER and bearing vehicle identification number 1G1AL58F487225759.

**ANSWER:**  It is admitted that on or before June 8, 2017, Defendant CAS

was engaged in the business of designing, manufacturing, testing, distributing

and selling certain airbag electronic components, including airbag control

modules and satellites, used in the airbag restraint systems for 2008 Chevrolet

Cobalts.  CAS denies all remaining allegations in this paragraph as phrased.

2.    On    and    before    June    8,    2017,    Defendant, CONTINENTAL/SIEMENS,    engaged    in    the    business    of    designing, manufacturing, engineering, testing, marketing, distributing and selling airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, in and throughout Champaign County and Cook County, Illinois.

**ANSWER:**  It is admitted that on or before June 8, 2017, Defendant CAS

was engaged in the business of designing, manufacturing, testing, distributing

and selling certain airbag electronic components, including airbag control

modules and satellites, used in the airbag restraint systems for 2008 Chevrolet

Cobalts.  CAS denies all remaining allegations in this paragraph as phrased.

3.    On and before June 8, 2017, the aforesaid airbag restraint systems, airbag control modules, crash sensing devices and event data recorders for the 2008 Chevrolet Cobalt, and its component parts, were designed, manufactured, engineered, tested, marketed, distributed and sold by Defendant, CONTINENTAL/SIEMENS.

**ANSWER:**  It is admitted that on or before June 8, 2017, Defendant CAS

was engaged in the business of designing, manufacturing, testing, distributing

and selling certain airbag electronic components, including airbag control

DocID: 4818-6798-3516.1

modules and satellites, used in the airbag restraint systems for 2008 Chevrolet Cobalts.  CAS denies all remaining allegations in this paragraph as phrased.

4.  On  and  before  June  8,  2017,  Defendant, CONTINENTAL/SIEMENS,  had  a  duty  to  ensure  that  the  aforesaid  airbag restraint  systems,  airbag  control  modules,  crash  sensing  devices  and  event data recorders, for the 2008 Chevrolet Cobalt, and its component parts, were not designed, manufactured, engineered, tested, marketed, distributed and sold so as to be in an unreasonably dangerous condition.

**ANSWER:**  CAS states that Paragraph 4 states a legal conclusion to which no response is required.  To the extent a response is deemed required, CAS denies the allegations in Paragraph 4 as phrased.

5.  On and before June 8, 2017, Interstate 57 generally ran in north and south directions through Champaign County Illinois.

**ANSWER:**  Upon information and believe, it is admitted that Interstate 57 generally ran in north and south directions through Champaign County, Illinois on or about June 8, 2017.

6.  On and before June 8, 2017, Defendant RURAL KING was a retail farm and home supply business and regularly conducted business in and throughout Champaign County, Illinois.

**ANSWER:**  CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

7.  On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee and/or agent of RURAL KING.

**ANSWER:**  CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

8.  One [sic] June 8, 2017, Defendant KRUSE owned, operated, managed, maintained and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

DocID: 4818-6798-3516.1

**ANSWER:**   CAS is without knowledge or information sufficient to form a

belief as to the truth of the allegations and therefore denies same.

9.      On and before June 8, 2017, Defendant RURAL KING had provided an electronic communication device, commonly known as a cellphone to its employee and/or agent, Defendant STEVEN R. KRUSE.

**ANSWER:**   CAS is without knowledge or information sufficient to form a

belief as to the truth of the allegations and therefore denies same.

10.     On June 8, 2017, Defendant KRUSE had his RURAL KING provided cellphone with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:**   CAS is without knowledge or information sufficient to form a

belief as to the truth of the allegations and therefore denies same.

11.     On June 8, 2017, another employee and/or agent of RURAL KING contacted Defendant KRUSE by sending him a cellphone text message concerning the business of RURAL KING.

**ANSWER:**   CAS is without knowledge or information sufficient to form a

belief as to the truth of the allegations and therefore denies same.

12.     On June 8, 2017, the incoming text message from a RURAL KING employee and/or agent caused Defendant KRUSE to divert his attention from the roadway and traffic in front of him as he obtained his cellphone to determine the identity of the sender and to read the text message.

**ANSWER:**   CAS is without knowledge or information sufficient to form a

belief as to the truth of the allegations and therefore denies same.

13.     On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and vehicles in front of him so as to obtain his cellphone and read the text message communication from another RURAL KING employee, Defendant KRUSE continued to drive his motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:**   CAS is without knowledge or information sufficient to form a

belief as to the truth of the allegations and therefore denies same. 14.      On

DocID: 4818-6798-3516.1

June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008 Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:** CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

15. On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

**ANSWER:** CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

16. On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

**ANSWER:** CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

17. On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA CONNER, as both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:** CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

18. On June 8, 2017, at the aforesaid location, while using his RURAL KING provided cellphone to read an incoming text message communication sent by a RURAL KING employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

**ANSWER:** CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

DocID: 4818-6798-3516.1

19.    On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

**ANSWER:**    CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

20.    At the time and place aforesaid, the airbag and related component parts, in the aforementioned 2008 Chevrolet Cobalt, failed to activate and/or deploy.

**ANSWER:**    CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

21.    On June 8, 2017, and at the time the aforementioned 2008 Chevrolet Cobalt left the control of Defendant, CONTINENTAL/SIEMENS, this vehicle and its airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, were in an unreasonably dangerous condition in one or more of the following respects:

a.    designed, manufactured, distributed, sold and provided the 2008 Chevrolet Cobalt with airbag restraint systems, airbag control modules, crash sensing devices and event data recorders that were unsafe, unsuitable and dangerous for use on said Cobalt;

b.    designed, manufactured, distributed and sold the 2008 Chevrolet Cobalt with inadequate and unsafe standards of crash-worthiness, and without taking proper and sufficient precautions to ensure sufficient and accurate deployment of airbags;

c.    failed to provide purchasers with adequate, sufficient, accurate and proper warnings and information concerning the unsafe and dangerous conditions of the 2008 Chevrolet Cobalt airbag restraint systems, airbag control modules, crash sensing devices and event data recorders;

d.    failed to properly test, monitor and inspect the condition of the 2008 Chevrolet Cobalt airbag restraint systems, airbag control modules, crash sensing devices and event data recorders to ensure that it was safe, suitable, and appropriate for use on the roadway;

e.    failed to equip the Chevrolet Cobalt with a safe passenger compartment;

101

f.  designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt without complying with Defendant, GENERAL MOTOR's own internal guidelines and standards for design and testing of vehicles, airbags, and crash protection systems;

g.  Defendant, CONTINENTAL/SIEMENS, failed to implement design changes that CONTINENTAL SIEMENS own engineers knew were necessary to render the 2008 Chevrolet Cobalt safe for use during foreseeable operating conditions;

h.  Defendant failed to modify the design of the airbag restraint systems, airbag control modules, crash sensing devices and event data recorders in the 2008 Chevrolet Cobalt after Defendants knew or should have known of the dangerous conditions inherent in the design;

i.  Defendant failed to issue proper warnings, reminders and instructions for owners and passengers of 2008 Chevrolet Cobalt vehicles as to the operation of the airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, after Defendants knew or should have known of the dangerous and unsafe design of their airbag and crash protection system;

j.  Defendant failed to properly notify, warn and instruct occupants of the 2008 Chevrolet Cobalt vehicle on the inadequate airbag protection provided to drivers during foreseeable vehicle maneuvers, including front end collisions;

k.  Defendant equipped the 2008 Chevrolet Cobalt with airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, that had a design, including activation and deployment sensors and devices, that provided completely inadequate crash protection to an occupant;

l.  Defendant failed to properly test the airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, under foreseeable operating conditions, including front and rear end collisions;

m.  Failed to equip its vehicle with a proper, safe and functioning crash sensing system;

n.  Failed to ensure that its airbag restraint systems, airbag control modules, crash sensing devices and event data recorders were compatible for use in the Chevrolet Cobalt with a faulty ignition system that caused loss of power to crash sensing devices during foreseeable collision events;

DocID: 4818-6798-3516.1

o.   Failed to ensure that frontal airbags would activate and deploy even after the Chevrolet Cobalt experienced a rear end collision event;

p.   Provided a crash sensing system that did not function properly after the Chevrolet Cobalt experienced a rear end collision event;

q.   Failed to ensure that the crash sensing device and airbag system in the Chevrolet Cobalt would function properly under all foreseeable crash scenarios;

r.   Failed to equip the Chevrolet Cobalt with a proper restraint system, seat belts and seat belt pretensioners so as to protect all vehicle occupants;

s.   Failed to equip the Chevrolet Cobalt with a restraint system, seat belts and seat belt pretensioners that would function properly during all foreseeable crash scenarios, and in the event of a loss of vehicle power during a crash; and,

t.   was otherwise unreasonably dangerous.

**ANSWER:**   Denied, including all subparts.

22.   As a proximate result of one or more of the aforementioned unreasonably dangerous conditions, LILY A. LAWRENCE, a minor, sustained injuries of a personal, permanent and pecuniary nature.

**ANSWER:**   Denied.

WHEREFORE, Plaintiff, AMANDA CONNER, mother and next friend of LILY A. LAWRENCE, a minor, demands judgment against Defendants, CONTINENTAL AG AND CONTINENTAL AUTOMOTIVE SYSTEMS US, INC., individually and as successor to SIEMENS AG, and SIEMENS AG individually, in an amount in excess of the jurisdictional limits of the Circuit Court of Champaign County, Illinois.

**ANSWER:**   CAS denies the allegations set forth in the WHEREFORE Paragraph of Plaintiffs' Complaint, except in so far as Plaintiffs allege the amount alleged in controversy is in excess of the jurisdictional limits of the Circuit Court of Champaign County, and further denies that Plaintiffs are entitled to any relief whatsoever, whether at law or equity against CAS.

DocID: 4818-6798-3516.1

## Count XII

## Lily A. Lawrence, a minor

## Negligence

## Continental/Siemens

Plaintiff, AMANDA CONNER, mother and next friend of LILY A. LAWRENCE, a minor, by and through her attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendant, CONTINENTAL AG AND CONTINENTAL AUTOMOTIVE SYSTEMS US, INC., Individually and as successor to SIEMENS AG, and SIEMENS AG Individually, states as follows:

1.   On and before June 8, 2017, Defendant, CONTINENTAL/SIEMENS, was engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, including for the 2008 Chevrolet Cobalt, and its component parts, owned by Plaintiff, DEBRA J. CONNER and bearing vehicle identification number 1G1AL58F487225759.

**ANSWER:**   It is admitted that on or before June 8, 2017, Defendant CAS

was engaged in the business of designing, manufacturing, testing, distributing

and selling certain airbag electronic components, including airbag control

modules and satellites, used in the airbag restraint systems for 2008 Chevrolet

Cobalts.  CAS denies all remaining allegations in this paragraph as phrased.

2.   On and before June 8, 2017, Defendant, CONTINENTAL/SIEMENS, engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, in and throughout Champaign County and Cook County, Illinois.

**ANSWER:**   It is admitted that on or before June 8, 2017, Defendant CAS

was engaged in the business of designing, manufacturing, testing, distributing

and selling certain airbag electronic components, including airbag control

DocID: 4818-6798-3516.1

modules and satellites, used in the airbag restraint systems for 2008 Chevrolet Cobalts.  CAS denies all remaining allegations in this paragraph as phrased.

3.    On and before June 8, 2017, the aforesaid airbag restraint systems, airbag control modules, crash sensing devices and event data recorders for the 2008 Chevrolet Cobalt, and its component parts, were designed, manufactured, engineered, tested, marketed, distributed and sold by Defendant, CONTINENTAL/SIEMENS.

**ANSWER:**  It is admitted that on or before June 8, 2017, Defendant CAS was engaged in the business of designing, manufacturing, testing, distributing and selling certain airbag electronic components, including airbag control modules and satellites, used in the airbag restraint systems for 2008 Chevrolet Cobalts.  CAS denies all remaining allegations in this paragraph as phrased.

4.    On    and    before    June    8,    2017,    Defendant, CONTINENTAL/SIEMENS, had a duty to ensure that the aforesaid airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, for the 2008 Chevrolet Cobalt, and its component parts, were not designed, manufactured, engineered, tested, marketed, distributed and sold so as to be in an unsafe condition.

**ANSWER:**  CAS states that Paragraph 4 states a legal conclusion to which no response is required.  To the extent a response is deemed required, CAS denies the allegations in Paragraph 4 as phrased.

5.    On and before June 8, 2017, Interstate 57 generally ran in north and south directions through Champaign County Illinois.

**ANSWER:**  Upon information and believe, it is admitted that Interstate 57 generally ran in north and south directions through Champaign County, Illinois on or about June 8, 2017.

6.    On and before June 8, 2017, Defendant RURAL KING was a retail farm and home supply business and regularly conducted business in and throughout Champaign County, Illinois.

DocID: 4818-6798-3516.1

**ANSWER:**   CAS is without knowledge or information sufficient to form a

belief as to the truth of the allegations and therefore denies same.

7.     On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee and/or agent of RURAL KING.

**ANSWER:**   CAS is without knowledge or information sufficient to form a

belief as to the truth of the allegations and therefore denies same.

8.     One [sic] June 8, 2017, Defendant KRUSE owned, operated, managed, maintained and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:**   CAS is without knowledge or information sufficient to form a

belief as to the truth of the allegations and therefore denies same.

9.     On and before June 8, 2017, Defendant RURAL KING had provided an electronic communication device, commonly known as a cellphone to its employee and/or agent, Defendant STEVEN R. KRUSE.

**ANSWER:**   CAS is without knowledge or information sufficient to form a

belief as to the truth of the allegations and therefore denies same.

10.    On June 8, 2017, Defendant KRUSE had his RURAL KING provided cellphone with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:**   CAS is without knowledge or information sufficient to form a

belief as to the truth of the allegations and therefore denies same.

11.    On June 8, 2017, another employee and/or agent of RURAL KING contacted Defendant KRUSE by sending him a cellphone text message concerning the business of RURAL KING.

**ANSWER:**   CAS is without knowledge or information sufficient to form a

belief as to the truth of the allegations and therefore denies same.

12.    On June 8, 2017, the incoming text message from a RURAL KING employee and/or agent caused Defendant KRUSE to divert his attention from

the roadway and traffic in front of him as he obtained his cellphone to determine the identity of the sender and to read the text message.

**ANSWER:**   CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

13.   On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and vehicles in front of him so as to obtain his cellphone and read the text message communication from another RURAL KING employee, Defendant KRUSE continued to drive his motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:**   CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

14.   On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008 Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:**   CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

15.   On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

**ANSWER:**   CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

16.   On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

**ANSWER:**   CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

17.   On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA CONNER, as both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

DocID: 4818-6798-3516.1

**ANSWER:**   CAS is without knowledge or information sufficient to form a

belief as to the truth of the allegations and therefore denies same.

18.   On June 8, 2017, at the aforesaid location, while using his RURAL KING provided cellphone to read an incoming text message communication sent by a RURAL KING employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

**ANSWER:**   CAS is without knowledge or information sufficient to form a

belief as to the truth of the allegations and therefore denies same.

19.   On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

**ANSWER:**   CAS is without knowledge or information sufficient to form a

belief as to the truth of the allegations and therefore denies same.

20.   At the time and place aforesaid, the airbag and related component parts, in the aforementioned 2008 Chevrolet Cobalt, failed to activate and/or deploy.

**ANSWER:**   CAS is without knowledge or information sufficient to form a

belief as to the truth of the allegations and therefore denies same. 21.     On

and before June 8, 2017, Defendant, CONTINENTAL/SIEMENS, was negligent

in one or more of the following respects since CONTINENTAL/SIEMENS:

 a.   designed, manufactured, distributed, sold and provided the 2008 Chevrolet Cobalt with airbag restraint systems, airbag control modules, crash sensing devices and event data recorders that were unsafe, unsuitable and dangerous for use on said Cobalt;

 b.   designed, manufactured, distributed and sold the 2008 Chevrolet Cobalt with inadequate and unsafe standards of crash-worthiness, and without taking proper and sufficient precautions to ensure sufficient and accurate deployment of airbags;

DocID: 4818-6798-3516.1

c.    failed to provide purchasers with adequate, sufficient, accurate and proper warnings and information concerning the unsafe and dangerous conditions of the 2008 Chevrolet Cobalt airbag restraint systems, airbag control modules, crash sensing devices and event data recorders;

d.    failed to properly test, monitor and inspect the condition of the 2008 Chevrolet Cobalt airbag restraint systems, airbag control modules, crash sensing devices and event data recorders to ensure that it was safe, suitable, and appropriate for use on the roadway;

e.    failed to equip the Chevrolet Cobalt with a safe passenger compartment;

f.    designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt without complying with Defendant, GENERAL MOTOR's own internal guidelines and standards for design and testing of vehicles, airbags, and crash protection systems;

g.    Defendant, CONTINENTAL/SIEMENS, failed to implement design changes that CONTINENTAL SIEMENS own engineers knew were necessary to render the 2008 Chevrolet Cobalt safe for use during foreseeable operating conditions;

h.    Defendant failed to modify the design of the airbag restraint systems, airbag control modules, crash sensing devices and event data recorders in the 2008 Chevrolet Cobalt after Defendants knew or should have known of the dangerous conditions inherent in the design;

i.    Defendant failed to issue proper warnings, reminders and instructions for owners and passengers of 2008 Chevrolet Cobalt vehicles as to the operation of the airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, after Defendants knew or should have known of the dangerous and unsafe design of their airbag and crash protection system;

j.    Defendant failed to properly notify, warn and instruct occupants of the 2008 Chevrolet Cobalt vehicle on the inadequate airbag protection provided to drivers during foreseeable vehicle maneuvers, including front end collisions;

k.    Defendant equipped the 2008 Chevrolet Cobalt with airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, that had a design, including activation and deployment sensors and devices, that provided completely inadequate crash protection to an occupant;

DocID: 4818-6798-3516.1

1.  Defendant failed to properly test the airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, under foreseeable operating conditions, including front and rear end collisions;

m.  Failed to equip its vehicle with a proper, safe and functioning crash sensing system;

n.  Failed to ensure that its airbag restraint systems, airbag control modules, crash sensing devices and event data recorders were compatible for use in the Chevrolet Cobalt with a faulty ignition system that caused loss of power to crash sensing devices during foreseeable collision events;

o.  Failed to ensure that frontal airbags would activate and deploy even after the Chevrolet Cobalt experienced a rear end collision event;

p.  Provided a crash sensing system that did not function properly after the Chevrolet Cobalt experienced a rear end collision event;

q.  Failed to ensure that the crash sensing device and airbag system in the Chevrolet Cobalt would function properly under all foreseeable crash scenarios;

r.  Failed to equip the Chevrolet Cobalt with a proper restraint system, seat belts and seat belt pretensioners so as to protect all vehicle occupants;

s.  Failed to equip the Chevrolet Cobalt with a restraint system, seat belts and seat belt pretensioners that would function properly during all foreseeable crash scenarios, and in the event of a loss of vehicle power during a crash; and,

t.  was otherwise negligent.

**ANSWER:**   Denied, including all subparts.

22.   As a proximate result of one or more of the aforesaid negligent acts and/or omissions, Plaintiff, LILY A. LAWRENCE, a minor, sustained injuries of a personal, permanent and pecuniary nature.

**ANSWER:**   Denied.

WHEREFORE, Plaintiff, AMANDA CONNER, mother and next friend of LILY A. LAWRENCE, a minor, demands judgment against Defendants, CONTINENTAL AG AND CONTINENTAL AUTOMOTIVE SYSTEMS US, INC.,

DocID: 4818-6798-3516.1

individually and as successor to SIEMENS AG, and SIEMEN AG individually, in an amount in excess of the jurisdictional limits of the Circuit Court of Champaign County, Illinois.

**ANSWER:** CAS denies the allegations set forth in the WHEREFORE Paragraph of Plaintiffs' Complaint, except in so far as Plaintiffs allege the amount alleged in controversy is in excess of the jurisdictional limits of the Circuit Court of Champaign County, and further denies that Plaintiffs are entitled to any relief whatsoever, whether at law or equity against CAS.

**Count XIII**

**Caitlin B. Conner, Deceased**

**Strict Liability – Wrongful Death**

**Continental/Siemens**

Plaintiff, MATTHEW CONNER, individually and as Independent Administrator of the Estate of CAITLIN B. CONNER, a deceased minor, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants CONTINENTAL AG AND CONTINENTAL AUTOMOTIVE SYSTEMS US, INC., individually and as successor to SIEMENS AG, and SIEMENS AG individually, states as follows:

1.  On and before June 8, 2017, Defendant, CONTINENTAL/SIEMENS, was engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, for the 2008 Chevrolet Cobalt, owned by DEBRA J. CONNER and bearing vehicle identification number 1G1AL58F487225759.

**ANSWER:** It is admitted that on or before June 8, 2017, Defendant CAS was engaged in the business of designing, manufacturing, testing, distributing and selling certain airbag electronic components, including airbag control modules and satellites, used in the airbag restraint systems for 2008 Chevrolet Cobalts.  CAS denies all remaining allegations in this paragraph as phrased.

111

2.   On   and   before   June   8,   2017,   Defendant,
CONTINENTAL/SIEMENS,   engaged   in   the   business   of   designing,
manufacturing, engineering, testing, marketing, distributing and selling airbag
restraint systems, airbag control modules, crash sensing devices and event
data recorders, in and throughout Champaign County and Cook County,
Illinois.

**ANSWER:**  It is admitted that on or before June 8, 2017, Defendant CAS

was engaged in the business of designing, manufacturing, testing, distributing

and selling certain airbag electronic components, including airbag control

modules and satellites, used in the airbag restraint systems for 2008 Chevrolet

Cobalts.  CAS denies all remaining allegations in this paragraph as phrased.

3.   On and before June 8, 2017, the aforesaid airbag restraint
systems, airbag control modules, crash sensing devices and event data
recorders for the 2008 Chevrolet Cobalt, and its component parts, were
designed, manufactured, engineered, tested, marketed, distributed and sold by
Defendant, CONTINENTAL/SIEMENS.

**ANSWER:**  It is admitted that on or before June 8, 2017, Defendant CAS

was engaged in the business of designing, manufacturing, testing, distributing

and selling certain airbag electronic components, including airbag control

modules and satellites, used in the airbag restraint systems for 2008 Chevrolet

Cobalts.  CAS denies all remaining allegations in this paragraph as phrased.

4.   On   and   before   June   8,   2017,   Defendant,
CONTINENTAL/SIEMENS, had a duty to ensure that the aforesaid airbag
restraint systems, airbag control modules, crash sensing devices and event
data recorders for the 2008 Chevrolet Cobalt, and its component parts, were
not designed, manufactured, engineered, tested, marketed, distributed and
sold so as to be in an unreasonably dangerous condition.

**ANSWER:**  CAS states that Paragraph 4 states a legal conclusion to

which no response is required.  To the extent a response is deemed required,

CAS denies the allegations in Paragraph 4 as phrased.

DocID: 4818-6798-3516.1

5.    On and before June 8, 2017, Interstate 57 generally ran in north and south directions through Champaign County Illinois.

**ANSWER:**    Upon information and believe, it is admitted that Interstate 57 generally ran in north and south directions through Champaign County, Illinois on or about June 8, 2017.

6.    On and before June 8, 2017, Defendant RURAL KING was a retail farm and home supply business and regularly conducted business in and throughout Champaign County, Illinois.

**ANSWER:**    CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

7.    On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee and/or agent of RURAL KING.

**ANSWER:**    CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

8.    One [sic] June 8, 2017, Defendant KRUSE owned, operated, managed, maintained and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:**    CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

9.    On and before June 8, 2017, Defendant RURAL KING had provided an electronic communication device, commonly known as a cellphone to its employee and/or agent, Defendant STEVEN R. KRUSE.

**ANSWER:**    CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

10.    On June 8, 2017, Defendant KRUSE had his RURAL KING provided cellphone with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of Milepost 237.

DocID: 4818-6798-3516.1

**ANSWER:**   CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

11.   On June 8, 2017, another employee and/or agent of RURAL KING contacted Defendant KRUSE by sending him a cellphone text message concerning the business of RURAL KING.

**ANSWER:**   CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

12.   On June 8, 2017, the incoming text message from a RURAL KING employee and/or agent caused Defendant KRUSE to divert his attention from the roadway and traffic in front of him as he obtained his cellphone to determine the identity of the sender and to read the text message.

**ANSWER:**   CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

13.   On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and vehicles in front of him so as to obtain his cellphone and read the text message communication from another RURAL KING employee, Defendant KRUSE continued to drive his motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:**   CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

14.   On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008 Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:**   CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

15.   On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

**ANSWER:**   CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

DocID: 4818-6798-3516.1

16. On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

**ANSWER:** CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

17. On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA CONNER, as both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:** CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

18. On June 8, 2017, at the aforesaid location, while using his RURAL KING provided cellphone to read an incoming text message communication sent by a RURAL KING employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

**ANSWER:** CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

19. On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

**ANSWER:** CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

20. At the time and place aforesaid, the airbag and related component parts, in the aforementioned 2008 Chevrolet Cobalt, failed to activate and/or deploy.

**ANSWER:** CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

DocID: 4818-6798-3516.1

21.   On June 8, 2017, and at the time the aforementioned 2008 Chevrolet Cobalt left the control of Defendant, CONTINENTAL/SIEMENS, this vehicle and its aforesaid airbag restraint systems, airbag control modules, crash sensing devices and event data recorders were in an unreasonably dangerous condition in one or more of the following respects:

a.   designed, manufactured, distributed, sold and provided the 2008 Chevrolet Cobalt with airbag restraint systems, airbag control modules, crash sensing devices and event data recorders that were unsafe, unsuitable and dangerous for use on said Cobalt;

b.   designed, manufactured, distributed and sold the 2008 Chevrolet Cobalt with inadequate and unsafe standards of crash-worthiness, and without taking proper and sufficient precautions to ensure sufficient and accurate deployment of airbags;

c.   failed to provide purchasers with adequate, sufficient, accurate and proper warnings and information concerning the unsafe and dangerous conditions of the 2008 Chevrolet Cobalt airbag restraint systems, airbag control modules, crash sensing devices and event data recorders;

d.   failed to properly test, monitor and inspect the condition of the 2008 Chevrolet Cobalt airbag restraint systems, airbag control modules, crash sensing devices and event data recorders to ensure that it was safe, suitable, and appropriate for use on the roadway;

e.   failed to equip the Chevrolet Cobalt with a safe passenger compartment;

f.   designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt without complying with Defendant, GENERAL MOTOR's own internal guidelines and standards for design and testing of vehicles, airbags, and crash protection systems;

g.   Defendant, CONTINENTAL/SIEMENS, failed to implement design changes that CONTINENTAL SIEMENS own engineers knew were necessary to render the 2008 Chevrolet Cobalt safe for use during foreseeable operating conditions;

h.   Defendant failed to modify the design of the airbag restraint systems, airbag control modules, crash sensing devices and event data recorders in the 2008 Chevrolet Cobalt after Defendants knew or should have known of the dangerous conditions inherent in the design;

DocID: 4818-6798-3516.1

i.  Defendant failed to issue proper warnings, reminders and instructions for owners and passengers of 2008 Chevrolet Cobalt vehicles as to the operation of the airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, after Defendants knew or should have known of the dangerous and unsafe design of their airbag and crash protection system;

j.  Defendant failed to properly notify, warn and instruct occupants of the 2008 Chevrolet Cobalt vehicle on the inadequate airbag protection provided to drivers during foreseeable vehicle maneuvers, including front end collisions;

k.  Defendant equipped the 2008 Chevrolet Cobalt with airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, that had a design, including activation and deployment sensors and devices, that provided completely inadequate crash protection to an occupant;

1.  Defendant failed to properly test the airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, under foreseeable operating conditions, including front and rear end collisions;

m.  Failed to equip its vehicle with a proper, safe and functioning crash sensing system;

n.  Failed to ensure that its airbag restraint systems, airbag control modules, crash sensing devices and event data recorders were compatible for use in the Chevrolet Cobalt with a faulty ignition system that caused loss of power to crash sensing devices during foreseeable collision events;

o.  Failed to ensure that frontal airbags would activate and deploy even after the Chevrolet Cobalt experienced a rear end collision event;

p.  Provided a crash sensing system that did not function properly after the Chevrolet Cobalt experienced a rear end collision event;

q.  Failed to ensure that the crash sensing device and airbag system in the Chevrolet Cobalt would function properly under all foreseeable crash scenarios;

r.  Failed to equip the Chevrolet Cobalt with a proper restraint system, seat belts and seat belt pretensioners so as to protect all vehicle occupants;

DocID: 4818-6798-3516.1

s.   Failed to equip the Chevrolet Cobalt with a restraint system, seat belts and seat belt pretensioners that would function properly during all foreseeable crash scenarios, and in the event of a loss of vehicle power during a crash; and,

t.   was otherwise unreasonably dangerous.

**ANSWER:**   Denied, including all subparts.

22.   As a proximate result of one or more of the aforementioned unreasonably dangerous conditions, CAITLIN B. CONNER, a minor, sustained injuries of a personal, permanent and pecuniary nature that resulted in her death on June 8, 2017.

**ANSWER:**   Denied.

23.   Decedent, CAITLIN B. CONNER, a minor, left surviving her as her lawful heirs, her father MATTHEW CONNER, her mother AMANDA CONNER, and her siblings LILY A. LAWRENCE, a minor, and COBY CONNER, a minor, all of whom have sustained personal, pecuniary and emotional injuries as a result of the death of CAITLIN B. CONNER, a minor.

**ANSWER:**   CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

24.   Plaintiff MATTHEW CONNER has been appointed Independent Administrator of the Estate of CAITLIN B. CONNER pursuant to order of the Circuit Court of the Sixth Judicial District in Douglas County, Illinois.

**ANSWER:**   CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

25.   Plaintiff MATTHEW CONNER, as Independent Administrator of the Estate of CAITLIN B. CONNER, Deceased, brings this action pursuant to the Wrongful Death Act 740 ILCS 108/1 *et seq.* [sic].

**ANSWER:**   CAS states that they are legal conclusions to which no response is required.  To the extent a response is deemed required, CAS denies the allegations in this paragraph.

WHEREFORE, Plaintiff, MATTHEW CONNER, individually and as Independent Administrator of the Estate of CAITLIN B. CONNER, a deceased

DocID: 4818-6798-3516.1

minor, demands judgment against Defendants, CONTINENTAL AG AND CONTINENTAL AUTOMOTIVE SYSTEMS US, INC., individually and as successor to SIEMENS AG, and SIEMENS AG individually, in an amount in excess of the jurisdictional limits of the Circuit Court of Champaign County.

**ANSWER:** CAS denies the allegations set forth in the WHEREFORE Paragraph of Plaintiffs' Complaint, except in so far as Plaintiffs allege the amount alleged in controversy is in excess of the jurisdictional limits of the Circuit Court of Champaign County, and further denies that Plaintiffs are entitled to any relief whatsoever, whether at law or equity against CAS.

### Count XIV

### Caitlin B. Conner, Deceased

### Strict Liability – Survival

### Continental/Siemens

Plaintiff, MATTHEW CONNER, individually and as Independent Administrator of the Estate of CAITLIN B. CONNER, a deceased minor, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants CONTINENTAL AG AND CONTINENTAL AUTOMOTIVE SYSTEMS US, INC., individually and as successor to SIEMENS AG, and SIEMENS AG individually, states as follows:

1. On and before June 8, 2017, Defendant, CONTINENTAL/SIEMENS, was engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, for the 2008 Chevrolet Cobalt, owned by DEBRA J. CONNER and bearing vehicle identification number 1G1AL58F487225759.

**ANSWER:**  It is admitted that on or before June 8, 2017, Defendant CAS was engaged in the business of designing, manufacturing, testing, distributing and selling certain airbag electronic components, including airbag control

modules and satellites, used in the airbag restraint systems for 2008 Chevrolet

Cobalts.  CAS denies all remaining allegations in this paragraph as phrased.

2. On and before June 8, 2017, Defendant, CONTINENTAL/SIEMENS, engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, in and throughout Champaign County and Cook County, Illinois.

**ANSWER:**   It is admitted that on or before June 8, 2017, Defendant CAS

was engaged in the business of designing, manufacturing, testing, distributing

and selling certain airbag electronic components, including airbag control

modules and satellites, used in the airbag restraint systems for 2008 Chevrolet

Cobalts.  CAS denies all remaining allegations in this paragraph as phrased.

3. On and before June 8, 2017, the aforesaid airbag restraint systems, airbag control modules, crash sensing devices and event data recorders for the 2008 Chevrolet Cobalt, and its component parts, were designed, manufactured, engineered, tested, marketed, distributed and sold by Defendant, CONTINENTAL/SIEMENS.

**ANSWER:**   It is admitted that on or before June 8, 2017, Defendant CAS

was engaged in the business of designing, manufacturing, testing, distributing

and selling certain airbag electronic components, including airbag control

modules and satellites, used in the airbag restraint systems for 2008 Chevrolet

Cobalts.  CAS denies all remaining allegations in this paragraph as phrased.

4. On and before June 8, 2017, Defendant, CONTINENTAL/SIEMENS, had a duty to ensure that the aforesaid airbag restraint systems, airbag control modules, crash sensing devices and event data recorders for the 2008 Chevrolet Cobalt, and its component parts, were not designed, manufactured, engineered, tested, marketed, distributed and sold so as to be in an unreasonably dangerous condition.

DocID: 4818-6798-3516.1

**ANSWER:**  CAS states that Paragraph 4 states a legal conclusion to which no response is required.  To the extent a response is deemed required, CAS denies the allegations in Paragraph 4 as phrased.

5.    On and before June 8, 2017, Interstate 57 generally ran in north and south directions through Champaign County Illinois.

**ANSWER:**  Upon information and believe, it is admitted that Interstate 57 generally ran in north and south directions through Champaign County, Illinois on or about June 8, 2017.

6.    On and before June 8, 2017, Defendant RURAL KING was a retail farm and home supply business and regularly conducted business in and throughout Champaign County, Illinois.

**ANSWER:**  CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

7.    On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee and/or agent of RURAL KING.

**ANSWER:**  CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

8.    One [sic] June 8, 2017, Defendant KRUSE owned, operated, managed, maintained and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:**  CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

9.    On and before June 8, 2017, Defendant RURAL KING had provided an electronic communication device, commonly known as a cellphone to its employee and/or agent, Defendant STEVEN R. KRUSE.

**ANSWER:**  CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

DocID: 4818-6798-3516.1

10.   On June 8, 2017, Defendant KRUSE had his RURAL KING provided cellphone with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:**   CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

11.   On June 8, 2017, another employee and/or agent of RURAL KING contacted Defendant KRUSE by sending him a cellphone text message concerning the business of RURAL KING.

**ANSWER:**   CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

12.   On June 8, 2017, the incoming text message from a RURAL KING employee and/or agent caused Defendant KRUSE to divert his attention from the roadway and traffic in front of him as he obtained his cellphone to determine the identity of the sender and to read the text message.

**ANSWER:**   CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

13.   On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and vehicles in front of him so as to obtain his cellphone and read the text message communication from another RURAL KING employee, Defendant KRUSE continued to drive his motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:**   CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

14.   On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008 Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:**   CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

15.   On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

DocID: 4818-6798-3516.1

**ANSWER:**    CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

16.    On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

**ANSWER:**    CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

17.    On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA CONNER, as both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:**    CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

18.    On June 8, 2017, at the aforesaid location, while using his RURAL KING provided cellphone to read an incoming text message communication sent by a RURAL KING employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

**ANSWER:**    CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

19.    On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

**ANSWER:**    CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

20.    At the time and place aforesaid, the airbag and related component parts, in the aforementioned 2008 Chevrolet Cobalt, failed to activate and/or deploy.

DocID: 4818-6798-3516.1

**ANSWER:**   CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

21.   On June 8, 2017, and at the time the aforementioned 2008 Chevrolet Cobalt left the control of Defendant, CONTINENTAL/SIEMENS, this vehicle and its aforesaid airbag restraint systems, airbag control modules, crash sensing devices and event data recorders were in an unreasonably dangerous condition in one or more of the following respects:

a.   designed, manufactured, distributed, sold and provided the 2008 Chevrolet Cobalt with airbag restraint systems, airbag control modules, crash sensing devices and event data recorders that were unsafe, unsuitable and dangerous for use on said Cobalt;

b.   designed, manufactured, distributed and sold the 2008 Chevrolet Cobalt with inadequate and unsafe standards of crash-worthiness, and without taking proper and sufficient precautions to ensure sufficient and accurate deployment of airbags;

c.   failed to provide purchasers with adequate, sufficient, accurate and proper warnings and information concerning the unsafe and dangerous conditions of the 2008 Chevrolet Cobalt airbag restraint systems, airbag control modules, crash sensing devices and event data recorders;

d.   failed to properly test, monitor and inspect the condition of the 2008 Chevrolet Cobalt airbag restraint systems, airbag control modules, crash sensing devices and event data recorders to ensure that it was safe, suitable, and appropriate for use on the roadway;

e.   failed to equip the Chevrolet Cobalt with a safe passenger compartment;

f.   designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt without complying with Defendant, GENERAL MOTOR's own internal guidelines and standards for design and testing of vehicles, airbags, and crash protection systems;

g.   Defendant, CONTINENTAL/SIEMENS, failed to implement design changes that CONTINENTAL SIEMENS own engineers knew were necessary to render the 2008 Chevrolet Cobalt safe for use during foreseeable operating conditions;

h.   Defendant failed to modify the design of the airbag restraint systems, airbag control modules, crash sensing devices and event data recorders in the 2008 Chevrolet Cobalt after Defendants knew

DocID: 4818-6798-3516.1

or should have known of the dangerous conditions inherent in the design;

i.      Defendant failed to issue proper warnings, reminders and instructions for owners and passengers of 2008 Chevrolet Cobalt vehicles as to the operation of the airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, after Defendants knew or should have known of the dangerous and unsafe design of their airbag and crash protection system;

j.      Defendant failed to properly notify, warn and instruct occupants of the 2008 Chevrolet Cobalt vehicle on the inadequate airbag protection provided to drivers during foreseeable vehicle maneuvers, including front end collisions;

k.      Defendant equipped the 2008 Chevrolet Cobalt with airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, that had a design, including activation and deployment sensors and devices, that provided completely inadequate crash protection to an occupant;

1.      Defendant failed to properly test the airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, under foreseeable operating conditions, including front and rear end collisions;

m.      Failed to equip its vehicle with a proper, safe and functioning crash sensing system;

n.      Failed to ensure that its airbag restraint systems, airbag control modules, crash sensing devices and event data recorders were compatible for use in the Chevrolet Cobalt with a faulty ignition system that caused loss of power to crash sensing devices during foreseeable collision events;

o.      Failed to ensure that frontal airbags would activate and deploy even after the Chevrolet Cobalt experienced a rear end collision event;

p.      Provided a crash sensing system that did not function properly after the Chevrolet Cobalt experienced a rear end collision event;

q.      Failed to ensure that the crash sensing device and airbag system in the Chevrolet Cobalt would function properly under all foreseeable crash scenarios;

DocID: 4818-6798-3516.1

r.  Failed to equip the Chevrolet Cobalt with a proper restraint system, seat belts and seat belt pretensioners so as to protect all vehicle occupants;

s.  Failed to equip the Chevrolet Cobalt with a restraint system, seat belts and seat belt pretensioners that would function properly during all foreseeable crash scenarios, and in the event of a loss of vehicle power during a crash; and,

t.  was otherwise unreasonably dangerous.

**ANSWER:**  Denied, including all subparts.

22.  As a proximate result of one or more of the aforementioned unreasonably dangerous conditions, CAITLIN B. CONNER, a minor, sustained injuries of a personal, permanent and pecuniary nature.

**ANSWER:**  Denied.

23.  Had CAITLIN B. CONNER, a minor, survived, she would Decedent, CAITLIN B. CONNER, a minor, left surviving her as her lawful heirs, her father MATTHEW CONNER, her mother AMANDA CONNER, and her siblings LILY A. LAWRENCE, a minor, and COBY CONNER, a minor, all of whom have sustained personal, pecuniary and emotional injuries as a result of the death of CAITLIN B. CONNER, a minor.

**ANSWER:**  CAS states that they are legal conclusions to which no response is required.  To the extent a response is deemed required, CAS denies the allegations in this paragraph.

24.  Plaintiff MATTHEW CONNER has been appointed Independent Administrator of the Estate of CAITLIN B. CONNER pursuant to order of the Circuit Court of the Sixth Judicial District in Douglas County, Illinois.

**ANSWER:**  CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

25.  Plaintiff MATTHEW CONNER, as Independent Administrator of the Estate of CAITLIN B. CONNER, Deceased, brings this action pursuant to the Wrongful Death Act 740 ILCS 108/1 *et seq.* [sic].

DocID: 4818-6798-3516.1

**ANSWER:** CAS states that they are legal conclusions to which no response is required. To the extent a response is deemed required, CAS denies the allegations in this paragraph.

WHEREFORE, Plaintiff, MATTHEW CONNER, individually and as Independent Administrator of the Estate of CAITLIN B. CONNER, a deceased minor, demands judgment against Defendants, CONTINENTAL AG AND CONTINENTAL AUTOMOTIVE SYSTEMS US, INC., individually and as successor to SIEMENS AG, and SIEMENS AG, individually in an amount in excess of the jurisdictional limits of the Circuit Court of Champaign County.

**ANSWER:** CAS denies the allegations set forth in the WHEREFORE Paragraph of Plaintiffs' Complaint, except in so far as Plaintiffs allege the amount alleged in controversy is in excess of the jurisdictional limits of the Circuit Court of Champaign County, and further denies that Plaintiffs are entitled to any relief whatsoever, whether at law or equity against CAS.

### Count XV

### Caitlin B. Conner, Deceased

### Negligence – Wrongful Death

### Continental/Siemens

Plaintiff, MATTHEW CONNER, individually and as Independent Administrator of the Estate of CAITLIN B. CONNER, a deceased minor, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants CONTINENTAL AG AND CONTINENTAL AUTOMOTIVE SYSTEMS US, INC., individually and as successor to SIEMENS AG, and SIEMENS AG individually, states as follows:

1. On and before June 8, 2017, Defendant, CONTINENTAL/SIEMENS, was engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, for the 2008 Chevrolet Cobalt, owned by DEBRA J. CONNER and bearing vehicle identification number 1 G1AL58F487225759.

DocID: 4818-6798-3516.1

**ANSWER:**   It is admitted that on or before June 8, 2017, Defendant CAS was engaged in the business of designing, manufacturing, testing, distributing and selling certain airbag electronic components, including airbag control modules and satellites, used in the airbag restraint systems for 2008 Chevrolet Cobalts.  CAS denies all remaining allegations in this paragraph as phrased.

2.    On    and    before    June    8,    2017,    Defendant, CONTINENTAL/SIEMENS, engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, in and throughout Champaign County and Cook County, Illinois.

**ANSWER:**   It is admitted that on or before June 8, 2017, Defendant CAS was engaged in the business of designing, manufacturing, testing, distributing and selling certain airbag electronic components, including airbag control modules and satellites, used in the airbag restraint systems for 2008 Chevrolet Cobalts.  CAS denies all remaining allegations in this paragraph as phrased.

3.    On and before June 8, 2017, the aforesaid airbag restraint systems, airbag control modules, crash sensing devices and event data recorders for the 2008 Chevrolet Cobalt, and its component parts, were designed, manufactured, engineered, tested, marketed, distributed and sold by Defendant, CONTINENTAL/SIEMENS.

**ANSWER:**   It is admitted that on or before June 8, 2017, Defendant CAS was engaged in the business of designing, manufacturing, testing, distributing and selling certain airbag electronic components, including airbag control modules and satellites, used in the airbag restraint systems for 2008 Chevrolet Cobalts.  CAS denies all remaining allegations in this paragraph as phrased.

4.    On    and    before    June    8,    2017,    Defendant, CONTINENTAL/SIEMENS, had a duty to ensure that the aforesaid airbag restraint systems, airbag control modules, crash sensing devices and event

DocID: 4818-6798-3516.1

data recorders for the 2008 Chevrolet Cobalt, and its component parts, were not designed, manufactured, engineered, tested, marketed, distributed and sold so as to be in an unsafe condition.

**ANSWER:**  CAS states that Paragraph 4 states a legal conclusion to which no response is required.  To the extent a response is deemed required, CAS denies the allegations in Paragraph 4 as phrased.

5.    On and before June 8, 2017, Interstate 57 generally ran in north and south directions through Champaign County Illinois.

**ANSWER:**  Upon information and believe, it is admitted that Interstate 57 generally ran in north and south directions through Champaign County, Illinois on or about June 8, 2017.

6.    On and before June 8, 2017, Defendant RURAL KING was a retail farm and home supply business and regularly conducted business in and throughout Champaign County, Illinois.

**ANSWER:**  CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

7.    On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee and/or agent of RURAL KING.

**ANSWER:**  CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

8.    One [sic] June 8, 2017, Defendant KRUSE owned, operated, managed, maintained and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:**  CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

9.    On and before June 8, 2017, Defendant RURAL KING had provided an electronic communication device, commonly known as a cellphone to its employee and/or agent, Defendant STEVEN R. KRUSE.

DocID: 4818-6798-3516.1

**ANSWER:**   CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

10.   On June 8, 2017, Defendant KRUSE had his RURAL KING provided cellphone with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:**   CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

11.   On June 8, 2017, another employee and/or agent of RURAL KING contacted Defendant KRUSE by sending him a cellphone text message concerning the business of RURAL KING.

**ANSWER:**   CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

12.   On June 8, 2017, the incoming text message from a RURAL KING employee and/or agent caused Defendant KRUSE to divert his attention from the roadway and traffic in front of him as he obtained his cellphone to determine the identity of the sender and to read the text message.

**ANSWER:**   CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

13.   On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and vehicles in front of him so as to obtain his cellphone and read the text message communication from another RURAL KING employee, Defendant KRUSE continued to drive his motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:**   CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

14.   On June 8, 2017, Plaintiff DEBRA. J. CONNER was operating her 2008 Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:**   CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

DocID: 4818-6798-3516.1

15.    On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

**ANSWER:**   CAS is without knowledge or information sufficient to form a

belief as to the truth of the allegations and therefore denies same.

16.    On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

**ANSWER:**   CAS is without knowledge or information sufficient to form a

belief as to the truth of the allegations and therefore denies same.

17.    On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA CONNER, as both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:**   CAS is without knowledge or information sufficient to form a

belief as to the truth of the allegations and therefore denies same.

18.    On June 8, 2017, at the aforesaid location, while using his RURAL KING provided cellphone to read an incoming text message communication sent by a RURAL KING employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

**ANSWER:**   CAS is without knowledge or information sufficient to form a

belief as to the truth of the allegations and therefore denies same.

19.    On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

**ANSWER:**   CAS is without knowledge or information sufficient to form a

belief as to the truth of the allegations and therefore denies same.

DocID: 4818-6798-3516.1

20.    At the time and place aforesaid, the airbag and related component parts, in the aforementioned 2008 Chevrolet Cobalt, failed to activate and/or deploy.

**ANSWER:**   CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

21.    On and before June 8, 2017, Defendant CONTINENTAL/SIEMENS, was negligent in one or more of the following respects:

a.    designed, manufactured, distributed, sold and provided the 2008 Chevrolet Cobalt with airbag restraint systems, airbag control modules, crash sensing devices and event data recorders that were unsafe, unsuitable and dangerous for use on said Cobalt;

b.    designed, manufactured, distributed and sold the 2008 Chevrolet Cobalt with inadequate and unsafe standards of crash-worthiness, and without taking proper and sufficient precautions to ensure sufficient and accurate deployment of airbags;

c.    failed to provide purchasers with adequate, sufficient, accurate and proper warnings and information concerning the unsafe and dangerous conditions of the 2008 Chevrolet Cobalt airbag restraint systems, airbag control modules crash sensing devices and event data recorders;

d.    failed to properly test, monitor and inspect the condition of the 2008 Chevrolet Cobalt airbag restraint systems, airbag control modules, crash sensing devices and event data recorders to ensure that it was safe, suitable, and appropriate for use on the roadway;

e.    failed to equip the Chevrolet Cobalt with a safe passenger compartment;

f.    designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt without complying with Defendant, GENERAL MOTOR's own internal guidelines and standards for design and testing of vehicles, airbags, and crash protection systems;

g.    Defendant, CONTINENTAL/SIEMENS, failed to implement design changes that CONTINENTAL SIEMENS own engineers knew were necessary to render the 2008 Chevrolet Cobalt safe for use during • foreseeable operating conditions;

h.    Defendant failed to modify the design of the airbag restraint systems, airbag control modules, crash sensing devices and event

132

data recorders in the 2008 Chevrolet Cobalt after Defendants knew or should have known of the dangerous conditions inherent in the design;

i.  Defendant failed to issue proper warnings, reminders and instructions for owners and passengers of 2008 Chevrolet Cobalt vehicles as to the operation of the airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, after Defendants knew or should have known of the dangerous and unsafe design of their airbag and crash protection system;

j.  Defendant failed to properly notify, warn and instruct occupants of the 2008 Chevrolet Cobalt vehicle on the inadequate airbag protection provided to drivers during foreseeable vehicle maneuvers, including front end collisions;

k.  Defendant equipped the 2008 Chevrolet Cobalt with airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, that had a design, including activation and deployment sensors and devices, that provided completely inadequate crash protection to an occupant;

1.  Defendant failed to properly test the airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, under foreseeable operating conditions, including front and rear end collisions;

m.  Failed to equip its vehicle with a proper, safe and functioning crash sensing system;

n.  Failed to ensure that its airbag restraint systems, airbag control modules, crash sensing devices and event data recorders were compatible for use in the Chevrolet Cobalt with a faulty ignition system that caused loss of power to crash sensing devices during foreseeable collision events;

o.  Failed to ensure that frontal airbags would activate and deploy even after the Chevrolet Cobalt experienced a rear end collision event;

p.  Provided a crash sensing system that did not function properly after the Chevrolet Cobalt experienced a rear end collision event;

q.  Failed to ensure that the crash sensing device and airbag system in the Chevrolet Cobalt would function properly under all foreseeable crash scenarios;

DocID: 4818-6798-3516.1

r.  Failed to equip the Chevrolet Cobalt with a proper restraint system, seat belts and seat belt pretensioners so as to protect all vehicle occupants;

s.  Failed to equip the Chevrolet Cobalt with a restraint system, seat belts and seat belt pretensioners that would function properly during all foreseeable crash scenarios, and in the event of a loss of vehicle power during a crash; and,

t.  was otherwise negligent.

**ANSWER:**  Denied, including all subparts.

22.  As a proximate result of one or more of the aforementioned negligent acts and/or omissions, CAITLIN B. CONNER, a minor, sustained injuries of a personal, permanent and pecuniary nature that resulted in her death on June 8, 2017.

**ANSWER:**  Denied.

23.  Decedent, CAITLIN B. CONNER, a minor, left surviving her as her lawful heirs, her father MATTHEW CONNER, her mother AMANDA CONNER, and her siblings LILY A. LAWRENCE, a minor, and COBY CONNER, a minor, all of whom have sustained personal, pecuniary and emotional injuries as a result of the death of CAITLIN B. CONNER, a minor.

**ANSWER:**  CAS is without knowledge or information sufficient to form a

belief as to the truth of the allegations and therefore denies same.

24.  Plaintiff MATTHEW CONNER has been appointed Independent Administrator of the Estate of CAITLIN B. CONNER pursuant to order of the Circuit Court of the Sixth Judicial District in Douglas County, Illinois.

**ANSWER:**  CAS is without knowledge or information sufficient to form a

belief as to the truth of the allegations and therefore denies same.

25.  Plaintiff MATTHEW CONNER, as Independent Administrator of the Estate of CAITLIN B. CONNER, Deceased, brings this action pursuant to the Wrongful Death Act 740 ILCS 108/1 *et seq.* [sic].

DocID: 4818-6798-3516.1

**ANSWER:** CAS states that they are legal conclusions to which no response is required. To the extent a response is deemed required, CAS denies the allegations in this paragraph.

WHEREFORE, Plaintiff, MATTHEW CONNER, individually and as Independent Administrator of the Estate of CAITLIN B. CONNER, a deceased minor, demands judgment against Defendants, CONTINENTAL AG AND CONTINENTAL AUTOMOTIVE SYSTEMS US, INC., individually and as successor to SIEMENS AG, and SIEMENS AG individually, in an amount in excess of the jurisdictional limits of the Circuit Court of Champaign County.

**ANSWER:** CAS denies the allegations set forth in the WHEREFORE Paragraph of Plaintiffs' Complaint, except in so far as Plaintiffs allege the amount alleged in controversy is in excess of the jurisdictional limits of the Circuit Court of Champaign County, and further denies that Plaintiffs are entitled to any relief whatsoever, whether at law or equity against CAS.

### Count XVI

### Caitlin B. Conner, Deceased

### Negligence – Survival

### Continental/Siemens

Plaintiff, MATTHEW CONNER, individually and as Independent Administrator of the Estate of CAITLIN B. CONNER, a deceased minor, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants CONTINENTAL AG AND CONTINENTAL AUTOMOTIVE SYSTEMS US, INC., individually and as successor to SIEMENS AG, and SIEMENS AG individually, states as follows:

1. On and before June 8, 2017, Defendant, CONTINENTAL/SIEMENS, was engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, for the 2008 Chevrolet Cobalt, owned by DEBRA J. CONNER and bearing vehicle identification number 1G1AL58F487225759.

DocID: 4818-6798-3516.1

**ANSWER:** It is admitted that on or before June 8, 2017, Defendant CAS was engaged in the business of designing, manufacturing, testing, distributing and selling certain airbag electronic components, including airbag control modules and satellites, used in the airbag restraint systems for 2008 Chevrolet Cobalts. CAS denies all remaining allegations in this paragraph as phrased.

2. On and before June 8, 2017, Defendant, CONTINENTAL/SIEMENS, engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, in and throughout Champaign County and Cook County, Illinois.

**ANSWER:** It is admitted that on or before June 8, 2017, Defendant CAS was engaged in the business of designing, manufacturing, testing, distributing and selling certain airbag electronic components, including airbag control modules and satellites, used in the airbag restraint systems for 2008 Chevrolet Cobalts. CAS denies all remaining allegations in this paragraph as phrased.

3. On and before June 8, 2017, the aforesaid airbag restraint systems, airbag control modules, crash sensing devices and event data recorders for the 2008 Chevrolet Cobalt, and its component parts, were designed, manufactured, engineered, tested, marketed, distributed and sold by Defendant, CONTINENTAL/SIEMENS.

**ANSWER:** It is admitted that on or before June 8, 2017, Defendant CAS was engaged in the business of designing, manufacturing, testing, distributing and selling certain airbag electronic components, including airbag control modules and satellites, used in the airbag restraint systems for 2008 Chevrolet Cobalts. CAS denies all remaining allegations in this paragraph as phrased.

4. On and before June 8, 2017, Defendant, CONTINENTAL/SIEMENS, had a duty to ensure that the aforesaid airbag restraint systems, airbag control modules, crash sensing devices and event

DocID: 4818-6798-3516.1

data recorders for the 2008 Chevrolet Cobalt, and its component parts, were not designed, manufactured, engineered, tested, marketed, distributed and sold so as to be in an unsafe condition.

**ANSWER:**  CAS states that Paragraph 4 states a legal conclusion to which no response is required.  To the extent a response is deemed required, CAS denies the allegations in Paragraph 4 as phrased.

5.    On and before June 8, 2017, Interstate 57 generally ran in north and south directions through Champaign County Illinois.

**ANSWER:**  Upon information and believe, it is admitted that Interstate 57 generally ran in north and south directions through Champaign County, Illinois on or about June 8, 2017.

6.    On and before June 8, 2017, Defendant RURAL KING was a retail farm and home supply business and regularly conducted business in and throughout Champaign County, Illinois.

**ANSWER:**  CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

7.    On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee and/or agent of RURAL KING.

**ANSWER:**  CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

8.    One [sic] June 8, 2017, Defendant KRUSE owned, operated, managed, maintained and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:**  CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

9.    On and before June 8, 2017, Defendant RURAL KING had provided an electronic communication device, commonly known as a cellphone to its employee and/or agent, Defendant STEVEN R. KRUSE.

DocID: 4818-6798-3516.1

**ANSWER:**  CAS is without knowledge or information sufficient to form a

belief as to the truth of the allegations and therefore denies same.

10.  On June 8, 2017, Defendant KRUSE had his RURAL KING provided cellphone with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:**  CAS is without knowledge or information sufficient to form a

belief as to the truth of the allegations and therefore denies same.

11.  On June 8, 2017, another employee and/or agent of RURAL KING contacted Defendant KRUSE by sending him a cellphone text message concerning the business of RURAL KING.

**ANSWER:**  CAS is without knowledge or information sufficient to form a

belief as to the truth of the allegations and therefore denies same.

12.  On June 8, 2017, the incoming text message from a RURAL KING employee and/or agent caused Defendant KRUSE to divert his attention from the roadway and traffic in front of him as he obtained his cellphone to determine the identity of the sender and' to read the text message.

**ANSWER:**  CAS is without knowledge or information sufficient to form a

belief as to the truth of the allegations and therefore denies same.

13.  On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and vehicles in front of him so as to obtain his cellphone and read the text message communication from another RURAL KING employee, Defendant KRUSE continued to drive his motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:**  CAS is without knowledge or information sufficient to form a

belief as to the truth of the allegations and therefore denies same.

14.  On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008 Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:**  CAS is without knowledge or information sufficient to form a

belief as to the truth of the allegations and therefore denies same.

DocID: 4818-6798-3516.1

15.    On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

**ANSWER:**   CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

16.    On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

**ANSWER:**   CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

17.    On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA CONNER, as both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:**   CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

18.    On June 8, 2017, at the aforesaid location, while using his RURAL KING provided cellphone to read an incoming text message communication sent by a RURAL KING employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

**ANSWER:**   CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

19.    On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's Chevrolet Cobalt vehicle to be pushed into the back of a semitractor trailer truck.

**ANSWER:**   CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

DocID: 4818-6798-3516.1

20.    At the time and place aforesaid, the airbag and related component parts, in the aforementioned 2008 Chevrolet Cobalt, failed to activate and/or deploy.

**ANSWER:**   CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

21.   On    and    before    June    8,    2017,    Defendant, CONTINENTAL/SIEMENS, was negligent in one or more of the following respects:

a.    Designed, manufactured, distributed, sold and provided the 2008 Chevrolet Cobalt with airbag restraint systems, airbag control modules, crash sensing devices and event data recorders that were unsafe, unsuitable and dangerous for use on said Cobalt;

b.    Designed, manufactured, distributed and sold the 2008 Chevrolet Cobalt with inadequate and unsafe standards of crash-worthiness, and without taking proper and sufficient precautions to ensure sufficient and accurate deployment of airbags;

c.    Failed to provide purchasers with adequate, sufficient, accurate and proper warnings and information concerning the unsafe and dangerous conditions of the 2008 Chevrolet Cobalt airbag restraint systems, airbag control modules, crash sensing devices and event data recorders;

d.    Failed to properly test, monitor and inspect the condition of the 2008 Chevrolet Cobalt airbag restraint systems, airbag control modules, crash sensing devices and event data recorders to ensure that it was safe, suitable, and appropriate for use on the roadway;

e.    failed to equip the Chevrolet Cobalt with a safe passenger compartment;

f.    Designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt without complying with Defendant, GENERAL MOTOR's own internal guidelines and standards for design and testing of vehicles, airbags, and crash protection systems;

g.    Defendant, CONTINENTAL/SIEMENS, failed to implement design changes that CONTINENTAL SIEMENS own engineers knew were necessary to render the 2008 Chevrolet Cobalt safe for use during foreseeable operating conditions;

DocID: 4818-6798-3516.1

h.    Defendant failed to modify the design of the airbag restraint systems, airbag control modules, crash sensing devices and event data recorders in the 2008 Chevrolet Cobalt after Defendants knew or should have known of the dangerous conditions inherent in the design;

i.    Defendant failed to issue proper warnings, reminders and instructions for owners and passengers of 2008 Chevrolet Cobalt vehicles as to the operation of the airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, after Defendants knew or should have known of the dangerous and unsafe design of their airbag and crash protection system;

j.    Defendant failed to properly notify, warn and instruct occupants of the 2008 Chevrolet Cobalt vehicle on the inadequate airbag protection provided to drivers during foreseeable vehicle maneuvers, including front end collisions;

k.    Defendant equipped the 2008 Chevrolet Cobalt with airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, that had a design, including activation and deployment sensors and devices, that provided completely inadequate crash protection to an occupant;

l.    Defendant failed to properly test the airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, under foreseeable operating conditions, including front and rear end collisions;

m.    Failed to equip its vehicle with a proper, safe and functioning crash sensing system;

n.    Failed to ensure that its airbag restraint systems, airbag control modules, crash sensing devices and event data recorders were compatible for use in the Chevrolet Cobalt with a faulty ignition system that caused loss of power to crash sensing devices during foreseeable collision events;

o.    Failed to ensure that frontal airbags would activate and deploy even after the Chevrolet Cobalt experienced a rear end collision event;

p.    Provided a crash sensing system that did not function properly after the Chevrolet Cobalt experienced a rear end collision event;

DocID: 4818-6798-3516.1

q.  Failed to ensure that the crash sensing device and airbag system in the Chevrolet Cobalt would function properly under all foreseeable crash scenarios;

r.  Failed to equip the Chevrolet Cobalt with a proper restraint system, seat belts and seat belt pretensioners so as to protect all vehicle occupants;

s.  Failed to equip the Chevrolet Cobalt with a restraint system, seat belts and seat belt pretensioners that would function properly during all foreseeable crash scenarios, and in the event of a loss of vehicle power during a crash; and,

t.  was otherwise negligent.

**ANSWER:**   Denied, including all subparts.

22.   As a proximate result of one or more of the aforementioned negligent acts and/or omissions, CAITLIN B. CONNER, a minor, sustained injuries of a personal, permanent and pecuniary nature that resulted in her death on June 8, 2017.

**ANSWER:**   Denied.

23.   Had CAITLIN B. CONNER, a minor, survived, she would have been able to bring an action for the injuries that she suffered, and this action has survived her pursuant to 735 ILCS 5/27 [sic], commonly referred to as the Illinois Survival Act.

**ANSWER:**   CAS is without knowledge or information sufficient to form a

belief as to the truth of the allegations and therefore denies sa*me.*

24.   Plaintiff MATTHEW CONNER has been appointed Independent Administrator of the Estate of CAITLIN B. CONNER pursuant to order of the Circuit Court of the Sixth Judicial District in Douglas County, Illinois.

**ANSWER:**   CAS is without knowledge or information sufficient to form a

belief as to the truth of the allegations and therefore denies same.

25.   Plaintiff MATTHEW CONNER, as Independent Administrator of the Estate of CAITLIN B. CONNER, Deceased, brings this action pursuant to the Wrongful Death Act 740 ILCS 108/1 *et seq.* [sic].

DocID: 4818-6798-3516.1

**ANSWER:** CAS states that they are legal conclusions to which no response is required. To the extent a response is deemed required, CAS denies the allegations in this paragraph.

WHEREFORE, Plaintiff, MATTHEW CONNER, individually and as Independent Administrator of the Estate of CAITLIN B. CONNER, a deceased minor, demands judgment against Defendants, CONTINENTAL AG AND CONTINENTAL AUTOMOTIVE SYSTEMS US, INC., individually and as successor to SIEMENS AG, and SIEMENS AG individually, and each of them, in an amount in excess of the jurisdictional limits of the Circuit Court of Champaign County.

**ANSWER:** CAS denies the allegations set forth in the WHEREFORE Paragraph of Plaintiffs' Complaint, except in so far as Plaintiffs allege the amount alleged in controversy is in excess of the jurisdictional limits of the Circuit Court of Champaign County, and further denies that Plaintiffs are entitled to any relief whatsoever, whether at law or equity against CAS.

### County XVII

### Caitlin B. Conner, Deceased

### Family Expense Act

### Continental/Siemens

Plaintiff, MATTHEW CONNER, individually and as Independent Administrator of the Estate of CAITLIN B. CONNER, a deceased minor, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of CONTINENTAL AG AND CONTINENTAL AUTOMOTIVE SYSTEMS US, INC., individually and as successor to SIEMENS AG, and SIEMENS AG individually, states as follows:

1.     On and before June 8, 2017, Defendant, GENERAL MOTORS, was engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling motor vehicles, including a 2008 Chevrolet Cobalt, and its component parts, owned by Plaintiff, DEBRA J. CONNER and bearing vehicle identification number 1G1AL58F487225759.

DocID: 4818-6798-3516.1

**ANSWER:** It is admitted that on or before June 8, 2017, Defendant CAS was engaged in the business of designing, manufacturing, testing, distributing and selling certain airbag electronic components, including airbag control modules and satellites, used in the airbag restraint systems for 2008 Chevrolet Cobalts. CAS denies all remaining allegations in this paragraph as phrased.

2. On and before June 8, 2017, Defendant, GENERAL MOTORS, engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling motor vehicles in and throughout Champaign County and Cook County, Illinois, and maintained the office of its registered agent at CT Corporation System, 208 S. LaSalle Street, Chicago, Illinois 60604.

**ANSWER:** It is admitted that on or before June 8, 2017, Defendant CAS was engaged in the business of designing, manufacturing, testing, distributing and selling certain airbag electronic components, including airbag control modules and satellites, used in the airbag restraint systems for 2008 Chevrolet Cobalts. CAS denies all remaining allegations in this paragraph as phrased.

3. Prior to June 8, 2017, the aforesaid 2008 Chevrolet Cobalt, and its component parts, including its airbag system and crash sensing devices, were designed, manufactured, engineered, tested, marketed, distributed and sold by Defendant, GENERAL MOTORS.

**ANSWER:** It is admitted that on or before June 8, 2017, Defendant CAS was engaged in the business of designing, manufacturing, testing, distributing and selling certain airbag electronic components, including airbag control modules and satellites, used in the airbag restraint systems for 2008 Chevrolet Cobalts. CAS denies all remaining allegations in this paragraph as phrased.

DocID: 4818-6798-3516.1

4.     On and before June 8, 2017, Defendant, GENERAL MOTORS, had a duty to exercise ordinary care to ensure that the aforesaid 2008 Chevrolet Cobalt, and its component parts, were not designed, manufactured, engineered, tested, marketed, distributed and sold so as to be in an unsafe condition.

**ANSWER:**   CAS states that Paragraph 4 states a legal conclusion to which no response is required.  To the extent a response is deemed required, CAS denies the allegations in Paragraph 4 as phrased.

5.     On and before June 8, 2017, Interstate 57 generally ran in north and south directions through Champaign County Illinois.

**ANSWER:**   Upon information and believe, it is admitted that Interstate 57 generally ran in north and south directions through Champaign County, Illinois on or about June 8, 2017.

6.     On and before June 8, 2017, Defendant RURAL KING was a retail farm and home supply business and regularly conducted business in and throughout Champaign County, Illinois.

**ANSWER:**   CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

7.     On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee and/or agent of RURAL KING.

**ANSWER:**   CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

8.     One [sic] June 8, 2017, Defendant KRUSE owned, operated, managed, maintained and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:**   CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

DocID: 4818-6798-3516.1

9.    On and before June 8, 2017, Defendant RURAL KING had provided an electronic communication device, commonly known as a cellphone to its employee and/or agent, Defendant STEVEN R. KRUSE.

**ANSWER:**  CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

10.    On June 8, 2017, Defendant KRUSE had his RURAL KING provided cellphone with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:**  CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

11.    On June 8, 2017, another employee and/or agent of RURAL KING contacted Defendant KRUSE by sending him a cellphone text message concerning the business of RURAL KING.

**ANSWER:**  CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

12.    On June 8, 2017, the incoming text message from a RURAL KING employee and/or agent caused Defendant KRUSE to divert his attention from the roadway and traffic in front of him as he obtained his cellphone to determine the identity of the sender and to read the text message.

**ANSWER:**  CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

13.    On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and vehicles in front of him so as to obtain his cellphone and read the text message communication from another RURAL KING employee, Defendant KRUSE continued to drive his motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:**  CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

14.    On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008 Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

DocID: 4818-6798-3516.1

**ANSWER:**   CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

15.    On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

**ANSWER:**   CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

16.    On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

**ANSWER:**   CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

17.    On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA CONNER, as both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:**   CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

18.    On June 8, 2017, at the aforesaid location, while using his RURAL KING provided cellphone to read an incoming text message communication sent by a RURAL KING employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

**ANSWER:**   CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

19.    On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

DocID: 4818-6798-3516.1

**ANSWER:**   CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

20.    At the time and place aforesaid, the airbag and related component parts, in the aforementioned 2008 Chevrolet Cobalt, failed to activate and/or deploy.

**ANSWER:**   CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

21.    On and before June 8, 2017, Defendant, GENERAL MOTORS, was negligent in one or more of the following respects since General Motors:

a.    designed, manufactured, distributed, sold and provided the 2008 Chevrolet Cobalt with an airbag and related crash protection system that were unsafe, unsuitable and dangerous for use on said Cobalt;

b.    designed, manufactured, distributed and sold the 2008 Chevrolet Cobalt with inadequate and unsafe standards of crash-worthiness, and without taking proper and sufficient precautions to ensure sufficient and accurate deployment of airbags;

c.    failed to provide purchasers with adequate, sufficient, accurate and proper warnings and information concerning the unsafe, unstable, and dangerous conditions of the 2008 Chevrolet Cobalt;

d.    failed to properly test, monitor and inspect the condition of the 2008 Chevrolet Cobalt airbag and/or crash protection system to ensure that it was safe, suitable, and appropriate for use on the roadway;

e.    designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt without conducting limits testing;

f.    designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt without complying with Defendant, GENERAL MOTOR'S own internal guidelines and standards for design and testing of vehicles, airbags, and crash protection systems;

g.    Defendant, GENERAL MOTORS, failed to implement design changes that GENERAL MOTOR'S own engineers knew were necessary to render the 2008 Chevrolet Cobalt safe for use during foreseeable operating conditions;

DocID: 4818-6798-3516.1

h.    Defendant failed to modify the design of the airbag and crash protection system in the 2008 Chevrolet Cobalt after Defendants knew or should have known of the dangerous conditions inherent in the design;

i.    Defendant failed to issue proper warnings, reminders and instructions for owners and passengers of 2008 Chevrolet Cobalt vehicles as to the operation of the airbag and crash protection system, after Defendants knew or should have known of the dangerous and unsafe design of their airbag and crash protection system;

j.    Defendant failed to properly notify, warn and instruct occupants of the 2008 Chevrolet Cobalt vehicle on the inadequate airbag protection provided to drivers during foreseeable vehicle maneuvers, including from end collisions;

k.    Defendant equipped the 2008 Chevrolet Cobalt with an airbag and crash protection system that had a design, including activation and deployment sensors and devices, that provided completely inadequate crash protection to an occupant;

1.    Defendant failed to properly test the airbag and crash protection system under foreseeable operating conditions, including front end collisions;

m.    Failed to equip its vehicle with a proper, safe and functioning crash sensing system;

n.    Equipped its Chevrolet Cobalt with a faulty ignition system that caused loss of power to crash sensing devices during foreseeable collision events;

o.    Failed to ensure that its frontal airbags would activate and deploy even after the Chevrolet Cobalt experienced a rear end collision event;

p.    Equipped its vehicle with a crash sensing system that did not function properly after the Chevrolet Cobalt experienced a rear end collision event;

q.    Failed to ensure that the crash sensing device and airbag system in its Chevrolet would function properly under all foreseeable crash scenarios;

DocID: 4818-6798-3516.1

r.  Failed to equip its Chevrolet Cobalt with a proper restraint system, seat belts and seat belt pretensioners so as to protect all vehicle occupants;

s.  Failed to equip its Chevrolet Cobalt with a restraint system, seat belts and seat belt pretensioners that would function properly during all foreseeable crash scenarios, and in the event of a loss of vehicle power during a crash; and,

t.  was otherwise negligent.

**ANSWER:**  Denied, including all subparts.

22.  As a proximate result of one or more of the aforementioned negligent acts and/or omissions, CAITLIN B. CONNER, a minor, sustained injuries of a personal, permanent and pecuniary nature that resulted in her death on June 8, 2017.

**ANSWER:**  Denied.

23.  As a proximate result of the injuries sustained by CAITLIN B. CONNER, her parents MATTHEW CONNER and AMANDA CONNER became obligated for the medical expenses incurred for treatment of said injuries pursuant to 750 ILCS 65/15.

**ANSWER:**  CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

WHEREFORE, MATTHEW CONNER and AMANDA CONNER, as parents of CAITLIN CONNER, Deceased, demand judgment against Defendants, CONTINENTAL AG AND CONTINENTAL AUTOMOTIVE SYSTEMS US, INC., individually and as successor to SIEMENS AG, and SIEMENS AG individually, in an amount in excess of the jurisdictional limits of the Circuit Court of Champaign County, Illinois.

**ANSWER:** CAS denies the allegations set forth in the WHEREFORE Paragraph of Plaintiffs' Complaint, except in so far as Plaintiffs allege the amount alleged in controversy is in excess of the jurisdictional limits of the Circuit Court of Champaign County, and further denies that Plaintiffs are entitled to any relief whatsoever, whether at law or equity against CAS.

DocID: 4818-6798-3516.1

**Count XVIII**

**Lily A. Lawrence, a minor**

**Family Expense Act**

**Continental/Siemens**

Plaintiff, AMANDA CONNER, mother and next friend of LILY A. LAWRENCE, a minor, by and through her attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendant, CONTINENTAL AG AND CONTINENTAL AUTOMOTIVE SYSTEMS US, INC., Individually and as successor to SIEMENS AG, and SIEMENS AG Individually, states as follows:

1.     On and before June 8, 2017, Defendant, CONTINENTAL/SIEMENS, was engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, including for the 2008 Chevrolet Cobalt, and its component parts, owned by Plaintiff, DEBRA J. CONNER and bearing vehicle identification number 1G1AL58F487225759.

**ANSWER:**   It is admitted that on or before June 8, 2017, Defendant CAS

was engaged in the business of designing, manufacturing, testing, distributing

and selling certain airbag electronic components, including airbag control

modules and satellites, used in the airbag restraint systems for 2008 Chevrolet

Cobalts.  CAS denies all remaining allegations in this paragraph as phrased.

2.     On and before June 8, 2017, Defendant, CONTINENTAL/SIEMENS, engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, in and throughout Champaign County and Cook County, Illinois.

**ANSWER:**   It is admitted that on or before June 8, 2017, Defendant CAS

was engaged in the business of designing, manufacturing, testing, distributing

and selling certain airbag electronic components, including airbag control

DocID: 4818-6798-3516.1

modules and satellites, used in the airbag restraint systems for 2008 Chevrolet

Cobalts.  CAS denies all remaining allegations in this paragraph as phrased.

    3.    On and before June 8, 2017, the aforesaid airbag restraint systems, airbag control modules, crash sensing devices and event data recorders for the 2008 Chevrolet Cobalt, and its component parts, were designed, manufactured, engineered, tested, marketed, distributed and sold by Defendant, CONTINENTAL/SIEMENS.

    **ANSWER:**  It is admitted that on or before June 8, 2017, Defendant CAS

was engaged in the business of designing, manufacturing, testing, distributing

and selling certain airbag electronic components, including airbag control

modules and satellites, used in the airbag restraint systems for 2008 Chevrolet

Cobalts.  CAS denies all remaining allegations in this paragraph as phrased.

    4.    On and before June 8, 2017, Defendant, CONTINENTAL/SIEMENS, had a duty to ensure that the aforesaid airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, for the 2008 Chevrolet Cobalt, and its component parts, were not designed, manufactured, engineered, tested, marketed, distributed and sold so as to be in an unsafe condition.

    **ANSWER:**  CAS states that Paragraph 4 states a legal conclusion to

which no response is required.  To the extent a response is deemed required,

CAS denies the allegations in Paragraph 4 as phrased.

    5.    On and before June 8, 2017, Interstate 57 generally ran in north and south directions through Champaign County Illinois.

    **ANSWER:**  Upon information and believe, it is admitted that Interstate

57 generally ran in north and south directions through Champaign County,

Illinois on or about June 8, 2017.

    6.    On and before June 8, 2017, Defendant RURAL KING was a retail farm and home supply business and regularly conducted business in and throughout Champaign County, Illinois.

DocID: 4818-6798-3516.1

**ANSWER:**   CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

7.     On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee and/or agent of RURAL KING.

**ANSWER:**   CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

8.     One [sic] June 8, 2017, Defendant KRUSE owned, operated, managed, maintained and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:**   CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

9.     On and before June 8, 2017, Defendant RURAL KING had provided an electronic communication device, commonly known as a cellphone to its employee and/or agent, Defendant STEVEN R. KRUSE.

**ANSWER:**   CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

10.     On June 8, 2017, Defendant KRUSE had his RURAL KING provided cellphone with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:**   CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

11.     On June 8, 2017, another employee and/or agent of RURAL KING contacted Defendant KRUSE by sending him a cellphone text message concerning the business of RURAL KING.

**ANSWER:**   CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

12.     On June 8, 2017, the incoming text message from a RURAL KING employee and/or agent caused Defendant KRUSE to divert his attention from

DocID: 4818-6798-3516.1

the roadway and traffic in front of him as he obtained his cellphone to determine the identity of the sender and to read the text message.

**ANSWER:**   CAS is without knowledge or information sufficient to form a

belief as to the truth of the allegations and therefore denies same.

13.   On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and vehicles in front of him so as to obtain his cellphone and read the text message communication from another RURAL KING employee, Defendant KRUSE continued to drive his motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:**   CAS is without knowledge or information sufficient to form a

belief as to the truth of the allegations and therefore denies same.

14.   On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008 Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:**   CAS is without knowledge or information sufficient to form a

belief as to the truth of the allegations and therefore denies same.

15.   On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

**ANSWER:**   CAS is without knowledge or information sufficient to form a

belief as to the truth of the allegations and therefore denies same.

16.   On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

**ANSWER:**   CAS is without knowledge or information sufficient to form a

belief as to the truth of the allegations and therefore denies same.

17.   On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA CONNER, as both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

DocID: 4818-6798-3516.1

**ANSWER:**  CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

18.  On June 8, 2017, at the aforesaid location, while using his RURAL KING provided cellphone to read an incoming text message communication sent by a RURAL KING employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the Chevrolet Cobalt vehicle driven by Plaintiff; DEBRA J. CONNER.

**ANSWER:**  CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

19.  On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

**ANSWER:**  CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

20.  At the time and place aforesaid, the airbag and related component parts, in the aforementioned 2008 Chevrolet Cobalt, failed to activate and/or deploy.

**ANSWER:**  CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

21.  On June 8, 2017, Defendant, CONTINENTAL/SIEMENS, was negligent in one or more of the following respects since CONTINENTAL/SIEMENS:

    a.  designed, manufactured, distributed, sold and provided the 2008 Chevrolet Cobalt with airbag restraint systems, airbag control modules, crash sensing devices and event data recorders that were unsafe, unsuitable and dangerous for use on said Cobalt;

    b.  designed, manufactured, distributed and sold the 2008 Chevrolet Cobalt with inadequate and unsafe standards of crash-worthiness, and without taking proper and sufficient precautions to ensure sufficient and accurate deployment of airbags;

DocID: 4818-6798-3516.1

c.      failed to provide purchasers with adequate, sufficient, accurate and proper warnings and information concerning the unsafe and dangerous conditions of the 2008 Chevrolet Cobalt airbag restraint systems, airbag control modules, crash sensing devices and event data recorders;

d.      failed to properly test, monitor and inspect the condition of the 2008 Chevrolet Cobalt airbag restraint systems, airbag control modules, crash sensing devices and event data recorders to ensure that it was safe, suitable, and appropriate for use on the roadway;

e.      failed to equip the Chevrolet Cobalt with a safe passenger compartment;

f.      designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt without complying with Defendant, GENERAL MOTOR's own internal guidelines and standards for design and testing of vehicles, airbags, and crash protection systems;

g.      Defendant, CONTINENTAL/SIEMENS, failed to implement design changes that CONTINENTAL SIEMENS own engineers knew were necessary to render the 2008 Chevrolet Cobalt safe for use during foreseeable operating conditions;

h.      Defendant failed to modify the design of the airbag restraint systems, airbag control modules, crash sensing devices and event data recorders in the 2008 Chevrolet Cobalt after Defendants knew or should have known of the dangerous conditions inherent in the design;

i.      Defendant failed to issue proper warnings, reminders and instructions for owners and passengers of 2008 Chevrolet Cobalt vehicles as to the operation of the airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, after Defendants knew or should have known of the dangerous and unsafe design of their airbag and crash protection system;

j.      Defendant failed to properly notify, warn and instruct occupants of the 2008 Chevrolet Cobalt vehicle on the inadequate airbag protection provided to drivers during foreseeable vehicle maneuvers, including front end collisions;

k.      Defendant equipped the 2008 Chevrolet Cobalt with airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, that had a design, including activation and deployment sensors and devices, that provided completely inadequate crash protection to an occupant;

156

1.   Defendant failed to properly test the airbag restraint systems, airbag control modules, crash sensing devices and event data recorders, under foreseeable operating conditions, including front and rear end collisions;

m.   Failed to equip its vehicle with a proper, safe and functioning crash sensing system;

n.   Failed to ensure that its airbag restraint systems, airbag control modules, crash sensing devices and event data recorders were compatible for use in the Chevrolet Cobalt with a faulty ignition system that caused loss of power to crash sensing devices during foreseeable collision events;

o.   Failed to ensure that frontal airbags would activate and deploy even after the Chevrolet Cobalt experienced a rear end collision event;

p.   Provided a crash sensing system that did not function properly after the Chevrolet Cobalt experienced a rear end collision event;

q.   Failed to ensure that the crash sensing device and airbag system in the Chevrolet Cobalt would function properly under all foreseeable crash scenarios;

r.   Failed to equip the Chevrolet Cobalt with a proper restraint system, seat belts and seat belt pretensioners so as to protect all vehicle occupants;

s.   Failed to equip the Chevrolet Cobalt with a restraint system, seat belts and seat belt pretensioners that would function properly during all foreseeable crash scenarios, and in the event of a loss of vehicle power during a crash; and,

t.   was otherwise negligent.

**ANSWER:**   Denied, including all subparts.

22.   As a proximate result of one or more of the aforesaid negligent acts and/or omissions, Plaintiff, LILY A. LAWRENCE, a minor, sustained injuries of a personal, permanent and pecuniary nature.

**ANSWER:**   Denied.

23.   As a proximate result of the injuries sustained by LILY A. LAWRENCE, her parents MATTHEW CONNER and AMANDA CONNER became

DocID: 4818-6798-3516.1

obligated for the medical expenses incurred for treatment of said injuries pursuant to 750 ILCS 65/15.

**ANSWER:**   CAS is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

WHEREFORE, Plaintiff, AMANDA CONNER, mother and next friend of LILY A. LAWRENCE, a minor, demands judgment against Defendants, CONTINENTAL AG AND CONTINENTAL AUTOMOTIVE SYSTEMS US, INC., individually and as successor to SIEMENS AG, and SIEMENS AG individually, in an amount in excess of the jurisdictional limits of the Circuit Court of Champaign County, Illinois.

**ANSWER:** CAS denies the allegations set forth in the WHEREFORE Paragraph of Plaintiffs' Complaint, except in so far as Plaintiffs allege the amount alleged in controversy is in excess of the jurisdictional limits of the Circuit Court of Champaign County, and further denies that Plaintiffs are entitled to any relief whatsoever, whether at law or equity against CAS.

### Count XIX

### Caitlin B. Conner, Deceased

### Family Expense Act

### General Motors

Plaintiff, MATTHEW CONNER, individually and as Independent Administrator of the Estate of CAITLIN B. CONNER, a deceased minor, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendant GENERAL MOTORS, LLC and GENERAL MOTORS COMPANY, collectively, (hereinafter "GENERAL, MOTORS") states as follows:

1.     On and before June 8, 2017, Defendant, GENERAL MOTORS, was engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling motor vehicles, including a 2008 Chevrolet Cobalt, and its component parts, owned by Plaintiff, DEBRA J. CONNER and bearing vehicle identification number 1G1AL58F487225759.

DocID: 4818-6798-3516.1

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

2.    On and before June 8, 2017, Defendant, GENERAL MOTORS, engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling motor vehicles in and throughout Champaign County and Cook County, Illinois, and maintained the office of its registered agent at CT Corporation System, 208 S. LaSalle Street, Chicago, Illinois 60604.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

3.    Prior to June 8, 2017, the aforesaid 2008 Chevrolet Cobalt, and its component parts, including its airbag system and crash sensing devices, were designed, manufactured, engineered, tested, marketed, distributed and sold by Defendant, GENERAL MOTORS.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

4.    On and before June 8, 2017, Defendant, GENERAL MOTORS, had a duty to exercise ordinary care to ensure that the aforesaid 2008 Chevrolet Cobalt, and its component parts, were not designed, manufactured,

DocID: 4818-6798-3516.1

engineered, tested, marketed, distributed and sold so as to be in an unsafe condition.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

5.      On and before June 8, 2017, Interstate 57 generally ran in north and south directions through Champaign County Illinois.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

6.      On and before June 8, 2017, Defendant RURAL KING was a retail farm and home supply business and regularly conducted business in and throughout Champaign County, Illinois.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

7.      On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee and/or agent of RURAL KING.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required.

DocID: 4818-6798-3516.1

To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

8.    One [sic] June 8, 2017, Defendant KRUSE owned, operated, managed, maintained and controlled a 2000. Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

9.    On and before June 8, 2017, Defendant RURAL KING had provided an electronic communication device, commonly known as a cellphone to its employee and/or agent, Defendant STEVEN R. KRUSE.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

10.    On June 8, 2017, Defendant KRUSE had his RURAL KING provided cellphone with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed

DocID: 4818-6798-3516.1

to be asserted against CAS, then CAS is without knowledge of same, and the

allegations are therefore denied.

11.    On June 8, 2017, another employee and/or agent of RURAL KING contacted Defendant KRUSE by sending him a cellphone text message concerning the business of RURAL KING.

**ANSWER:** The allegations contained in this entire Count, and

paragraph, are not asserted against CAS and therefore no response is required.

To the extent that any of the allegations in this paragraph could be construed

to be asserted against CAS, then CAS is without knowledge of same, and the

allegations are therefore denied.

12.    On June 8, 2017, the incoming text message from a RURAL KING employee and/or agent caused Defendant KRUSE to divert his attention from the roadway and traffic in front of him as he obtained his cellphone to determine the identity of the sender and to read the text message.

**ANSWER:** The allegations contained in this entire Count, and

paragraph, are not asserted against CAS and therefore no response is required.

To the extent that any of the allegations in this paragraph could be construed

to be asserted against CAS, then CAS is without knowledge of same, and the

allegations are therefore denied.

13.    On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and vehicles in front of him so as to obtain his cellphone and read the text message communication from another RURAL KING employee, Defendant KRUSE continued to drive his motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:** The allegations contained in this entire Count, and

paragraph, are not asserted against CAS and therefore no response is required.

To the extent that any of the allegations in this paragraph could be construed

DocID: 4818-6798-3516.1

to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

14.    On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008 Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

15.    On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

16.    On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

163

17.   On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA CONNER, as both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:**   The   allegations   contained   in   this   entire   Count,   and

paragraph, are not asserted against CAS and therefore no response is required.

To the extent that any of the allegations in this paragraph could be construed

to be asserted against CAS, then CAS is without knowledge of same, and the

allegations are therefore denied.

18.   On June 8, 2017, at the aforesaid location, while using his RURAL KING provided cellphone to read an incoming text message communication sent by a RURAL KING employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

**ANSWER:**   The   allegations   contained   in   this   entire   Count,   and

paragraph, are not asserted against CAS and therefore no response is required.

To the extent that any of the allegations in this paragraph could be construed

to be asserted against CAS, then CAS is without knowledge of same, and the

allegations are therefore denied.

19.   On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

**ANSWER:**   The   allegations   contained   in   this   entire   Count,   and

paragraph, are not asserted against CAS and therefore no response is required.

To the extent that any of the allegations in this paragraph could be construed

to be asserted against CAS, then CAS is without knowledge of same, and the

allegations are therefore denied.

DocID: 4818-6798-3516.1

20.    At the time and place aforesaid, the airbag and related component parts, in the aforementioned 2008 Chevrolet Cobalt, failed to activate and/or deploy.

**ANSWER:** The allegations contained in this entire Count, and

paragraph, are not asserted against CAS and therefore no response is required.

To the extent that any of the allegations in this paragraph could be construed

to be asserted against CAS, then CAS is without knowledge of same, and the

allegations are therefore denied.

21.    On and before June 8, 2017, Defendant, GENERAL MOTORS, was negligent in one or more of the following respects since General Motors:

    a.    designed, manufactured, distributed, sold and provided the 2008 Chevrolet Cobalt with an airbag and related crash protection system that were unsafe, unsuitable and dangerous for use on said Cobalt;

    b.    designed, manufactured, distributed and sold the 2008 Chevrolet Cobalt with inadequate and unsafe standards of crash-worthiness, and without taking proper and sufficient precautions to ensure sufficient and accurate deployment of airbags;

    c.    failed to provide purchasers with adequate, sufficient, accurate and proper warnings and information concerning the unsafe, unstable, and dangerous conditions of the 2008 Chevrolet Cobalt;

    d.    failed to properly test, monitor and inspect the condition of the 2008 Chevrolet Cobalt airbag and/or crash protection system to ensure that it was safe, suitable, and appropriate for use on the roadway;

    e.    designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt without conducting limits testing;

    f.    designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt without complying with Defendant, GENERAL MOTOR'S own internal guidelines and standards for design and testing of vehicles, airbags, and crash protection systems;

    g.    Defendant, GENERAL MOTORS, failed to implement design changes that GENERAL MOTOR'S own engineers knew were

necessary to render the 2008 Chevrolet Cobalt safe for use during foreseeable operating conditions;

h. Defendant failed to modify the design of the airbag and crash protection system in the 2008 Chevrolet Cobalt after Defendants knew or should have known of the dangerous conditions inherent in the design;

i. Defendant failed to issue proper warnings, reminders and instructions for owners and passengers of 2008 Chevrolet Cobalt vehicles as to the operation of the airbag and crash protection system, after Defendants knew or should have known of the dangerous and unsafe design of their airbag and crash protection system;

j. Defendant failed to properly notify, warn and instruct occupants of the 2008 Chevrolet Cobalt vehicle on the inadequate airbag protection provided to drivers during foreseeable vehicle maneuvers, including front end collisions;

k. Defendant equipped the 2008 Chevrolet Cobalt with an airbag and crash protection system that had a design, including activation and deployment sensors and devices, that provided completely inadequate crash protection to an occupant;

l. Defendant failed to properly test the airbag and crash protection system under foreseeable operating conditions, including front end collisions;

m. Failed to equip its vehicle with a proper, safe and functioning crash sensing system;

n. Equipped its Chevrolet Cobalt with a faulty ignition system that caused loss of power to crash sensing devices during foreseeable collision events;

o. Failed to ensure that its frontal airbags would activate and deploy even after the Chevrolet Cobalt experienced a rear end collision event;

p. Equipped its vehicle with a crash sensing system that did not function properly after the Chevrolet Cobalt experienced a rear end collision event;

q. Failed to ensure that the crash sensing device and airbag system in its Chevrolet would function properly under all foreseeable crash scenarios;

166

r.    Failed to equip its Chevrolet Cobalt with a proper restraint system, seat belts and seat belt pretensioners so as to protect all vehicle occupants;

s.    Failed to equip its Chevrolet Cobalt with a restraint system, seat belts and seat belt pretensioners that would function properly during all foreseeable crash scenarios, and in the event of a loss of vehicle power during a crash; and,

t.    was otherwise negligent.

**ANSWER:** The allegations contained in this entire Count, and paragraph, including all subparts, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

22.    As a proximate result of one or more of the aforementioned negligent acts and/or omissions, CAITLIN B. CONNER, a minor, sustained injuries of a personal, permanent and pecuniary nature that resulted in her death on June 8, 2017.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

23.    As a proximate result of the injuries sustained by CAITLIN B. CONNER, her parents MATTHEW CONNER and AMANDA CONNER became obligated for the medical expenses incurred for treatment of said injuries pursuant to 750 ILCS 65/15.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed

DocID: 4818-6798-3516.1

to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

WHEREFORE, MATTHEW CONNER and AMANDA CONNER, as parents of CAITLIN CONNER, Deceased, demand judgment against Defendant GENERAL MOTORS, LLC and GENERAL MOTORS COMPANY, and each of them, in an amount in excess of the jurisdictional limits of the Circuit Court of Champaign County, Illinois.

**ANSWER:** CAS denies the allegations set forth in the WHEREFORE Paragraph of Plaintiffs' Complaint, except in so far as Plaintiffs allege the amount alleged in controversy is in excess of the jurisdictional limits of the Circuit Court of Champaign County, and further denies that Plaintiffs are entitled to any relief whatsoever, whether at law or equity against CAS.

### Count XX

### Lily A. Lawrence

### Family Expense Act

### General Motors

Plaintiff, AMANDA CONNER, as mother and next friend of LILY A. LAWRENCE, a minor, by and through her attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendant, GENERAL MOTORS, LLC and GENERAL MOTORS COMPANY, (hereinafter collectively, "GENERAL MOTORS"), states as follows:

1.     On and before June 8, 2017, Defendant, GENERAL MOTORS, was engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling motor vehicles, including a 2008 Chevrolet Cobalt, and its component parts, owned by Plaintiff, DEBRA J. CONNER and bearing vehicle identification number 1G1AL58F487225759.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed

DocID: 4818-6798-3516.1

to be asserted against CAS, then CAS is without knowledge of same, and the

allegations are therefore denied.

2. On and before June 8, 2017, Defendant, GENERAL MOTORS, engaged in the business of designing, manufacturing, engineering, testing, marketing, distributing and selling motor vehicles in and throughout Champaign County and Cook County, Illinois, and maintained the office of its registered agent at CT Corporation System, 208 S. LaSalle Street, Chicago, Illinois 60604.

**ANSWER:** The allegations contained in this entire Count, and

paragraph, are not asserted against CAS and therefore no response is required.

To the extent that any of the allegations in this paragraph could be construed

to be asserted against CAS, then CAS is without knowledge of same, and the

allegations are therefore denied.

3. Prior to June 8, 2017, the aforesaid 2008 Chevrolet Cobalt, and its component parts, including its airbag system and crash sensing devices, were designed, manufactured, engineered, tested, marketed, distributed and sold by Defendant, GENERAL MOTORS.

**ANSWER:** The allegations contained in this entire Count, and

paragraph, are not asserted against CAS and therefore no response is required.

To the extent that any of the allegations in this paragraph could be construed

to be asserted against CAS, then CAS is without knowledge of same, and the

allegations are therefore denied.

4. On and before June 8, 2017, Defendant, GENERAL MOTORS, had a duty to exercise ordinary care to ensure that the aforesaid 2008 Chevrolet Cobalt, and its component parts, were not designed, manufactured, engineered, tested, marketed, distributed and sold so as to be in an unsafe condition.

**ANSWER:** The allegations contained in this entire Count, and

paragraph, are not asserted against CAS and therefore no response is required.

DocID: 4818-6798-3516.1

To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

5.    On and before June 8, 2017, Interstate 57 generally ran in north and south directions through Champaign County Illinois.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

6.    On and before June 8, 2017, Defendant RURAL KING was a retail farm and home supply business and regularly conducted business in and throughout Champaign County, Illinois.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

7.    On and before June 8, 2017, Defendant STEVEN R. KRUSE, was an employee and/or agent of RURAL KING.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

DocID: 4818-6798-3516.1

8.    One [sic] June 8, 2017, Defendant KRUSE owned, operated, managed, maintained and controlled a 2000 Jeep Grand Cherokee Laredo motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

9.    On and before June 8, 2017, Defendant RURAL KING had provided an electronic communication device, commonly known as a cellphone to its employee and/or agent, Defendant STEVEN R. KRUSE.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

10.   On June 8, 2017, Defendant KRUSE had his RURAL KING provided cellphone with him and activated as he drove southbound on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

11.   On June 8, 2017, another employee and/or agent of RURAL KING contacted Defendant KRUSE by sending him a cellphone text message concerning the business of RURAL KING.

DocID: 4818-6798-3516.1

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

12.    On June 8, 2017, the incoming text message from a RURAL KING employee and/or agent caused Defendant KRUSE to divert his attention from the roadway and traffic in front of him as he obtained his cellphone to determine the identity of the sender and to read the text message.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

13.    On June 8, 2017, while Defendant KRUSE took his eyes off the roadway and vehicles in front of him so as to obtain his cellphone and read the text message communication from another RURAL KING employee, Defendant KRUSE continued to drive his motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

14.    On June 8, 2017, Plaintiff DEBRA J. CONNER was operating her 2008 Chevrolet Cobalt motor vehicle in a southbound direction on Interstate 57 at or near .52 miles north of Milepost 237.

DocID: 4818-6798-3516.1

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

15. On June 8, 2017, Decedent CAITLIN B. CONNER, 10 years of age, was a passenger in the backseat of the Chevrolet Cobalt vehicle being driven by DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

16. On June 8, 2017, LILY A. LAWRENCE, 13 years of age, was a passenger in the front seat of the Chevrolet Cobalt motor vehicle driven by Plaintiff DEBRA J. CONNER on southbound Interstate 57 at the aforesaid location.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

17. On June 8, 2017, Defendant KRUSE operated a Jeep Grand Cherokee Laredo motor vehicle behind the Chevrolet Cobalt vehicle driven by Plaintiff DEBRA CONNER, as both vehicles traveled southbound on Interstate 57 at or near .52 miles north of Milepost 237.

DocID: 4818-6798-3516.1

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

18.    On June 8, 2017, at the aforesaid location, while using his RURAL KING provided cellphone to read an incoming text message communication sent by a RURAL KING employee and/or agent, Defendant STEVEN R. KRUSE diverted his attention from the roadway and the vehicles in front of him, and drove his Jeep motor vehicle into the rear end of the Chevrolet Cobalt vehicle driven by Plaintiff, DEBRA J. CONNER.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

19.    On June 8, 2017, when Defendant KRUSE crashed into the rear end of Plaintiff DEBRA J. CONNER's Chevrolet Cobalt vehicle, Defendant forced DEBRA J. CONNER's Chevrolet Cobalt vehicle to be pushed into the back of a semi tractor trailer truck.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

20.    At the time and place aforesaid, the airbag and related component parts, in the aforementioned 2008 Chevrolet Cobalt, failed to activate and/or deploy.

DocID: 4818-6798-3516.1

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

21. On and before June 8, 2017, Defendant General Motors was negligent in one or more of the following respects since General Motors:

a. designed, manufactured, distributed, sold and provided the 2008 Chevrolet Cobalt with an airbag and related crash protection system that were unsafe, unsuitable and dangerous for use on said Cobalt;

b. designed, manufactured, distributed and sold the 2008 Chevrolet Cobalt with inadequate and unsafe standards of crash-worthiness, and without taking proper and sufficient precautions to ensure sufficient and accurate deployment of airbags;

c. failed to provide purchasers with adequate, sufficient, accurate and proper warnings and information concerning the unsafe, unstable, and dangerous conditions of the 2008 Chevrolet Cobalt;

d. failed to properly test, monitor and inspect the condition of the 2008 Chevrolet Cobalt airbag and/or crash protection system to ensure that it was safe, suitable, and appropriate for use on the roadway;

e. designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt without conducting limits testing;

f. designed, manufactured, assembled and sold the 2008 Chevrolet Cobalt without complying with Defendant, GENERAL MOTOR's own internal guidelines and standards for design and testing of vehicles, airbags, and crash protection systems;

g. Defendant, GENERAL MOTORS, failed to implement design changes that GENERAL MOTOR'S own engineers knew were necessary to render the 2008 Chevrolet Cobalt safe for use during foreseeable operating conditions;

h. Defendant failed to modify the design of the airbag and crash protection system in the 2008 Chevrolet Cobalt after Defendants

DocID: 4818-6798-3516.1

knew or should have known of the dangerous conditions inherent in the design;

i.   Defendant failed to issue proper warnings, reminders and instructions for owners and passengers of 2008 Chevrolet Cobalt vehicles as to the operation of the airbag and crash protection system, after Defendants knew or should have known of the dangerous and unsafe design of their airbag and crash protection system;

j.   Defendant failed to properly notify, warn and instruct occupants of the 2008 Chevrolet Cobalt vehicle on the inadequate airbag protection provided to drivers during foreseeable vehicle maneuvers, including front end collisions;

k.   Defendant equipped the 2008 Chevrolet Cobalt with an airbag and crash protection system that had a design, including activation and deployment sensors and devices, that provided completely inadequate crash protection to an occupant;

1.   Defendant failed to properly test the airbag and crash protection system under foreseeable operating conditions, including front end collisions;

m.   Failed to equip its vehicle with a proper, safe and functioning crash sensing system;

n.   Equipped its Chevrolet Cobalt with a faulty ignition system that caused loss of power to crash sensing devices during foreseeable collision events;

o.   Failed to ensure that its frontal airbags would activate and deploy even after the Chevrolet Cobalt experienced a rear end collision event;

p.   Equipped its vehicle with a crash sensing system that did not function properly after the Chevrolet Cobalt experienced a rear end collision event;

q.   Failed to ensure that the crash sensing device and airbag system in its Chevrolet would function properly under all foreseeable crash scenarios;

r.   Failed to equip its Chevrolet Cobalt with a proper restraint system, seat belts and seat belt pretensioners so as to protect all vehicle occupants;

DocID: 4818-6798-3516.1

s. Failed to equip its Chevrolet Cobalt with a restraint system, seat belts and seat belt pretensioners that would function properly during all foreseeable crash scenarios, and in the event of a loss of vehicle power during a crash; and,

t. was otherwise negligent.

**ANSWER:** The allegations contained in this entire Count, and paragraph, including all subparts, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

22. As a proximate result of one or more of the aforesaid negligent acts and/or omissions, Plaintiff, LILY A. CONNER, sustained injuries of a personal and pecuniary nature.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

23. As a proximate result of the injuries sustained by LILY A. LAWRENCE, her parents MATTHEW CONNER and AMANDA CONNER became obligated for the medical expenses incurred for treatment of said injuries pursuant to 750 ILCS 65/15.

**ANSWER:** The allegations contained in this entire Count, and paragraph, are not asserted against CAS and therefore no response is required. To the extent that any of the allegations in this paragraph could be construed to be asserted against CAS, then CAS is without knowledge of same, and the allegations are therefore denied.

DocID: 4818-6798-3516.1

WHEREFORE, Plaintiff, AMANDA CONNER, mother and next friend of LILY A. LAWRENCE, a minor, demands judgment against Defendants, GENERAL MOTORS, LLC and GENERAL MOTORS COMPANY, in an amount in excess of the jurisdictional limits of the Circuit Court of Champaign County, Illinois.

**ANSWER:** CAS denies the allegations set forth in the WHEREFORE Paragraph of Plaintiffs' Complaint, except in so far as Plaintiffs allege the amount alleged in controversy is in excess of the jurisdictional limits of the Circuit Court of Champaign County, and further denies that Plaintiffs are entitled to any relief whatsoever, whether at law or equity against CAS.

### AFFIRMATIVE DEFENSES AND OTHER DEFENSES

CAS hereby gives notice that it is without sufficient knowledge or information to form a belief as to certain allegations contained in Plaintiffs' Complaint.  Until CAS avails itself of its rights of discovery, it cannot determine which, if any, of the following defenses will be asserted at trial.  These defenses are pleaded in order to preserve CAS's right to assert them at trial and to give notice of its intention to assert these defenses and to avoid a waiver of any defenses.

### First Affirmative Defense

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

If Plaintiffs and Plaintiff's decedent sustained any damages as alleged, which is specifically denied, said damages were caused and/or contributed to by Plaintiffs' or Plaintiff's decedent's own negligence, fault, misuse or abuse of

178

the subject product, and/or assumption of the risk. Accordingly, Plaintiffs are barred from recovery pursuant to 735 ILCS 5/2-1116. If Plaintiffs are found to be less than 50% at fault, then said acts diminish recovery herein in an amount based upon Plaintiffs' and Plaintiff's decedent's relative degree of fault.

## Third Affirmative Defense

CAS states that, at all relevant times, 735 ILCS 5/2-1117 was in full force and effect.  In the event that the jury determines that there was some liability on the part of CAS, which CAS specifically denies, and further finds that its fault is less than 25% of the total fault attributable to the defendants sued by the Plaintiffs, and any third party defendants who could have been sued by the Plaintiffs, any judgment entered in favor of Plaintiffs and against CAS must reflect joint and several liability for all past and future medical and medically related expenses, but only severally liable for any other damages.

## Fourth Affirmative Defense

If any liability is found on the part of CAS, and judgment is entered against it on Plaintiffs' Complaint, then CAS shall be entitled to a set off in a sum equal to any amounts paid to Plaintiffs, pursuant to any settlement entered into with any other allegedly culpable party, or because of a judgment entered in favor of Plaintiffs and against any other alleged culpable party.

## Fifth Affirmative Defense

All or part of Plaintiffs' claims against CAS may be barred in whole or in part by the applicable statutes of limitations or repose, including the statute of

179

limitations set forth in 740 ILCS 180/2, 735 ILCS 5/13-202, 735 ILCS 5/13-213, or any other applicable statute of limitations.

**Sixth Affirmative Defense**

If Plaintiffs and Plaintiff's decedent has been injured, no injury being admitted, such injuries were not caused by any airbag component supplied by CAS.

**Seventh Affirmative Defense**

Plaintiffs' alleged damages were directly and proximately caused by the intervening or superseding acts of negligence of Plaintiffs and/or others over who CAS exercises no control and for whose conduct CAS bears no responsibility.

**Eighth Affirmative Defense**

Plaintiffs have failed to mitigate the damages which it may have sustained, if any, and all of which are expressly denied. Plaintiffs' recovery, if any, should be reduced to the extent that it failed to mitigate damages.

**Ninth Affirmative Defense**

Plaintiffs' claims against CAS are barred in whole or in party by the doctrine of laches, waiver, estoppel, unclean hands, unjust enrichment, and/or any other equitable doctrine.

**Tenth Affirmative Defense**

To the extent Plaintiffs failed to maintain or preserve the 2008 Chevrolet Cobalt, bearing the vehicle identification number 1GL1AL58F487225759, including any airbag components supplied by CAS installed at the time of the

180

2017 incident in their immediate post-event condition, Plaintiffs are precluded from maintaining an action against CAS based on their loss, alteration, destruction, or spoliation of evidence.

### Eleventh Affirmative Defense

If CAS manufactured and/or supplied any airbag component for the 2008 Chevrolet Cobalt bearing the vehicle identification number 1GL1AL58F487225759, the airbag component was designed, manufactured and delivered in accordance and consistent with all applicable industry standards and federal, state and/or local statutes, ordinances, rules and regulations, and was free of any defect.

### Twelfth Affirmative Defense

If CAS manufactured and/or supplied any airbag component for the 2008 Chevrolet Cobalt bearing the vehicle identification number 1GL1AL58F487225759, Plaintiffs are barred from recovery herein because the component supplied by CAS was designed and manufactured in a manner consistent with the then existing state of scientific and industrial knowledge and art at the time it was placed into the stream of commerce and, as a result, was not defective in any manner.

### Thirteenth Affirmative Defense

Any affirmative defenses pleaded by the other defendants and not pleaded by CAS are hereby incorporated herein to the extent they do not conflict with CAS's affirmative defenses.

DocID: 4818-6798-3516.1

CAS expressly reserves the right to plead any additional affirmative defenses as may become appropriate and/or necessary.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendant Continental Automotive Systems, Inc. respectfully requests that Plaintiffs' Complaint be dismissed in its entirety, with prejudice, and that Continental Automotive Systems, Inc. be awarded its costs and attorneys' fees and expenses in connection with Plaintiffs' lawsuit, and any other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Continental Automotive Systems, Inc. demands trial by jury on all counts and all affirmative defenses.

Dated: July 17, 2019                    Respectfully submitted,

**HUSCH BLACKWELL LLP**

By: _/s/ Melissa M. Merlin_
One of its attorneys

Melissa M. Merlin, IL ARDC # 6302227
E-mail: melissa.merlin@huschblackwell.com
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
Telephone:  314.480.1500
Facsimile:  314.480.1505

*Attorney for Defendant Continental Automotive Systems, Inc. (improperly named and sued as "Continental Automotive Systems US, Inc., individually and as successor to Siemens AG")*

DocID: 4818-6798-3516.1

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing Defendant Continental Automotive System, Inc.'s Answer and Affirmative Defenses to Plaintiffs' Complaint at Law was filed via the Court's electronic filing system on this 17th day of July, 2019

Richard F. Burke, Jr.
Kristofer S. Riddle
Clifford Law Offices, P.C.
120 North LaSalle St.
Suite 3100
Chicago, IL  60602

*Attorneys for Plaintiffs*

Jennifer Warner
Dykema Gossett PLLC
10 South Wacker Drive
Suite 2300
Chicago, Illinois 60606

*Attorney for General Motors LLC*

_/s/ Melissa M. Merlin_____

DocID: 4818-6798-3516.1